LAW OFFICES OF BRIAN SILBER, P.A.
Brian Silber (Pro Hac Vice Application Pending)
916 South Andrews Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 462-3636
Email: silberlaw@gmail.com

THE LENTZ LAW FIRM, P.C.
Jacek W. Lentz (State Bar No. 213198)
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Telephone: (213) 250 - 9200
Facsimile: (888) 571 – 5591
Email: jwl@lentzlawfirm.com

Attorneys for Movant
Tenant-4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br><br>U.S. PRIVATE VAULTS INC.,<br>California Corporate Number C3405297,<br><br>　　　　　Defendant. | Case No. 21-CR-00106-MCS<br><br>**MOTION BY TENANT-4 FOR LEAVE TO PROCEED ANONYMOUSLY**<br><br>Date: ~~TBD~~ June 7, 2021<br>Time: ~~TBD~~ 3:00 p.m.<br><br>Hon. Mark C. Scarsi |

TO THE HONORABLE COURT AND THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that on the date and time indicated above, or as soon as the matter may be heard, MOVANT TENANT-4 ("Tenant-4") will, and hereby does, respectfully move this Court through the undersigned counsel, for an order for

leave to proceed anonymously in the instant case. In support thereof, Tenant-4 states as follows:

1. The instant motion is filed contemporaneously with Tenant-4's Motion for Return of Property filed pursuant to *Rule 41(g), FRCrP*. That motion is incorporated herein by reference.

2. Tenant-4 is not party to the instant action and merely appears for the brief and narrow purpose of seeking *Rule 41(g)* relief.

3. In the Ninth Circuit, parties are permitted to use pseudonyms in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (using pseudonyms in opinion because appellant, a prison inmate, "faced a serious risk of bodily harm" if his role as a government witness were disclosed); see also *Madison School Dist.*, 147 F.3d at 834 n.1 (stating that plaintiff filed case as "Jane Doe" because she feared retaliation by the community).

4. For instance, in *United States v. Doe*, 488 F.3d 1154 (9th Cir. 2007), a person accused of possession of child pornography was permitted to appear anonymously to avoid the public stigma of being an accused sex offender. In *Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990 (N.D. Cal. 2015), exotic dancers were permitted to appear anonymously in a lawsuit against their employer to protect them from the embarrassment of being identified as adult entertainers. In *Doe v. Penzato* (N.D.Cal. May 13, 2011, No. CV10-5154 MEJ) 2011 U.S.Dist.LEXIS 51681, the plaintiff, a victim of sexual battery, was permitted to appear anonymously because she lived at a group home for victims of sexual battery and argued that her identity should be protected to maintain the safety of all residents.

5.   Tenant-4 does not want her/his identity, good name, reputation, or character irreparably impugned by being associated with the allegations made in the indictment in this case. Tenant-4 does not want her/his name or other personal information exposed to third parties, the general public, or be forever memorialized in the court record, on the internet, in social media, or in government files where they will persist forever.

6.   Additionally, Tenant-4 does not want to expose her/himself to irreparable victimization as a result of having her/his identity exposed. For instance, Tenant-1 does not want her/his name or personal information to become the subject of any discovery obligation incurred by the government in **any case**.

7.   Because the indictment contains very serious allegations of drug trafficking and other offenses, Tenant-4 does not want her/his security to be compromised because her/his identity or personal information was exposed. Additionally, Tenant-4 does not want to broadcast her/his financial worth to the world by publicly coming forward as doing so would expose Tenant-4 to victimization and vexatious litigation.

8.   The only way to avoid a duty to disclosure of such information is to keep it out of the out of the public record and the government's possession. To the extent the government may already have some of Tenant-4's identifiable information, Tenant-4 wishes to minimize that breach and contain it – not add to it.

9.   Maintaining Tenant-4's anonymity is necessary to prevent irreparable harm to her/his safety, reputation, good name, financial interest, and her/his right to live free of harassment or retaliation.

10.   Given the peculiar nature of this case, the government does not have a strong enough interest that justifies exposing Tenant-4's identity. First, Tenant-4 is not a party to this case and only appears for the limited purpose of seeking *Rule 41(g)* relief. Second, the only relevance Tenant-4's identity may have to adjudicating the

requested *Rule 41(g)* relief concerns the Court's assessment of Tenant-4's standing. Once standing is established, the burden shifts to the government to prove there is probable cause and no violation of due process.

11.     However, as was explained in Tenant-4's *Rule 41(g)* motion, identity does not establish standing in this particular case because USPV did not maintain records of customer identity. The only way to conclusively determine standing is for a tenant to provide an accurate description of the contents of their box(es). Separately, a tenant could establish standing by presenting the keys that open each claimed box. Since identity does not prove or negate standing, the government's interest is limited to inspecting Tenant-4's descriptions and keys, which can be accomplished without exposing Tenant-4's identity or other information. Therefore, protecting Tenant-4's privacy outweighs the public and government interest in knowing it.

WHEREFORE, Tenant-3 respectfully motions this Court for leave to allow her/him to proceed anonymously in the instant case.

DATED: April 27, 2021

Respectfully submitted,

LAW OFFICES OF BRIAN SILBER

By: *[signature]*
Brian Silber
Attorneys for Movant
Tenant-4
(Pro Hac Application Pending)

DATED: April 27, 2021

Respectfully submitted,

THE LENTZ LAW FIRM, P.C.

By: _____
Jacek W. Lentz
Attorneys for Movant
Tenant-4

# PROOF OF SERVICE

I, Malgorzata A. Graves, declare as follows:

I am over the age of eighteen years, and not a party to the within case; my business address is The Lentz Law Firm, P.C., 9171 Wilshire Blvd, Suite 500, Beverly Hills, California 90210. On April 28, 2021, I served the within:

**MOTION FOR LEAVE TO PROCEED ANONYMOUSLY by TENANT-4**

in the United States District Court, Central District of California, Court Case No. 21-CR-00106-MCS, by sending a true copy thereof, as indicated and addressed as follows:

Mr. Andrew Brown
Assistant US Attorney
Office of US Attorney
Major Frauds Section
312 North Spring Street
11th Floor
Los Angeles, CA 90012-4700
[Fax: ]

[X] **(BY MAIL)** By placing such document in an envelope, with postage thereon fully prepaid for First Class Mail, for collection and mailing at 79 Forest Lake Dr., Asheville, NC 28803. I am readily familiar with the process of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **(BY PERSONAL SERVICE)** By causing such document to be delivered by hand with instructions that it be personally served.

[ ] **(BY FACSIMILE)** By placing such document for collection and transmission at the office of The Lentz Law Firm, P.C., Los Angeles, California, to the facsimile numbers listed above. I am readily familiar with the practice of The Lentz Law Firm, P.C., for collection and processing of facsimiles, said practice being that in the ordinary course of business, facsimiles are transmitted immediately after being placed for processing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on April 28, 2021, at Asheville, North Carolina.

*/s/ Malgorzata A. Graves*
Malgorzata A. Graves