TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/1785
    Facsimile: (213) 894-6269/0141
    E-mail: Andrew.Brown@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. PRIVATE VAULTS, INC.,<br>California Corporate<br>Number C3405297,<br><br>      Defendant. | Case No. 2:21-cr-00106-MCS<br><br><u>PLAINTIFF UNITED STATES OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTIONS FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) FILED BY MOVANTS TENANT-1 AND TENANT-2 [DOCKET NO. 12], TENANT - 3 [DOCKET NO. 16] AND TENANT-4 [DOCKET NO. 20]</u><br><br>Date:      June 7, 2021<br>Time:      3:00 p.m.<br>Courtroom: 7C, the Honorable<br>           Mark C. Scarsi |

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

Plaintiff United States of America ("the government") respectfully submits this memorandum of points of authorities in opposition to the motions for return of property pursuant to Fed. R. Crim. P. 41(g) filed by movants Tenant-1 and Tenant-2 (docket no. 12), Tenant-3 (docket no. 16) and Tenant-4 (docket no. 20). Because the Fed. R. Crim. P. 41(g) motions filed by movants Tenant-1 and Tenant-2, Tenant-3 and Tenant-4 (collectively, "movants") are virtually identical[1] and suffer from the same fatal defects, the government files this single opposition to the three motions.[2] For any of the reasons set forth below, movants' Fed. R. Crim. P. 41(g) motions are improper and should be denied.

/ / /

/ / /

---

[1] Docket No. 12 (Notice of Motion and Motion by Tenant-1 and Tenant-2 For Return of Property [Rule 41(g) Fed. Rules Crim. Proc.]) at 2:13-16 ("Please note that the instant motion is nearly identical to the Motions For Return of Property filed on behalf of movants Tenant-3 and tenant-4 filed contemporaneously herewith. The only difference is the name of the movant and the contents of the declarations and the exhibits thereto").

[2] The government understands that the deadline for filing the instant opposition is 14 days after movants' motion was filed April 28, 2021 (i.e., by May 12, 2021) and movants' reply brief is due 21 days after their motions were filed (i.e., by May 19, 2021). See Court's Standing Order For Civil Cases ¶9b(a) (for any motion set for hearing between 35 and 70 days after the motion is filed, oppositions are due 14 days after the filing of the motion and replies are due 21 days after the filing of the motion); See Local Rule of Criminal Procedure 57-1 ("Applicability of Local Civil Rules. When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified").

1

II.

ARGUMENT

A. <u>Movants Improperly Seek The Return Of Property That The Government Does Not Seek To Forfeit In This Criminal Case</u>.

First, movants have filed Fed. R. Crim. P. 41(g) motions seeking the return of property that is not the subject matter of this criminal case. The government has indicted Defendant U.S Private Vaults, Inc. ("USPV") for violations of various criminal statutes. Docket No. 1 (indictment). Based upon the criminal statutory violations, and as reflected in the indictment's forfeiture allegations, the government seeks to forfeit the following property located at USPV: the business computers, the money counters, the nests of safety deposit boxes and keys, the digital and video surveillance and security equipment and the biometric scanners. Docket No. 1 (indictment) at pages 11-16.

Accordingly, as reflected in the indictment, the government seeks to forfeit the nests of safety deposit boxes at USPV. The government does not seek to forfeit, and the indictment does not request the forfeiture of, the contents of the safety deposit boxes. However, movants seek the return of the contents of particular safety deposit boxes, and not the safety deposit boxes that are the subject matter of the forfeiture component of the criminal case. Because the items movants seek to have returned are not the subject of the criminal forfeiture in this criminal case, movants' Fed. R. Crim. P. 41(g) motions for the return of the contents of particular safety deposit boxes are improperly filed in this criminal case.

/ / /

/ / /

1  B.  <u>Movants' Motion Would Be Premature Even If Movants Were</u>
2      <u>Seeking The Return Of Property That The Government Seeks To</u>
3      <u>Forfeit In This Criminal Case</u>.

Second, even if movants were seeking the return of property that was the subject of the criminal forfeiture in this criminal case (and as explained above they are not), movants' motion would still be improper. Case law and Fed. R. Crim. P. 32.2 (which sets forth the procedures for criminal forfeiture and third party rights) are clear that a third party seeking to assert their rights to property the government seeks to criminally forfeit cannot intervene in a criminal proceeding prior to a criminal defendant's conviction. Instead, the third party must wait until third party ancillary proceedings are initiated as part of the post-defendant conviction third party ancillary forfeiture proceedings. As the Ninth Circuit explained in <u>United States v. Lazarenko</u>, 476 F.3d 642, 648 (9th Cir. 2007):

> Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture [as to the criminal defendant] without regard to a third party's interests in the property. A preliminary order of forfeiture becomes final [as to the criminal defendant] at sentencing.
>
> [21 U.S.C.] Section 853(n) provides the process for vindicating a third party's interests in forfeited property. The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property.

(citations omitted). The Ninth Circuit went on to explain:

> A third party claiming an interest in property subject to forfeiture may not intervene in a trial or appeal of a criminal case involving the forfeiture. Nor may a third party commence an action at law or equity against the United States concerning the validity of the alleged interest after the United States files an indictment with a forfeiture allegation. Rather, a court adjudicates a third party's interest in the forfeited property in an ancillary proceeding after concluding the criminal case and entering a preliminary order of forfeiture [as to the criminal defendant].

Id. (citations omitted). Finally, the Ninth Circuit explained that after the court enters the preliminary order of forfeiture as to a criminal defendant, the government must notify the public and, within 30 days after the United States publishes notice or the third party receives notice, "whichever is earlier, the third party must petition the court for a hearing to adjudicate the validity of its alleged interest in the property." Id. (citation omitted).[3]

Therefore, even if the government were seeking forfeiture in the criminal case of the property movants' Fed. R. Crim. P. 41(g) motions seek to have returned, movants' Fed. R. Crim. P. 41(g) motions would

---

[3] Accord, United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("[21 U.S.C.] Section 853(n) is the exclusive proceeding in which third parties may claim interests in property subject to criminal forfeiture. . . . [21 U.S.C. § 853(k)] specifically bars third parties from intervening in the trial or the appeal of a criminal case to assert their interests or from bringing independent suits against the United States once an indictment alleging that the property is subject to forfeiture has been filed"); United States v. Rodgers, 2015 WL 136678, *1 (E.D. Mich. Jan. 9, 2015) ("Because Claimants have an adequate remedy at law through a [21 U.S.C.] § 853(n) proceeding, equitable relief pursuant to Rule 41(g) is not available") (citation omitted).

still be improper. Instead, any third party asserting rights to property for which the government seeks to forfeit in a criminal case, must wait to assert their grievances until after a defendant is convicted and once third party ancillary forfeiture proceedings are commenced. For this reason as well, movants' Fed. R. Crim. P. 41(g) motions should be denied.

### C. Movants Are Required To File An Independent Action To Seek Redress For Their Alleged Injuries.

Third, movants are required to file their Fed. R. Crim. P. 41(g) as an independent action. Movants must file a civil complaint or a motion for return of property (which is treated as a civil complaint in this circumstance) for return of property in a separate proceeding.

Fed. R. Crim. P. 41(g) motions are only appropriate where the return of property is sought and no criminal action seeking forfeiture of the property is pending nor have civil forfeiture proceedings against the property been instituted. See United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under former Fed. R. Crim. P. 41(e)). Because such a movant has no other available forum in which to address a grievance, the motions are treated as equitable civil actions. United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).

Ninth Circuit caselaw holds that district courts are required to treat such a Fed. R. Crim. P. 41(g) motion as a civil complaint. United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the District Court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure")

5

(citation omitted); United States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003). Once district courts treat the Fed. R. Crim. P. 41(g) motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure. These rules apply to each stage of the proceedings, the same way they would in the civil context. Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in original).

In compliance with this rule, cases have consistently applied the Federal Rules of Civil Procedure to Fed. R. Crim. P. 41(g) motions. Accordingly, courts have applied the Federal Rules of Civil Procedure to serving Fed. R. Crim. P. 41(g) motions for return of property and ruled that where, as here, the government is a respondent to a Fed. R. Crim. P. 41(g) motion (which means the government is treated as a defendant in a civil complaint), service must be effected in accordance with the complaint service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. See, e.g., Cromwell v. United States, 2013 WL 323261, *2 (N.D. Cal. Jan. 28, 2013) (Fed. R. Crim. P. 41(g) motion for return of property must be served on the government pursuant to Fed. R. Civ. P. 4 like a complaint: "the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with Rules 4(i)(1) and 12(a)(2) [of the Federal Rules of Civil Procedure]"); Tucker v. United States, 2014 WL 7506803, *1 (C.D. Cal. Dec. 15, 2014) ("this Court is obligated to ensure that the government is served in accordance with Rule 4(i) before proceeding to the merits of Plaintiffs' [Fed. R. Crim. P. 41(g)] motion") (citations omitted); In Re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743 (C.D. Cal. May 30, 2013) (same).

Accordingly, for this reason as well, movants' Fed. R. Crim. P. 41(g) motions should be denied. Each of the movants must file, in a separate new case, either a complaint or a motion for the return of property, and then properly serve their filing on the government in accordance with Fed. R. Civ. P. 4.

## III.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny the motions for return of property pursuant to Fed. R. Crim. P. 41(g) filed by movants Tenant-1 and Tenant-2 (docket no. 12), Tenant-3 (docket no. 16) and Tenant-4 (docket no. 20).

Dated: May 12, 2021                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                        /s/
                                       ANDREW BROWN
                                       MAXWELL COLL
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA