LAW OFFICES OF BRIAN SILBER, P.A.
Brian Silber (Pro Hac Vice)
916 South Andrews Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 462-3636
Email: silberlaw@gmail.com

THE LENTZ LAW FIRM, P.C.
Jacek W. Lentz (State Bar No. 213198)
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Telephone: (213) 250 - 9200
Facsimile: (888) 571 – 5591
Email: jwl@lentzlawfirm.com

Attorneys for Movants
Tenants 1 - 4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. PRIVATE VAULTS INC.,<br>California Corporate Number C3405297,<br><br>　　　　　　Defendant. | Case No. 21-CR-00106-MCS<br><br>**REPLY BY TENANTS 1 – 4 TO GOVERNMENT'S OPPOSITION TO MOTION FOR RETURN OF PROPERTY**<br><br>**[Rule 41(g) Fed. Rules Crim. Proc.]**<br><br>Date: June 7, 2021<br>Time: 3:00 p.m.<br><br>**Hon. Mark C. Scarsi** |

TENANTS 1 – 4 ("movants" or "tenants") hereby respond to the Plaintiff's United States of America (the "government") Opposition to Motion for Return of Property, as follows:

# I.

# MEMORANDUM OF POINTS AND AUTHORITIES

**A. This Presiding Criminal Court Has Unquestioned Jurisdiction Over the Seized Property And Is the Best Court to Order the Return of the Property to the Movants.**

Because a motion for return of property under Fed. Rule of Crim. Proc. 41(g) is specifically authorized by the rules of federal **criminal** procedure, the criminal court presiding over the property has clear and undisputed jurisdiction. Jurisdiction exists because the property whose return is being sought has been seized pursuant to a search warrant that led to the indictment of criminal defendants in this case, and only in this case. The question of the search warrant and the seized property is in front of this Court only.

Rule 41(g) simply permits "[a] **person** aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Rule 41(g) (emphasis added).

The rule requires a mere **motion** filed by a **person** who is aggrieved by the seizure of his/her property but who does not have to be a party to the criminal proceedings.

Contrary to the government's assertions, a court presiding over a criminal case has jurisdiction to dispose of property seized in the case, regardless whether an alternative forum or availability of a civil action exists:

> Property which is seized in a **criminal** proceeding either by **search warrant** or subpoena may be ultimately disposed of by the court in that proceeding or in a subsequent civil action. It makes for an economy of judicial effort to have the matter disposed of in the **criminal** proceeding by the judge that tried the case . . . Third, the Government argues that adequate civil remedies exist for appellant's relief. That is true. He could also bring a civil action, but, as we just noted, that **neither discharges the district court's duties nor disturbs its jurisdiction**. *United States v. Wilson* (1976) 176 U.S. App. D.C. 321 [540 F.2d 1100, 1104] (citing *In Re Brenner*, 6 F.2d 425, 426-27 (2d. Cir. 1925)) (emphasis added).

The government may not by its action or inaction destroy this Court's inherent jurisdiction over the seized property. In *United States v. Martinson* (9th Cir. 1987) 809 F.2d 1364, a case cited by the government in opposition, the court ruled:

> When a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct. The government should not at one stroke be able to deprive the citizen of a remedy and render powerless the court that could grant the remedy. Our decision in *United States v. Palmer*, 565 F.2d 1063 (9th Cir. 1977), is instructive. In *Palmer*, after the defendant was convicted of bank robbery, the government attempted to retain money seized prior to trial apparently to return it to the bank. We held that it could not.
>
> While we wholeheartedly approve the proposition that victims of crime should have compensation from the criminal, we feel that even at the cost of judicial time it is preferable to accomplish this end through traditional judicial procedures rather than to leave it to the police, state or federal, to find non-judicial ways and means by which to secure compensation from the criminal. Accordingly, we reject any claim of the United States to possession of the

money for such purpose. *Id.* at 1064-65.

> If we were to allow the government to moot a motion for return of property by giving the property away or destroying it, we would be encouraging precisely the sort of unilateral nonjudicial conduct condemned in *Palmer*. *Martinson* at 1368-1369.

"It is the historic purpose of equity to secure complete justice. The courts will be alert to adjust their remedies so as to grant the necessary relief." *Martinson* at 1367 (citing *EEOC v. General Telephone Co.*, 599 F.2d 322, 334 (9th Cir. 1979), aff'd 446 U.S. 318, 64 L. Ed. 2d 319, 100 S. Ct. 1698 (1980); see also *Schaefer v. Gunzburg*, 246 F.2d 11, 16 n.2 (9th Cir. 1957) (equity court should give final relief demanded by circumstances of the case) (quoting *Tayloe v. Merchants' Fire Ins. Co.*, 50 U.S. 390, 405, 13 L. Ed. 187 (1850)), cert. denied, 355 U.S. 831 (1957)).

### B. Movants' Motion For Return of Property Should Not Be Treated As Civil Complaints Because Here There Is A Pending Criminal Case, i.e., the Instant One.

Movants are not required to file separate equitable civil actions because there is another available forum.

In support of its claim that Rule 41(g) relief must be filed as a separate action and served pursuant to Rule 4(i) of the Fed. Rules of Civ. Proc. the government mistakenly relies on the following cases:

- U.S. v. Martinson, 809 F.2d 1364 (9th Cir. 1987)
- U.S. v. Ibrahim, 522 F.3d 1003 (9th Cir. 2008)
- U.S. v. Ritchie, 342 F.3d 903 (9th Cir. 2003)
- Cromwell v. U.S., 2013 WL323261 (NDCA 2013)
- Tucker v. U.S., 2014 WL7506803 (CDCA 2014)

- In Re $958,921, 2013 WL 3490743 (CDCA 2013)

The foregoing cases are factually and procedurally distinct and are inapplicable here because there **is** an open criminal case for movants to file their motion in - the instant one. In every single case cited by the government for the proposition that the movants should be required to file separate civil actions, **no criminal proceedings were taking place in any matter**. Every case cited by the government was either closed or a criminal case was nonexistent. In one instance, the movant filed for relief a full five (5) years after his case had closed. In those instances, it made perfect rational sense to require Rule 4(i) service because filing for relief under conditions where the government has no reason to know that it is a defendant in a legal proceeding is tantamount to filing a new action.

The government has every right to fair notice so it can defend itself. However, when one is a party in an open case, especially when that party is the case initiating plaintiff (as the government is here), due process does not require Rule 4(i) service. Instead, due process requires a lower standard of service as enumerated in Rule 5(a)(1)(D), FRCP. Unlike a claim brought out of the blue in a case that has been closed for five years, tenants filed for relief in an active, open case, where the government is the case initiating plaintiff, and wherein the government is actively receiving service of court orders, notices, and other filings, and is fully apprised and aware that at any moment something may be filed in its case.

When the government is notified by the cm/ecf system that something new has been filed, a half a dozen employees at the U.S. Attorney's Office ("USAO") or more get a copy. Moreover, USAO has long established internal methods for receiving service in paper format via U.S. Mail. In the instant case, Tenants' motions were served on counsel for the government in triplicate - via email, via cm/ecf, and in paper

format using the U.S. Mail. Consequently, the government's claim of inadequate service lacks merit.

The government should not be permitted to feign a lack of notice because it was given Rule 5 service instead of Rule 4(i) service under the conditions of this particular motion. Doing so would perpetuate the irreparable harm the government is causing every day as it continues to unlawfully deprive tenants of their property without probable cause or due process of law.

As mentioned above, to adopt the government's theory, this Court would necessarily have to ignore the plain language of Rule 41(g), which defines the procedural vehicle for relief as a mere "motion". This is a name given to Rule 41(g) relief by the United States Congress, not the undersigned attorneys.

While there are circumstances where filing a "stand alone" action is necessary because no other action is pending, filing a Rule 41(g) motion as a stand-alone is not mandatory. There are many cases where relief was granted to movants who filed in a criminal case, such as the movant in *Ritchie* where the unindicted girlfriend of a criminal defendant filed for Rule 41(g) relief in the defendant's criminal case. While she was denied by the trial court for reasons unrelated to the analysis here, the 9TH Circuit later sided with her and reversed and remanded the trial court's ruling. *Ritchie*, 342 F.3d 903.

The government cites a Ninth Circuit case *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008), for the proposition that the District Court may properly treat Rule 41(g) motion as a civil complaint. On page 5, line 26 of its opposition, the government actually states – ("**Because there were no criminal proceedings pending at the time of the filing**, the District Court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (emphasis added). This citation undermines and destroys the very proposition the government is attempting to make.

**C.     This Court's Jurisdiction Is Not Limited to Actions Where the Government Seeks Forfeiture of Property; The Rules of Criminal Forfeiture Are Irrelevant and Inapplicable To Tenants' Motions; There Is No Probable Cause to Justify Continued Deprivation.**

The government argues that the return of movants' property would be premature if they were seeking return of property that is the subject of a criminal forfeiture in the instant case. However, this argument fails for two reasons.

First, the Court should completely disregard hypothetical arguments about hypothetical facts that are not before the Court. Since the government has already conceded that it is not going to forfeit the contents of any seized box and since no forfeiture action is pending against tenants' property, any procedural argument about criminal forfeiture is completely irrelevant.

Second, the government's argument further fails because there is no probable cause to justify the continued deprivation of tenants' property. To justify continued deprivation of property pending the outcome of a criminal forfeiture count in an indictment, there must be probable cause. Since there is no probable cause, the government's hypothetical argument fails even if it were real. As the government clearly stated, the Grand Jury did **not** find probable cause for forfeiture of the **contents** of any box.

**D.     No Legitimate Interest Is Being Served If Movants Are Forced To File Their Rule 41(g) Motions As Separate Civil Actions.**

> The remedy proposed by the *Mayo* court and by the government, a separate civil action, is inadequate in light of the time and expense involved, <u>particularly where the court considering the motion already has jurisdiction over the matter.</u> *Cf. United States v. Wilson*, 176 U.S. App. D.C. 321, 540 F.2d 1100, 1104 (D.C. Cir. 1976) (<u>existence of civil

> remedies does not eliminate the court's duty and jurisdiction to return property after the government's need for its ends). Once a court of equity has asserted jurisdiction over a motion to return property, it maintains its jurisdiction as long as necessary to provide an adequate remedy to the movant.

*Martinson* at 1368.

Since this Court already has jurisdiction over the seizure that resulted in the taking of tenants' property, it also has jurisdiction to order the government to return that same property. Not to mention, the filing fees to initiate 1,000 individual new lawsuits, as the government argues should be filed, would costs innocent claimants in excess of $400,000 in filing fees just to initiate the actions ($350 filing fee + $52 administrative fee X 1,000 boxes at USPV). Filing 1,000 individual lawsuits would also burden the courts unnecessarily.

**E.  There Is No Legal or Good Faith Basis for the Government to Oppose Tenants' Motion Seeking Relief from this Court, Especially Tenant-3 (whose property has already been approved for return).**

The government seized tenants' property pursuant to an inventory search conducted in the instant case that is before this Court and which this Court has active, open jurisdiction over. The government has conceded that it is **not** forfeiting any of the contents of the seized boxes, which necessarily includes the Subject Property named in Tenants' motions. See government's Motion in Opposition, Doc. No. 27, Page 2, Lines 17-19.  There is also no reason why the government would need to retain any of this property for evidentiary purposes in its case and in any event, such a reason for continued deprivation has not been plead by the government in its motion. *Wilson* at 1104 (See footnote 5) ("once an item of property is no longer pertinent to a criminal

prosecution, the item may be returned on application to the same criminal court.") Tenants' Rule 41(g) motion is their application to this Court for return of their seized property.

As such, there is no legal or good faith basis for the government to continue to deprive tenants of their or oppose their motion seeking relief from this Court. Because the instant criminal case is pending, tenants correctly filed for relief herein. It makes absolutely no sense to file anywhere else. In the absence of probable cause or any intention of using the property as evidence in their case, the government unlawfully opposed return of Tenants' property in violation of the *4th, 5th, and 14th Amendments to the United States Constitution*. Their opposition and continued deprivation only serves to double down on their ongoing callous disregard for the property and due process rights of the innocent people whose lives they are adversely affecting.

In the same vein, the government should be barred from using Rule 4(i) as an excuse to delay return of Tenants' property. The reality is that the government's counsel, who made an appearance in this case upon initiation of the action, has already received actual service of the full contents of tenants' motion and all exhibits to which they are entitled. Nothing they are entitled to has been withheld from them. Rule 4(i) service would not give the government any more notice than it already has. Equally, Rule 5 service does not prejudice the government in any manner and would not impair their ability to respond or defend themselves herein. The only net effect of requiring Rule 4(i) service would be to perpetuate the irreparable harm suffered by Tenants and every other aggrieved party in this case by unnecessarily delaying relief for no discernable benefit. For this reason, it would be inequitable, unjust, and unconstitutional to grant the government's motion in opposition.

The remedy for a deprivation of property is not an even longer deprivation of property that is costlier, time consuming, and judicially inefficient when compared to a simple motion. There is no need to open a new case or assign an additional judge and

all of her/his court staff to adjudicate something that can be resolved with a motion before a judge <u>who already has jurisdiction</u> over the open pending matter from which the seizure at issue arises.

DATED: May 17, 2021

Respectfully submitted,

LAW OFFICES OF BRIAN SILBER

/s/ Brian Silber

By: _____
Brian Silber
Attorneys for Movants
Tenants 1 - 4

DATED: May 17, 2021

Respectfully submitted,

THE LENTZ LAW FIRM, P.C

/s/ Jacek W. Lentz

By: _____
Jacek W. Lentz
Attorneys for Movants
Tenants 1 - 4

**REPLY TO OPPOSITION TO MOTION FOR RETURN OF PROPERTY RULE 41(G) FED. RULES CRIM. PROC.** -10- S408873.1