LAW OFFICES OF BRIAN SILBER, P.A.
Brian Silber (Admitted Pro Hac Vice)
916 South Andrews Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 462-3636
Email: silberlaw@gmail.com

THE LENTZ LAW FIRM, P.C.
Jacek W. Lentz (Cal. State Bar No. 213198)
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Telephone: (213) 250 - 9200
Facsimile: (888) 571 – 5591
Email: jwl@lentzlawfirm.com

Attorneys For Movants
Tenants 1 - 4

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br><br>U.S. PRIVATE VAULTS INC.,<br>California Corporate Number C3405297,<br><br>                    Defendant. | Case No. 21-CR-00106-MCS<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RETURN PROPERTY AND MOTION TO PROCEED ANONYMOUSLY BY TENANTS 1 AND 2**<br><br>**[Rule 41(g) of FRCP]**<br><br>**Hearing Date: July 26, 2021**<br>**Time:  3:00 p.m.**<br><br>**Hon. Mark C. Scarsi** |

## I.      <u>Update on Return of Tenants' Property</u>

The government continues to oppose return of Tenant-1 and 2's property (jointly "Tenants").  However, it no longer opposes return of Tenant-3's and Tenant-4's

property. Tenant-3 is scheduled to pick up her/his property in the coming weeks. Tenant-4's property was returned on June 11, 2021.

## II.      Response to the Court's Request for Additional Caselaw

At the hearing on June 7, 2021, the Court requested a sample case where a Rule 41(g) was filed by anonymous claimants. However, the undersigned were not able to find such a case.

## III.     Proposed Resolution of Tenants' Motion to Proceed Anonymously

Tenants' property was seized on March 22, 2021. The continued deprivation of their property is causing them daily irreparable harm and major distress. Additionally, the government is already aware of the identity of at least one of the Tenants.  Based on these facts, Tenants propose that they reveal their identities to the government while being permitted to proceed under pseudonyms in the instant case. This way, the Court's concerns about accountability in the event of future competing claims are resolved, the government's interest in learning Tenants' identities is resolved, and Tenants' need for privacy is also resolved.  Rather than invest more time on litigating the issue of anonymity, Tenants desperately wish to address the lack of probable cause as soon as possible.  On July 1, 2021, the undersigned proposed this resolution to counsel for the government and asked for his stipulation. Counsel indicated that he needs until Thursday, July 8, 2021 to respond to that request.

## IV.   <u>Tenants' Rule 41(g) Motion Was Properly Filed</u>

Because the Subject Property is currency that has already been deposited into a government bank account, it is no longer being detained as evidence. Moreover, no forfeiture proceedings are pending against the seized property.[1]

As the people from whom the seized property was seized[2], Tenants are also presumed to have a right to its return. *Martinson* at 1369. To defeat this presumption in a motion to return property, **the government has the burden of demonstrating** that the property is either contraband or subject to forfeiture. Tenants' motion challenges the government to make that demonstration:

> When the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or, as here, the government has abandoned its investigation, the burden of proof changes. **The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.** *U.S. v. Wright*,

---

[1] As of the filing of this memorandum, no administrative or judicial forfeiture action is pending against the seized property. While the FBI initiated administrative forfeiture proceedings after Tenants' motions were filed, those proceedings terminated on June 6, 2021 when a claim was filed. *U.S. v. Barnes* (9th Cir. 2016) 647 F.App'x 820 citing *Malladi Drugs v. Tandy* (2009) 384 U.S.App.D.C. 232 [552 F.3d 885] (filing a claim terminates administrative forfeiture.)

[2] Tenants can prove they are the persons from whom the property was seized by presenting both keys to their box, the correct box number that corresponds to those keys, a description of the contents of the box, and an identification of the box's correct location within the USPV vault.

---

610 F.2d at 939-40; *Ferris v. United States*, 511 F. Supp. 795, 796 (D. Nev. 1981); see *Palmer*, 565 F.2d at 1065; see also *Mr. Lucky Messenger Service*, 587 F.2d at 17.  In such a case, the legality of the search and seizure is no longer an issue; **even if the seizure was lawful the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture."** *U.S. v. Martinson* 809 F.2d 1364 at 1369 (9TH Cir. 1987).

For property to be subject to forfeiture, there must be probable cause for its forfeiture under a federal forfeiture statute. *United States v. 493,850.00 in United States Currency*, 518 F.3d 1159 (9th Cir. 2008) Mere suspicion is insufficient. Therefore, to satisfy its burden, the government must demonstrate the existence of probable cause for forfeiture.

It should be emphasized that *Martinson* does not stand for the idea that the government can avoid a motion for return property by merely filing a complaint. Instead, emphasis must be given to the opinion's language that clearly states the government has a burden to demonstrate legitimacy by demonstrating the property is subject to forfeiture. The mere act of uploading a complaint into the court's filing system is not a demonstration of anything. The only way to demonstrate legitimacy is to demonstrate the existence of probable cause for forfeiture. If the government fails to establish a legitimate need for the property by failing to establish probable cause for forfeiture, then Tenants' motion should be granted and the property should be returned forthwith.

//

1

2

## IV.   **Conclusion**

3

4     Given that Tenants are suffering irreparable harm every day that they are

5 deprived of their property, the Court is respectfully asked to conduct a probable cause

6 inquiry or otherwise schedule such a hearing at its earliest opportunity.  Tenants and

7 the undersigned attorneys respectfully ask this Court to deny the government's

8 opposition and schedule this matter for a probable cause hearing on July 26, 2021 or at

9 the earliest available time thereafter.

10
DATED:      July 2, 2021                    Respectfully submitted,

11                                          LAW OFFICES OF BRIAN SILBER

12                                                 /s/ Brian Silber

13

14                                          By: _____

15                                                 Brian Silber
                                                   Attorneys for Claimants
16                                                 Tenants 1 - 4

17
                                            Respectfully submitted,
18
DATED:      July 2, 2021
                                            THE LENTZ LAW FIRM, P.C.
19
                                                   /s/ Jacek W. Lentz
20

21                                          By: _____
                                                   Jacek W. Lentz
22                                                 Attorneys for Claimants
                                                   Tenants 1 -
23

24

25

26

27

28