TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
        Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. PRIVATE VAULTS, INC.,<br>  California Corporate Number<br>  C3405297<br><br>    Defendant. | Case No. 2:21-CR-00106-MCS<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTIONS OF TENANTS 1 AND 2 FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) AND TO PROCEED ANONYMOUSLY AND DECLARATIONS OF JESSIE MURRAY AND VICTOR A. RODGERS**<br><br>Date:      July 26, 2021<br>Time:     3:00 p.m.<br>Courtroom: 7C, the Honorable<br>                Mark C. Scarsi |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff United States of America respectfully submits that Tenants 1 and 2's motions for return of property pursuant to Fed. R. Crim. P. 41(g) ("Rule 41(g)") and to proceed anonymously should be denied. Since the last filings in this matter on May 18, 2021 (docket no. 29), the FBI initiated administrative forfeiture proceedings on May 20, 2021 as to the contents of box number 503 that housed $400,000 that Tenants 1 and 2 seek. As a result, no other issues need be addressed because equitable jurisdiction does not lie (see Section II below). Nevertheless, should the Court conclude otherwise, denial is still proper because Tenants 1 and 2 have not shown they have standing to file their motion in and intervene in this criminal case (see Section III below). Also, even if intervention were proper, the Ninth Circuit has held that Rule 41(g) motions are governed exclusively by the Federal Rules of Civil Procedure (and not the ad hoc procedure Tenants 1 and 2 request be used) and has reversed district courts for failing to strictly follow those Rules in deciding Rule 41(g) motions (see Section IV below). Finally, even assuming intervention is proper (and it is not), the anonymity Tenants 1 and 2 seek in pursing this matter is not supported by law (see Section V below).

## II. EQUITABLE JURISDICTION DOES NOT LIE BECAUSE THE FBI'S COMMENCEMENT OF ADMINISTRATIVE FORFEITURE PROCEEDINGS PROVIDES AN ADEQUATE REMEDY AT LAW AND DIVESTS DISTRICT COURTS OF EQUITABLE JURISDICTION.

On May 20, 2021, the FBI commenced in rem administrative forfeiture proceedings on the $400,000 in box number 503. Murray Decl. ¶ 2 and Ex. A. Accordingly, equitable jurisdiction, which is precisely the type of subject matter jurisdiction Tenants 1 and 2 assert exists here, does not lie. The commencement of administrative forfeiture proceedings requires the denial of a Rule 41(g) motion.

Rather than repeat the arguments and citations the government has made in related civil cases, attached as Exhibit A to the Rodgers' declaration is the government's motion

to dismiss a complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "MTD Brief") filed July 2, 2021 in Loe v. United States, Case No. 2:21-cv-00348-RGK-MAR (docket no. 27). As shown by the MTD Brief (i) the burden of establishing subject matter (equitable) jurisdiction rests on Tenants 1 and 2 as the persons seeking to invoke it and the presumption is that courts lack subject matter jurisdiction (id. at 4:23-5:8); (ii) a factual attack on subject matter jurisdiction does not require a court to accept a complaint's (meaning a Rule 41(g) motion's) allegations as true, but rather permits courts to weigh extrinsic evidence in deciding whether the movant has discharged his burden (id. at 5:9-21); and (iii) Rule 41(g) motions seek to invoke a Court's equitable/subject matter jurisdiction and, as is consistent with the maxim that equity will provide a remedy only if the remedy at law is inadequate, Rule 41(g) equitable relief is unavailable where an adequate remedy at law exists (id. at 6:11-7:10).

Most significantly, a tremendous number of cases hold that the commencement of administrative forfeiture proceedings provides a Rule 41 movant with an adequate remedy at law, which rule has been consistently followed for over 30 years since United States v. Elias, 921 F.2d 870 (9th Cir. 1990) was decided. MTD Brief at 7:11-9:17 and 9:25-28 n.3).[1] Also, there are cases that hold and dismiss Rule 41(g) motions on the ground that forfeiture proceedings provide an adequate remedy at law to raise any claim, like the claim here, that the seizure violated the Fourth Amendment (id. at 9:18-10:23).

Tenants 1 and 2's argue that their June 6 submission of a claim to the FBI to contest the administrative forfeiture of their property (see Murray Decl. Ex. B) terminated the administrative forfeiture proceeding and allows for equitable jurisdiction. However, that is wrong; equitable jurisdiction still does not lie because the government

---

[1] There are also additional cases. See, e.g., United States v. Sperow, 2018 WL 6174706, *2 (C.D. Cal. Oct. 18, 2018) ("relief under Rule 41(g) is unavailable when property is retained by the government pursuant to . . . forfeiture [because] . . . the Rule 41(g) movant could have pursued the return of his property in the context of a judicial or administrative forfeiture proceeding brought by the seizing agency. Under those circumstances, a wholly adequate remedy at law exists and the exercise of equitable jurisdiction is inappropriate") (citations and internal quotation marks omitted).

has, under 18 U.S.C. § 983(a)(3)(A) & (B), 90 days from the FBI's receipt of a valid claim to file a judicial forfeiture action against the property (MTD Brief at 10:24-11:13).

On that point, and to reiterate here, the fact that the submission of a valid claim stops an administrative forfeiture proceeding does not change the fact that equitable jurisdiction does not lie, because Tenants 1 and 2 still have an adequate remedy at law. While the submission of a valid claim stops the administrative forfeiture proceedings,[2] it does not stop any future judicial forfeiture proceedings against the property and therefore a Rule 41(g) movant has an adequate remedy at law because the movant can raise any arguments to contest the forfeiture in the judicial action. As the court noted in United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012), in denying a Rule 41(g) motion because administrative forfeiture proceedings had been commenced, it made no difference that claimant had submitted a claim and the government had not yet filed a judicial forfeiture action, because Congress has given the government 90 days under 18 U.S.C. § 983(a)(3)(A) & (B) to decide how to proceed: by filing a judicial complaint or releasing the property. Id. at 1122. Further, if a claimant asserts he has an immediate need for property, the claimant still has an adequate remedy at law because the claimant may seek immediate return of the property by filing a hardship petition pursuant to 18 U.S.C. § 983(f). 2nd Amendment Guns, LLC, 917 F. Supp. 2d at 1122.[3]

---

[2] Once a seizing agency (like the FBI) receives a valid claim to contest the administrative forfeiture of an asset (and assuming the Tenants' claim is valid), the seizing agency suspends the administrative forfeiture proceeding as to the asset (28 C.F.R. § 8.10(e)), the seizing agency cannot issue a judgment or final decision that forfeits the asset to the government via what is known as a "declaration of administrative forfeiture" and is the equivalent of a court judgment of forfeiture in a judicial case (28 C.F.R. § 8.12), the seizing agency must refer the matter to the United States Attorney's Office (the "USAO") for the filing of an in rem judicial civil forfeiture action that names the asset as a defendant (28 C.F.R. § 8.10(e)), and the government must release the property if the USAO does not file the judicial complaint within 90 days after the seizing agency received the claim (18 U.S.C. § 983(a)(3)(A) & (B)).

[3] Tenants 1 and 2's citation to U.S. v. Barnes, 647 Fed. Appx. 820 (9th Cir. 2016) and Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy, 552 F.3d 885 (D.C. Cir. 2009) is a non-starter. Neither case deals with whether equitable jurisdiction lies, but instead with whether someone intended to submit a claim or a petition for remission in response to a forfeiture notice like the FBI's notice. That is irrelevant to the instant case, and the government does not dispute that submission of a valid claim stops administrative forfeiture proceedings, as Barnes and Malladi Drugs state or suggest in dicta.

Accordingly, Tenants 1 and 2's Rule 41(g) motion is properly denied for lack of subject matter jurisdiction, because the FBI's commencement of administrative forfeiture proceedings provides an adequate remedy at law, meaning that equitable jurisdiction does not lie and district courts are divested of jurisdiction to hear Rule 41(g) motions. This fact standing alone justifies the denial of Tenants 1 and 2's motion.

### III. TENANTS 1 AND 2 HAVE NOT SHOWN THEY HAVE STANDING TO INTERVENE IN THIS CRIMINAL CASE.

The government has not found a case specifically holding that a person cannot file a Rule 41(g) motion in a criminal case in which he or she is not a party and as to which the government is not seeking criminal forfeiture as to the property the person seeks to have returned. However, pertinent Ninth Circuit authorities regarding whether non-parties, including victims, can intervene in criminal cases and dicta from one district court decision show that Tenants 1 and 2 cannot do so.

First, Ninth Circuit caselaw reflects that Tenants 1 and 2 bear the burden of showing they have the right to file a motion in and intervene in a criminal case for which they are not a party. In denying a third party's request to intervene in a criminal case, the Ninth Circuit in United States v. Van Dyck, 866 F.3d 1130 (9th Cir. 2017) stated "[a]s a general rule, individuals lack standing to intervene in criminal prosecutions." Id. at 1133 (citing Linda R.S. v. Richard D. and Texas, 410 U.S. 614, 619 (1973), for the proposition "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Furthermore, the Ninth Circuit noted that it had reached similar conclusions in other contexts. Van Dyck, 866 F.3d at 1133 (noting that in United States v. Kovall, 857 F.3d 1060, 1069 (9th Cir. 2017), the Ninth Circuit held that a third-party victim could not appeal a restitution order, and in United States v. Mindel, 80 F.3d 394 (9th Cir. 1996), held that a beneficiary of a criminal restitution order lacked standing to appeal a restitution order). Accord, U.S. v. Gamma Tech Industries, Inc., 265 F.3d 917, 923 n.6 (9th Cir. 2001) ("[v]ictims have never had standing to appear as parties in criminal cases") (citations omitted). See also United States ex. rel. Alexander Volkhoff

4

LLC v. Janssen, 945 F.3d 1237, 1241 (9th Cir. 2020) (absent exceptional circumstances, non-parties to lawsuits cannot file appeals).

In order to support their claim that their motion is properly filed in this criminal case, Tenants 1 and 2 rely solely upon Rule 41(g)'s language that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." But victims fall in the exact same category, as they are also "aggrieved by an unlawful seizure of property or the deprivation of property," and the Ninth Circuit has specifically held that victims of fraud have standing to contest the forfeiture of assets belonging to a fraudster, even if not part of a criminal forfeiture action, because those victims are the beneficiaries of a constructive trust as to their seized assets.[4] Therefore, permitting Tenants 1 and 2 to intervene in a criminal case against someone else flatly contradicts the Ninth Circuit's holdings precluding victims from intervening in criminal cases and would allow and authorize victims to do so.

Second, Fed. R. Crim. P. 12(b)(1) provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." (Emphasis added). Accordingly, only a party can bring a pretrial motion in a

---

[4] The Ninth Circuit has held that fraud victims are beneficiaries of a constructive trust as to the seized property and, as such, have standing to contest the forfeiture of a fraudster's property. United States v. $4,224,958.57 (Boylan), 392 F.2d 1002, 1004 (9th Cir. 2004) ("It is hornbook law that, when a fraudster acquires property from a victim by fraud, the fraudster holds the property in constructive trust for the victim . . . The obligation of the fraudster is imposed by law and arises immediately with his acquisition of the proceeds of the fraud") (internal quotation marks and citations omitted); United States v. Wilson, 659 F.3d 947, 954 (9th Cir. 2011) ("[u]nder Boylan, constructive trusts arise as a matter of law at the time the fraud is perpetrated"); see also Wilson at 955 n.2.

The government often seizes property that belongs to third party victims from a fraudster who is thereafter indicted and becomes a criminal defendant charged with, for example, wire, mail or bank fraud in violation of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud) or 1344 (bank fraud). In that circumstance, the government is entitled to forfeit those funds under (1) 18 U.S.C. § 981(a)(1)(C) (providing for civil forfeiture of proceeds of violations of 18 U.S.C. § 1344 and any "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7); 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1) define specified unlawful activity to include 18 U.S.C. §§ 1341, 1343 and 1344; and 28 U.S.C. § 2461(c) provides for criminal forfeiture whenever civil forfeiture is authorized); and (2) 18 U.S.C. § 982(a)(2)(A) (providing for criminal forfeiture of property upon a defendant's conviction under 18 U.S.C. §§ 1341, 1343 or 1344).

criminal case.  Tenants 1 and 2 are not parties in the instant criminal case against the defendant US Private Vaults.  Accordingly, while Rule 41(g) provides that a person can file a "motion," Fed. R. Crim. P. 12(b)(1) limits Rule 41(g) so that only a party to a criminal case can file a pretrial motion, such as a Rule 41(g) motion, in the criminal case.

Third, the Ninth Circuit cases all state that a Rule 41(g) motion is permissible and equitable jurisdiction lies where there are no criminal proceedings <u>against the movant</u>.[5]  There is no case holding or in any suggesting that the converse is true:  namely, that when there is no criminal proceeding against the movant, the movant can intervene in a criminal case against someone else.

Fourth, there is at least one case that notes that a non-party cannot file a Rule 41(g) motion in a criminal case against someone else.  In <u>U.S. v. Bluitt</u>, 815 F. Supp. 1134 (N.D. Cal. 1992), Bluitt and 17 other defendants were indicted for federal drug crimes.  Bluitt retained attorney Dudley for his defense and transferred to attorney Dudley a Buick vehicle as a retainer to represent Bluitt in the criminal case.  The FBI seized the vehicle pursuant to a federal seizure warrant as proceeds of the drug crimes, attorney Dudley then filed a motion for return of the vehicle, and the government argued that the court lacked equitable jurisdiction because attorney Dudley was not a party in the criminal case.  The court noted "[i]f Dudley were a criminal defendant, he could file a motion for return of property pursuant to Rule 41(e)" [<u>id.</u> at 1316], which makes clear that non-party attorney Dudley could not file the motion in the pending criminal case

---

[5] <u>United States v. Kama</u>, 394 F.3d 1236, 1238 (9th Cir. 2005) ("district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending <u>against the movant</u>") (citation and internal quotation marks omitted); <u>United States v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir. 2003) (Rule 41(g) " 'motions *are treated as* proceedings in equity when there are no criminal proceedings pending against the movant' ") (quoting <u>United States v. Marolf</u>, 173 F.3d 1213, 1216 (9th Cir. 1999) (italicization in original and emphasis added); <u>Marolf</u>, 173 F.3d at 1216 ("Rule 41(e) motions are treated as proceedings in equity when there are no criminal proceedings pending against the movant") (citing <u>United States v. Martinson</u>, 809 F.2d 1364, 1366 (9th Cir. 1987); <u>Martinson</u>, 809 F.2d at 1366-67 ("[a] district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending <u>against the movant</u>") (citations omitted and emphasis added); <u>Sperow</u>, 2018 WL 6174706 at *3 (where there were no criminal proceedings against movant, "the Court construes the Rule 41(g) Petition as a civil complaint governed by the Federal Rules of Civil Procedure") (citations omitted).

against others. But the court, citing <u>Martinson</u>, then noted that equitable jurisdiction existed to hear Dudley's motion as a separate civil action (<u>Bluitt</u>, 815 F. Supp. at 1316), and also stated that "[a]s soon as [an] adequate remedy at law becomes available, this Court ceases to have equitable jurisdiction" (<u>id.</u> at 1317) (citation omitted).

The four independent reasons set forth above show that non-parties seeking to intervene in a criminal case bear the burden of proving their right to do so. Tenants 1 and 2 have not cited a single case authorizing them to intervene, while the government has cited multiple cases whose rationale shows that intervention is improper here. Therefore, for this reason as well, Tenants 1 and 2's Rule 41(g) motion should be denied.

## IV. NINTH CIRCUIT CASES HOLD THAT RULE 41(g) MOTIONS MUST BE TREATED AS COMPLAINTS AND THE FEDERAL RULES OF CIVIL PROCEDURE MUST BE APPLIED TO ALL RULE 41(g) PROCEEDINGS.

The government has shown that Tenants 1 and 2 filings of their motion in this case is entirely improper. But even assuming they could lawfully do so, courts are required to apply the Federal Rules of Civil Procedure, including the rules regarding service of complaints, and governing motions to dismiss and for summary judgment, to this matter. The procedures Tenants 1 and 2 request be applied are contrary to Ninth Circuit law.

Rule 41(g) motions are only appropriate where the return of property is sought and no criminal or civil action seeking forfeiture of the property is pending.[6] <u>United States v. $8,850</u>, 461 U.S. 555, 569-70 (1983) (recognizing such motions under Rule 41(g)'s predecessor Rule 41(e)). Because such a movant has no other available forum in which to address the movant's grievance, the motion is treated as an equitable civil action. <u>Martinson</u>, 809 F.2d at 1367.

Ninth Circuit caselaw holds that district courts are required to treat a Rule 41(g) motion as a civil complaint. <u>United States v. Ibrahim</u>, 522 F.3d 1003, 1007 (9th Cir.

---

[6] As previously noted, third parties seeking to assert their rights to property that the government seeks to forfeit in the criminal case (which is not the case here) cannot intervene in the criminal proceeding but must instead wait until third party ancillary proceedings are initiated as part of the post-defendant conviction third party ancillary forfeiture proceedings. Docket No. 27 (government's oppo. to return motion) 3:1-5:6.

7

2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); Ritchie, 342 F.3d at 907 (nothing in Ninth Circuit case law "indicates that a district court may treat a Rule 41[(g)] motion as something less than a civil complaint when there is no pending criminal proceeding").[7] Once district courts treat the motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure. **These rules apply to each stage of the proceedings, the same way they would in the civil context**." Ibrahim, 522 F.3d at 1008 (citation omitted; underlined emphasis in original and emphasis in bold added).

In Ritchie, the Ninth Circuit treated a Rule 41 motion as a complaint and the government's opposition to the motion as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted, which was converted to a Fed. R. Civ. P. 56 summary judgment motion because the government relied upon evidence beyond the complaint. Id. at 906-909. See also Ibrahim, 522 F.3d at 1007 (discussing Ritchie). The Ninth Circuit noted in Ibrahim that the district court should have treated the government's opposition as a motion to dismiss, converted it to a summary judgment motion if the matter could not be decided on the pleadings, and if the court could not grant the government's summary judgment motion, then "the court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure." Id. at 1008. The Court then noted that the district court "erred because it improperly converted Ibrahim's motion for return of property into a motion for summary judgment, and then decided the issue in an ad hoc proceeding, under a preponderance of the evidence

---

[7] District courts within this Circuit consistently follow this rule. See, e.g., In re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743, *2 (C.D. Cal. May 30, 2013) ("[a]ll pertinent authority indicates that a Rule 41(g) motion must be treated as a civil complaint. Accordingly, the Federal Rules of Civil Procedure apply")(emphasis in original); Cromwell v. United States, 2013 WL 323261, *2 (N.D. Cal. Jan. 28, 2013) ("the Ninth Circuit has made clear that, where there is no pending criminal proceeding, a Rule 41(g) motion must be considered a civil complaint and the Federal Rules of Civil Procedure are applicable"); Naranjo v. United States, 2014 WL 12591477, *2 (C.D. Cal. Jan. 3, 2014) ("[w]hen there are no criminal proceedings pending against the movant, a Rule 41(g) motion is treated as a civil complaint") (citation omitted).

standard." Id. The Ninth Circuit explained that the district court, however, was required to determine the matter under summary judgment standards and not the ad hoc preponderance of the evidence standard the district court had employed. Accordingly, the Ninth Circuit "reverse[d] the district court's summary judgment, and remand[ed] for further proceedings consistent with the Federal Rules of Civil Procedure." Id.

The Ninth Circuit applied the same analysis in Kardoh v. United States, 572 F.3d 697 (9th Cir. 2009), where the Ninth Circuit concluded that the government's opposition to a Rule 41(g) motion "was the equivalent of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as to which the court should determine whether 'the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.' " Kardoh, 572 F.3d at 702 (citing Ibrahim, 522 F.3d at 1008 [citing Fed. R. Civ. P. 56(c)]).

Federal district courts within the Ninth Circuit have consistently followed these principles, and rule that a Rule 41(g) motion must be treated as a complaint, a summons must be issued and served, and the government must be given 60 days to respond to the motion. In sum, the case must proceed exactly like a civil case, from beginning to end.[8]

---

[8] See Fed. R. Civ. P. 4(i) and 12(a)(2) (government has 60 days to respond to served complaint); Cromwell, 2013 WL 323261 at *2 ("the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with [Fed. R. Civ. P.] 4(i)(1) and 12(a)(2)"); Tucker v. United States, 2014 WL 7506803 (C.D. Cal. Dec. 15, 2014) ("this Court is obligated to ensure that the government is served in accordance with [Fed. R. Civ. P.] 4(i) before proceeding to the merits of Plaintiffs' [Rule 41(g)] motion" [id. at *1] and continuing hearing on Rule 41(g) motion and ordering government "to file any further opposition to Plaintiff's motion within 60 days of service" [id. at *2]); In re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743 at *2 (noting that Rule 41(g) motion required government to respond "well short of the 60 days the Government has to respond to complaints. . . . The Government shall have 60 days to respond following proper service in the form of whatever answer or motion it deems appropriate") (footnote omitted).

In addition, see In the Matter of the Seizure of Funds on Deposit in Deutsche Bank, Case No. 2:15-cv-00389-ODW-VBK (docket no. 8 [60 day summons]); In re Seizure of $902,900, Case No. 2:20-cv-05396-AB-AS (docket nos. 1 [motion and complaint] and 13 [60 day summons]); AlCharihi v. United States, Case No. 2:16-cv-07391-JFW-SS (docket nos. 1 [petition for release of seized property]) and 13 [60 day summons]); Ji v. United States Department of Justice, Case No. 2:19-cv-05683-FMO-AS (docket nos. 1 [complaint] and 4 (60 day summons); related case Coe v. United

(footnote cont'd on next page)

Applying these principles to the present case, Tenants 1 and 2's Rule 41(g) motion cannot be adjudicated on an "ad hoc" basis as they suggest, as the Ninth Circuit explicitly condemned such an approach in Ibrahim, and instructed district courts to "apply the Federal Rules of Civil Procedure . . . to each stage of the proceedings, the same way they would in the civil context." Ibrahim, 522 F.3d at 1008. Accordingly, Tenants 1 and 2's motion must be treated as a complaint, a summons must be issued and the government must be given 60 days to file an answer or a Fed. R. Civ. P. 12 motion to dismiss, even if the Rule 41(g) motion was properly filed in this criminal case.

## V. TENANTS 1 AND 2 HAVE NOT DISCHARGED THEIR BURDEN OF SHOWING THAT THEY SHOULD BE ALLOWED TO LITIGATE THIS CASE USING A PSEUDONYM.

The issue of anonymity need not be reached because Tenants 1 and 2's motion should be denied on the grounds set forth above. Nonetheless, the government already knows the identity of the person who submitted the claim on June 6, 2021 to the FBI to contest the forfeiture of the $400,000 in box number 503. Murray Decl. ¶ 2 and Exs. A and B. Regardless, for the same reasons set forth in the MTD Brief, Tenants 1 and 2 have not shown they should be allowed to litigate this case using a pseudonym, and therefore should not be permitted to do so. MTD Brief 11:14-18:6.

Dated: July 12, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

States of America, Case No. 2:21-cv-03019-RGK-MAR (docket nos. 1 [complaint], 10 [60 day summons] and 35 [order setting scheduling conference]).