LAW OFFICES OF BRIAN SILBER, P.A.
Brian Silber (Admitted Pro Hac Vice)
916 South Andrews Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 462-3636
Email: silberlaw@gmail.com

THE LENTZ LAW FIRM, P.C.
Jacek W. Lentz (Cal. State Bar No. 213198)
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Telephone: (213) 250 - 9200
Facsimile: (888) 571 – 5591
Email: jwl@lentzlawfirm.com

Attorneys For Movants
Tenants 1 - 4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br><br>U.S. PRIVATE VAULTS INC.,<br>California Corporate Number C3405297,<br><br>　　　　　Defendant. | Case No. 21-CR-00106-MCS<br><br>**OPPOSITION AND OBJECTION IN LIMINE BY TENANTS 1 AND 2 TO GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Rule 41(g) of FRCP]<br><br>Hearing Date: July 26, 2021<br>Time:　3:00 p.m.<br><br>**Hon. Mark C. Scarsi** |

Movants Tenants 1 and 2 (jointly "Tenants") hereby object to the government's Supplemental Memorandum of Points and Authorities, and request the court's ruling that the memorandum is inadmissible, on the following grounds:

///

## MEMORANDUM OF POINTS AND AUTHORITIES

On April 28, 2021, Tenant-1 and Tenant-2 ("Tenants") filed their Motion for Return of Property [DN 12], Motion for Leave to Proceed Anonymously [DN 11], and Application to File Record Under Seal [DN 10]. On May 3, 2021, the Court granted Tenants' Application to File Record Under Seal [DN 22]. On May 12, 2021, the government filed its Motion in Opposition to Tenants' Motion to Return Property [DN 27] and its opposition to Tenants' Motion to Proceed Anonymously [DN 28]. On June 7, 2021, this Court conducted a hearing on all pending motions. During that hearing, the government gave oral argument against Tenants' motions wherein it articulated its position that this Court lacked jurisdiction to rule on Tenants' motions and accusing Tenants' of improperly intervening in a criminal case wherein it was not a party.

During the hearing, the Court expressed its interest in receiving more information on the issue of proceeding anonymously and asked the parties to provide the Court with a very-short brief that addresses that one issue. Even though the government had already filed a response to Tenant's motions on May 12, 2021 (DN 27, 28], it asked for the opportunity to re-brief their opposition regarding the procedural correctness of Tenants' motions. On June 7, 2021, the Court ordered the parties to brief the issue of anonymity in a Rule 41(g) motion and the correctness of filing for relief in the instant case as non-parties. **The Court specifically and clearly ordered that "[b]oth briefs are not to exceed 10 pages."** [DN 32]. Tenants dutifully adhered to the Court's order and filed a five-page brief on July 2, 2021. [DN 42].

However, taking a completely unfair advantage at Tenants expense, the government circumvented the Court's page limitation by filing an eleven (11) page brief that attached a separate twenty-five (25) page brief from another case as an exhibit [DN 43-5], as well as multiple declarations, and correspondence. [DN 43, 43-1, 43-2, 43-3, 43-4, 43-5]. Additionally, both the primary brief [DN 43] and the brief

**OPPOSITION AND OBJECTION IN LIMINE** -2-

found in the exhibits [DN 43-5] were replete with footnotes that contained extensive points and authorities that should have been drafted in the main body of the document. *Semiserve, Inc. v. Semicon Servs.*, LLC (C.D.Cal. Dec. 22, 2014, No. 8:14-cv-02009-JLS-DFM) 2014 U.S.Dist.LEXIS 198013, at *11.) ("Memoranda of points and authorities shall not exceed 25 pages. See Local Rules 11-6. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations… Parties should not use extensive footnotes as a way to avoid page limitations".) In fact, seven (7) pages of the eleven (11) page supplemental brief [DN 43] contained these footnotes. The government then filed a second supplemental brief totaling another three (3) pages. [DN 44]. In all, the government filed fourteen (14) pages of briefs and another thirty-six (36) pages of exhibits.

While the government titled its filings as "supplemental" briefs, they are really a second response of points and authorities. Pursuant to *Local Rule 11-6*, "No memorandum of points and authorities, pre-trial brief, trial brief, or post-trial brief shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge." Not only did the government circumvent the Court's order by briefing points and authorities at great length in its footnotes and exhibits, but it also circumvented L.R. 11-6 without leave of Court. At a minimum, the government should have filed a motion for leave to file an overlength brief – which Tenants would have correctly objected to as these points and authorities were waived when the government failed to make them in its initial responses filed way back on May 12, 2021. [DN 27 and 28]. Tenants are entitled to timely notice of such lengthy and complex arguments so that they may respond without incurring delayed resolution of their claim by investing additional time to research and respond to the government's claims.

Where Tenants dutifully followed the Court's order with a five (5) page brief that was succinct and to the point, the government's filings were a whopping **forty-seven** (47) pages in length that unfairly exceeded the scope and breadth of the Court's

**OPPOSITION AND OBJECTION IN LIMINE** -3-

directive. Tenants had the right to be noticed of these arguments two months ago. Tenants are actively suffering irreparable harm every single day their claim persists without resolution.

While the government cries foul about the procedure used by Tenants, it violates the procedure ordered by this Court and the procedures commanded by the Local Rules. While the government accuses Tenants of intervening without leave, it takes the liberty, *without leave*, to file an overlength brief replete with extensive misuse of exhibits and footnotes. While the government condemns Tenants' request to proceed anonymously, it uses and benefits from anonymity *in this very case* by referring to its most important witnesses as "Undercover Officer," "Confidential Informant 3," "Confidential Informant 4," "USPV Manager" and "USPV Officer."  [DN 1].

Moreover, in all forty-seven pages of the government's second response, not one word addressed the ultimate issue raised by Tenants' motion for return of property - the **legitimacy** of the continued deprivation of Tenants' property. Not one word addresses the government's burden to demonstrate that the property at issue is **legitimately** subject to forfeiture given that it is not being held for use as evidence in any proceeding. The Court is reminded that the property is currency that was deposited into a government bank account many months ago.

Because Tenants' property was seized in the instant case, this Court has jurisdiction to inquire into the propriety of the government's continued deprivation of that property for forfeiture. *United States v. Martinson* (9th Cir. 1987) 809 F.2d 1364 To conclude otherwise, the government incorrectly adopts a position that requires one to ignore the plain language of *Martinson* and the plain language of Rule 41(g). The seizure that gave rise to the deprivation of Tenants' property was born out of the instant case which this Court presides over. Tenants did not file in a random criminal case that has no nexus to the deprivation of their property. No other proceeding is more appropriate to seek return of their property than the instant one.  The burden is on the

government to demonstrate that its continued deprivation for forfeiture is **legitimate**. *Id.* Unless and until the government makes that demonstration, *which at a bare minimum requires a demonstration of the existence of probable cause for forfeiture under a federal forfeiture statute*, the government has failed to establish why Tenants are not entitled to relief in the instant case and why this Court lacks jurisdiction to grant that relief. [DN 42] *United States v. 493,850.00 in United States Currency*, 518 F.3d 1159 (9th Cir. 2008).

## CONCLUSION

Tenants and the undersigned attorneys, respectfully object to the Court's consideration of the government's briefs and exhibits filed on July 12, 2021. The briefs and exhibits should be deemed inadmissible.

DATED:   July 19, 2021

Respectfully submitted,

LAW OFFICES OF BRIAN SILBER

/s/ Brian Silber

By: _____
Brian Silber
Attorneys for Claimants
Tenants 1 - 4


DATED:   July 19, 2021

Respectfully submitted,

THE LENTZ LAW FIRM, P.C.

/s/ Jacek W. Lentz

By: _____
Jacek W. Lentz
Attorneys for Claimants
Tenants 1 - 4

OPPOSITION AND OBJECTION IN LIMINE