ORIGINAL

FILED

2021 JUL 26  PM 1:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

1  Benjamin N. Gluck - State Bar No. 203997
       bgluck@birdmarella.com
2  Nicole R. Van Dyk - State Bar No. 261646
       nvandyk@birdmarella.com
3  Naomi S. Solomon - State Bar No. 321357
       nsolomon@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Movant Michelle Friedman
8  Gerlis

9              **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11                                                        **FAXED**

12

13  | UNITED STATES OF AMERICA, | CASE NO. 21-CR-00106-MCS |

UNITED STATES OF AMERICA,

       Plaintiff,

       vs.

U.S. PRIVATE VAULTS,

       Defendant.

CASE NO. 21-CR-00106-MCS

**NOTICE OF MOTION AND MOTION TO INTERVENE AND FOR ORDER UNSEALING SEARCH WARRANT MATERIAL; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed concurrently with Declarations of Benjamin N. Gluck and Michelle Friedman Gerlis]*

Date:    August 9, 2021
Time:    3:00 p.m.
Crtrm.:  7C

Assigned to Hon. Mark C. Scarsi

3735624.3

MOTION TO INTERVENE AND FOR ORDER UNSEALING SEARCH WARRANT MATERIAL

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

2       **PLEASE TAKE NOTICE** that at on the date and time indicated above, or as soon

3  as the matter may be heard in Courtroom 7C of the above-captioned Court located at 350

4  W. 1st Street, Los Angeles, California 90012, Michelle Friedman Gerlis ("Movant") will

5  and hereby does move the Court for leave to intervene to seek an order, and for the entry

6  of an order unsealing any search or seizure warrants relied on by the Government to

7  execute the searches and seizures that took place on or around March 22, 2021, at U.S.

8  Private Vaults, located at 9182 West Olympic Blvd., Beverly Hills, CA 90212, including

9  the supporting affidavits upon with the warrants were issued.  Movant seeks this order

10  under the Court's inherent power and is entitled to this material under the First and Fourth

11  Amendments to the United States Constitution.

12       This Motion is based on this Notice, the accompanying Memorandum of Points and

13  Authorities, the concurrently filed Declarations of Benjamin N. Gluck and Michelle

14  Friedman Gerlis, all other pleadings and papers on file in this action, and such other

15  documents, oral evidence, or argument as may be presented before or at the time of the

16  hearing on this Motion and any other material of which the Court may take notice.

17

18  DATED:  July 26, 2021                    Benjamin N. Gluck
                                            Nicole R. Van Dyk
19                                           Naomi S. Solomon
                                            Bird, Marella, Boxer, Wolpert, Nessim,
20                                           Drooks, Lincenberg & Rhow, P.C.

21

22

23                                    By:      /s/ Benjamin N. Gluck
                                                Benjamin N. Gluck
24                                           Attorneys for Movant Michelle Friedman
25                                           Gerlis

26

27

28

3735624.3

MOTION TO INTERVENE AND FOR ORDER UNSEALING SEARCH WARRANT MATERIAL

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ............................................................................ 6

II.  BACKGROUND .............................................................................. 7

    A.   The Search And Seizure Of Property At USPV ............................. 7

    B.   The Government's Refusal To Unseal The Search Warrant Material ........... 7

III. ARGUMENT ................................................................................... 8

    A.   The Court Should Permit Ms. Gerlis to Intervene to Assert Her
       Constitutional Rights of Access to the Warrant Materials ..................... 8

    B.   Because The Indictment Has Been Unsealed, The Public Has A
       Presumptive Right Of Access To The Warrant Material Under The
       First Amendment ........................................................................ 9

    C.   Ms. Gerlis Is Also Entitled To A Copy Of The Warrant Materials
       Relied Upon To Search And Seize Her Property Under The Fourth
       Amendment ............................................................................ 11

IV. CONCLUSION ............................................................................. 13

1

## **TABLE OF AUTHORITIES**

2

3                                                                                                    **Page(s)**

4   **Cases**

5   *United States v. Aref,*
6       533 F.3d 72 (2d Cir. 2008)......................................................................... 8, 9

7   *United States v. Corbitt,*
8       879 F.2d 224 (7th Cir. 1989)........................................................................ 8

9   *United States v. Kott,*
       380 F. Supp. 2d 1122 (C.D. Cal. 2004) ........................................... 6, 8, 9, 11

10  *United States v. Laughner,*
11      769 F. Supp. 2d 1188 (D. Ariz. 2011)..................................................... 10, 11

12  *United States v. Oliver,*
       208 F.3d 211, 2000 WL 263954 (4th Cir. 2000) ......................................... 12
13

14  *Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon,*
       920 F.2d 1462 (9th Cir. 1990)..................................................................... 8, 9
15

16  *In re Search of Up North Plastics, Inc.,*
       940 F. Supp. 229 (D. Minn. 1996) ............................................................... 11

17  *In re Search Warrant for 2934 Anderson Morris Road,*
18      48 F. Supp. 2d 1082 (N.D. Ohio 1999)........................................................ 11

19  *In re Search Warrants Issued August 29, 1994,*
       889 F. Supp. 296 (S.D. Ohio 1995) .............................................................. 11
20

21  *In re Search Warrants Issued on April 26, 2004,*
       353 F. Supp. 2d 584 (D. Md. 2004) .............................................................. 11
22

23  *In re Searches & Seizures,*
       No. 08-SW-0361 DAD, 2008 WL 5411772 (E.D. Cal. Dec. 19, 2008) ...... 9, 11, 12, 13

24  *In the Matter of Searches of Semtex Industrial Corporation,*
25      876 F. Supp. 426 (E.D.N.Y.1995) ............................................................... 12

26  *Societe d'Equipments Internationaux Nigeria, Ltd. v. Dolarian Cap., Inc.,*
       No. 115-CV-01553-DAD-SKO, 2016 WL 4191887 (E.D. Cal. Aug. 8,
27      2016) ...................................................................................................... 11, 12

28

*Matter of Wag–Aero, Inc.*,
   796 F. Supp. 394 (E.D. Wisc. 1992) ........................................................................ 12

**Other Authorities**

U. S. Const. amend. I ........................................................................ *passim*

U. S. Const. amend. IV ........................................................................ *passim*

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## **I.**

3

## **INTRODUCTION**

4        Beginning on March 22, 2021, the Government broke open Movant Michelle

5   Friedman Gerlis's safe deposit box at U.S. Private Vaults ("USPV") and seized her

6   property, along with the property of hundreds of other individuals who rented safe deposit

7   boxes from USPV.  Since that date, counsel for Ms. Gerlis has repeatedly requested that

8   the Government provide the warrant material it relied on for its searches and seizures.  In

9   response, the Government unsealed one of two warrants that it purported to rely on—but

10   refused to unseal the second.  It also unsealed a small portion of the affidavit—but refused

11   to unseal anything else.

12        The indictment in this matter has already been unsealed.  Thus, Ms. Gerlis and the

13   public possess a presumptive right of access to the warrant material, including the

14   affidavit, under the First Amendment.  Moreover, because the Government searched and

15   seized her property, Ms. Gerlis also has a right of access to the warrant material under the

16   Fourth Amendment.  Because this Court has jurisdiction over the case involving the

17   warrant, Ms. Gerlis turns to this Court with her request that the warrant material be

18   unsealed.[1]  Accordingly, Ms. Gerlis seeks leave to intervene for the limited purpose of

19   moving to unseal the warrants and affidavit pursuant to her right of access under the First

20   and Fourth Amendments, and requests that the Court unseal the warrant material.

21

22

23

24

25
_____

[1]   Because the indictment arising from the warrant material is assigned to this Court, this

26   Court is the proper venue for Ms. Gerlis's request.  *See, e.g.*, *United States v. Kott*, 380 F.

27   Supp. 2d 1122 (C.D. Cal. 2004) (media company's request to unseal affidavit directed to
district court having jurisdiction over criminal prosecution arising from it).

28

6

## II.

## BACKGROUND

**A.    The Search And Seizure Of Property At USPV**

Since 2011, USPV has offered hundreds of private safe deposit boxes for rent at its public facility located at 9182 West Olympic Blvd. in Beverly Hills.[2]  The business was advertised by prominent signage and boasted an elaborate, detailed website setting forth the advantages of renting a safe deposit box at the facility.

Beginning on March 22, 2021, the Government executed search and seizure warrants at USPV.  Among other things, Government agents opened, "inventoried," and "inspected" the contents of each of approximately 800 individual safe deposit boxes housed at the facility.  (Declaration of Benjamin N. Gluck ("Gluck Decl.") at ¶ 2.)  Ms. Gerlis's boxes and their contents were among those opened, inspected, inventoried and seized.  (Declaration of Michelle Friedman Gerlis ("Gerlis Decl.") at ¶ 2.)

**B.    The Government's Refusal To Unseal The Search Warrant Material**

Government counsel informed undersigned counsel that the search and seizure at USPV was conducted pursuant to two separate warrants—one authorizing search and seizure for evidentiary purposes, and one authorizing search and seizure for forfeiture purposes.  (Gluck Decl. at ¶ 3.)  Despite repeated requests, the Government has refused to provide any copies of the evidentiary warrant.  (*Id.* at ¶ 3.)  Moreover, even though the affidavit discusses the manner in which the search will be conducted, the Government has refused to provide any more than a very limited excerpt of that document.  (*Id.* at ¶ 3.)  Thus, most of the warrant material remains sealed, even though the resulting indictment has been unsealed for months, and even though the Government has openly discussed its investigation of USPV, execution of the warrants, and prosecution of USPV in multiple publicly-filed court documents since March 2021.

---

[2]    *See* https://www.usprivatevaults.com.

# III.

# ARGUMENT

**A.   The Court Should Permit Ms. Gerlis to Intervene to Assert Her Constitutional Rights of Access to the Warrant Materials**

"The Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case . . . . [Nevertheless,] [f]ederal courts have authority to 'formulate procedural rules not specifically required by the Constitution or the Congress' to 'implement a remedy for violation of recognized rights.'" *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (collecting cases and quoting *United States v. Hasting*, 461 U.S. 499, 505 (1983)).  Here, Ms. Gerlis seeks to "implement a remedy for violation" of her rights to obtain a complete copy of the warrant material.[3]

Courts routinely permit third-parties to intervene in criminal cases for the limited purpose of seeking access to information.  This most commonly occurs in the context of First Amendment right-of-access claims, like Ms. Gerlis asserts here.  "Because vindication of the right of public access requires some meaningful opportunity for protest by persons other than the initial litigants, . . . a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper." *Aref*, 533 F.3d at 81; *see also United States v. Corbitt*, 879 F.2d 224, 226-27 (7th Cir. 1989); *United States v. Kott*, 380 F. Supp. 2d 1122 (C.D. Cal. 2004), *aff'd* 135 F. App'x 69 (9th Cir. 2005) (granting both media company's motion to intervene and its request to unseal affidavit in District Court exercising jurisdiction over criminal prosecution); *cf. Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1463 (9th Cir. 1990) (district court

---

[3]   Because this effort to implement a remedy relies on the authority recognized by the Supreme Court in *Hastings*, rather than on a particular procedural rule, a formal motion request to intervene is likely unnecessary.  Nevertheless, Ms. Gerlis includes a formal request to intervene out of an abundance of caution and because she seeks to avoid procedural delays that could result should the Government assert that a formal request was necessary.

1  granted newspaper and reporters' motion to intervene in criminal case to oppose motion to

2  seal plea agreement). But, as set forth in *Aref*, the right to intervene is based on the

3  "violation of recognized rights," *id.* 533 F.3d at 81, and therefore encompasses Ms.

4  Gerlis's Fourth Amendment rights as well.[4]

5        Under these circumstances, the Court should permit Ms. Gerlis to intervene in this

6  matter in order to assert her constitutional rights of access to the warrant materials. *Aref*,

7  533 F.3d at 81; *Kott*, 380 F. Supp. 2d 1122.

8  **B.**    **Because The Indictment Has Been Unsealed, The Public Has A Presumptive**

9         **Right Of Access To The Warrant Material Under The First Amendment**

10        Once a warrant has been executed and an indictment obtained, the public is

11  presumed to have a right of access to search warrant material, including supporting

12  affidavits. *See, e.g.*, *United States v. Kott*, 380 F. Supp. 2d 1122, 1123 (C.D. Cal. 2004)

13  (citing *United States v. Smith*, 776 F.2d 1104, 1112 (3rd Cit. 1985) and *In re Application of*

14  *Newsday, Inc.*, 895 F.2d 74 (2d Cir. 1990).) This presumptive right of access can be

15  defeated only by showing "an overriding right or interest, essential to preserve higher

16  values." *Kott*, 380 F. Supp. 2d at 1125 (citing *Press Enterprise v. Superior Court*, 478

17  U.S. 1 (1986).)

18        The public already has demonstrated substantial interest in—and concern about—

19  the Government's search and seizure of property at USPV.[5] In light of this demonstrated

20

---

21  [4]   As discussed further below, courts of this circuit have universally recognized that an

22  individual whose property is seized by the government has a "right of access to search
warrant materials, including the supporting affidavit, grounded in the Fourth Amendment."

23  *In re Searches & Seizures,* No. 08-SW-0361 DAD, 2008 WL 5411772, at *3 (E.D. Cal.
Dec. 19, 2008) (collecting cases).

24

25  [5]   Specifically, this case has been extensively covered by national news media, including
the Los Angeles Times, the Wall Street Journal, Reason Magazine, and CNN, to name just

26  a few examples. *See, e.g.*, *Guilty Until Proven Innocent*, Wall Street Journal, July 7, 2021,
available at  https://www.wsj.com/articles/guilty-until-proven-innocent-11625697428;

27  *Innocent Citizens Sue The FBI Over Illegal Security Deposit Box Raid*, Forbes, July 2,

28  2021, available at https://www.forbes.com/sites/institueforjustice/2021/07/02/innocent-

---

1  public interest, a First Amendment right of access attaches to the warrant material that is

2  even greater than the typical common-law right of access to court documents.  *See, e.g.*,

3  *United States v. Laughner*, 769 F. Supp. 2d 1188, at 1194-95 (D. Ariz. 2011.).  Indeed, in

4  cases receiving public attention, courts have recognized the public's interest in reviewing

5  this material:

6        [P]ublic inspection of the search warrants "will enable the public to evaluate

7        for itself whether the government's searches went too far—or did not go far

8        enough."  More broadly speaking, society has a valid and understandable

9        interest in the law enforcement system and how well it works.  Permitting

10       inspection of the search warrants, the accompanying affidavits, and the

11       property inventory will further public understanding[.]

12 *Id.*

13       In the face of this First Amendment right, the showing required to support

14 continued sealing is at its apogee: a party seeking continued sealing "must show that non-

15 disclosure 'is strictly and inescapably necessary' in order to protect [a] compelling

16 interest."  *Id.* at 1195 (quoting *Gannet Co. v. DePasquale*, 443 U.S. 368, 441 (1979).)

17 "This is a high bar, surmountable only by establishing a substantial probability that:

18 _____

19 citizens-sue-the-fbi-over-illegal-security-deposit-box-raid/?sh=337fe3d72b6a; *Judge Orders FBI To Halt Forfeiture of Cash, Jewelry From Safe Deposit Boxes*, Reason, June

20 24, 2021, available at https://reason.com/2021/06/24/judge-orders-fbi-to-halt-forfeiture-of-cash-jewelry-from-safe-deposit-boxes/; *Judge Blocks FBI From Keeping Cash, Gold And*

21 *Silver Seized In Beverly Hills Raid*, Los Angeles Times, June 23, 2021, available at

22 https://www.latimes.com/california/story/2021-06-23/fbi-beverly-hills-raid-court-blocks-confiscation; *FBI Holding On To Valuables Seized In Safe Deposit Box Raid*, CNN

23 National News Broadcast, June 12, 2021, available at
   https://www.cnn.com/videos/tv/2021/06/12/fbi-overreach-millions-seized-in-raid-on-safe-

24 deposit-boxes.cnn; *After FBI Seizure Of Safe Deposit Boxes In Beverly Hills, Legal*

25 *Challenges Mount*, Los Angeles Times, April 8, 2021, available at
   https://www.latimes.com/california/story/2021-04-08/seizure-beverly-hills-safe-deposit-

26 boxes-lawsuits.  Many, many more examples of local, national, and even international

27 media coverage can be found by searching for "U.S. Private Vaults" at
   www.news.google.com.

28

(1) disclosure will cause irreparable harm to the Defendant's fair trial rights or some other

compelling interest; (2) there is no alternative to continued secrecy that will adequately

protect the right or interest; and (3) non-disclosure will effectively protect against the

perceived harm." *Laughner*, 769 F. Supp. 2d at 1195 (collecting cases).

No such showing could be made here. To the contrary, because the unsealed

indictment in this matter already contains a detailed recitation of the allegations involving

USPV, and the Government has openly discussed its investigation and prosecution in

multiple public filings, there appears to be no basis on which to claim a need to continue

the sealing of the search warrant material in the face of the public's First Amendment

rights.[6]

**C.     Ms. Gerlis Is Also Entitled To A Copy Of The Warrant Materials Relied Upon To Search And Seize Her Property Under The Fourth Amendment**

Courts of this circuit have universally recognized that an individual whose property

is seized by the government has a "right of access to search warrant materials, including

the supporting affidavit, grounded in the Fourth Amendment." *In re Searches & Seizures*,

No. 08-SW-0361 DAD, 2008 WL 5411772, at *3 (E.D. Cal. Dec. 19, 2008) (collecting

cases)[7]; *see also Societe d'Equipments Internationaux Nigeria, Ltd. v. Dolarian Cap., Inc.*,

---

[6]   By definition, a search warrant affidavit "will, of necessity, contain detailed explanations of the suspected involvement of all persons named in the affidavit." *Kott*, 380 F. Supp. 2d at 1125. This "context" for evaluating the allegations means that any claim about the "danger of unfounded character assassination" is insufficient basis to maintain the secrecy of the documents. *Id.*

[7]   *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004) (affirming the magistrate's order and recognizing "a search subject's pre-indictment Fourth Amendment right to inspect the probable cause affidavit."); *In re Search Warrant for 2934 Anderson Morris Road*, 48 F. Supp. 2d 1082, 1083 (N.D. Ohio 1999) ("Generally, a person whose property has been seized pursuant to a search warrant has a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued."); *In re Search of Up North Plastics, Inc.*, 940 F. Supp. 229, 232 (D. Minn. 1996) (denying government's pre-indictment motion to keep in place a previously entered order sealing the affidavit in support of a search warrant); *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995)

---

11

No. 115-CV-01553-DAD-SKO, 2016 WL 4191887, at *1 (E.D. Cal. Aug. 8, 2016) (recognizing "a private right of access under the Fourth Amendment to the affidavit in support of the search warrant during the pre-indictment stage, which vests in the individual or entity whose property was seized").  That right attaches even during the "pre-indictment" phase of a case, when the need for law enforcement secrecy is at its greatest.  *In re Searches and Seizures*, 2008 WL 5411772 at *3.  Where, as here, the indictment has already been returned and unsealed, the need for sealing is eliminated – or at least greatly diminished.

As with the First Amendment analysis set forth above, once an individual establishes a Fourth Amendment right of access to the warrant materials, the burden shifts to the government to "demonstrate to the court that a compelling government interest requires the materials to be kept under seal and that there is no less restrictive means, such as redaction, capable of serving that interest." *Societe d'Equipments Internationaux Nigeria*, 2016 WL 4191887, at *2 (E.D. Cal. Aug. 8, 2016) (collecting cases); *see also In re Searches & Seizures*, 2008 WL 5411772, at *4.  The government cannot discharge its burden with "[t]he expression of . . . general and conclusory concerns, potentially present in any investigation, [which] are insufficient to meet the government's burden of demonstrating a compelling government interest in continued sealing."  *In re Searches & Seizures*, 2008 WL 5411772, at *4 (rejecting government argument that unsealing

_____

(granting a home and business owner's pre-indictment motion to unseal search warrant materials, stating "the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed"); *see also United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000) (unpublished) (recognizing a Fourth Amendment right to examine the search warrant affidavit); *In the Matter of Searches of Semtex Industrial Corporation*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995) (observing in response to a motion to unseal a warrant affidavit brought by a business that had been subject to search that such materials may not be sealed indefinitely pending the government's decision to seek an indictment); *Matter of Wag–Aero, Inc.*, 796 F. Supp. 394, 395 (E.D. Wisc. 1992) (vacating sealing order upon finding that the search target's due process rights would be violated by continued sealing of the supporting affidavit).

1 | supporting affidavits would reveal "theory of the case" and "direction of the
2 | investigation").

3 |      Here, there is no question that Ms. Gerlis is entitled to copies of the documents that
4 | the Government purported to rely on when it searched and seized the contents of her safety
5 | deposit boxes. Indeed, the law is clear that she has a constitutional right of access to them
6 | under the Fourth Amendment, including the warrant and supporting affidavit. *In re*
7 | *Searches & Seizures*, 2008 WL 5411772, at \*3. The Government has no countervailing
8 | interest at all, let alone a compelling one, that could overcome that right in light of the fact
9 | that the indictment was filed and unsealed months ago, and neither the investigation of
10 | USPV nor the warrant executed at its premises is confidential.

11 | ### IV.

12 | ### CONCLUSION

13 |      Despite unsealing the indictment in this matter, the Government has not moved to
14 | unseal all of the warrants and the supporting affidavit(s). Ms. Gerlis seeks to vindicate her
15 | (and the public's) First Amendment rights and her Fourth Amendment rights to access all
16 | of the search warrant materials, including all relevant warrants, affidavits, and inventories.
17 | She respectfully requests that this Court permit her to intervene and order unsealed all such
18 | documents related to the searches and seizures at U.S. Private Vaults.

19 | DATED: July 26, 2021                Respectfully Submitted,

20 | 
21 |                             Benjamin N. Gluck
22 |                             Nicole R. Van Dyk
23 |                             Naomi S. Solomon
                            Bird, Marella, Boxer, Wolpert, Nessim,
                            Drooks, Lincenberg & Rhow, P.C.

24 | 
25 |                      By:       */s/ Benjamin N. Gluck*
26 |                             Benjamin N. Gluck
27 |                             Attorneys for Movant Michelle Friedman
                            Gerlis

28 |

3735624.3

MOTION TO INTERVENE AND FOR ORDER UNSEALING SEARCH WARRANT MATERIAL

1                            **PROOF OF SERVICE**

2                   ***United States v. U.S. Private Vaults***
                      **Case No. 21-CR-00106-MCS**

3

4  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

        At the time of service, I was over 18 years of age and not a party to this action. I

5  am employed in the County of Los Angeles, State of California. My business address is
  1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

6
        On July 26, 2021, I served the following document(s) described as **NOTICE OF**

7  **MOTION AND MOTION TO INTERVENE AND FOR ORDER UNSEALING**
  **SEARCH WARRANT MATERIAL; MEMORANDUM OF POINTS AND**

8  **AUTHORITIES** on the interested parties in this action as follows:

9                 **SEE ATTACHED SERVICE LIST**

10        **BY MAIL:** By placing a true copy thereof in sealed envelopes addressed to the
   parties listed on the attached Service List and causing them to be deposited in the mail at

11  Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I
  am readily familiar with our firm's practice of collection and processing correspondence

12  for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary
  course of business. I am aware that on motion of party served, service is presumed invalid

13  if postal cancellation date or postage meter date is more than one day after date of deposit
  for mailing affidavit.

14
        **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s)

15  to be sent from e-mail address aeastman@birdmarella.com to the persons at the e-mail
  addresses listed in the Service List. I did not receive, within a reasonable time after the

16  transmission, any electronic message or other indication that the transmission was
  unsuccessful.

17
        **BY MESSENGER SERVICE:** I caused the documents to be served by placing

18  them in an envelope or package addressed to the persons at the addresses listed on the
  Service List and providing them to a professional messenger service for service.

19
        I declare under penalty of perjury under the laws of the State of California that the

20  foregoing is true and correct.

21         Executed on July 26, 2021, at Los Angeles, California.

22

23

24                                 Alicia L. Eastman

25

26

27

28

1

**SERVICE LIST**
*United States v. U.S. Private Vaults*
**Case No. 21-CR-00106-MCS**

2

3

**VIA U.S. MAIL AND E-MAIL**

4

5   Andrew Brown
    Maxwell K. Coll
6   Victor A. Rodgers
    United States Attorney's Office
7   312 North Spring Street, 11th Floor
    Los Angeles, CA  90012
8   Telephone: (213) 894-0102
    Email: andrew.brown@usdoj.gov
9   Email: Maxwell.Coll@usdoj.gov
    Email: Victor.Rodgers@usdoj.gov
    **Counsel for the United States of America**

Jacek W. Lentz
Lentz Law Firm PC
9171 Wilshire Boulevard, Suite 500
Beverly Hills, CA  90210
Telephone: (213) 250-9200
Email: jwl@lentzlawfirm.com
**Counsel for Movants Tenants 1, 2, 3 and 4**

10

11   Brian Y. Silber
     Law Offices of Brian Silber, P.A.
12   916 South Andrews Avenue
     Fort Lauderdale, FL 33316
13   Telephone: (954) 462-3636
     Email: silberlaw@gmail.com
14   **Counsel for Movants Tenants 1, 2, 3 and 4**

15   **VIA MESSENGER**

16   Andrew Brown
     United States Attorney's Office
17   312 North Spring Street, 11th Floor
     Los Angeles, CA  90012
18   Telephone: (213) 894-0102
     Email: andrew.brown@usdoj.gov
19   **Counsel for the United States of America**

20

21

22

23

24

25

26

27

28

3735624 3

15

MOTION TO INTERVENE AND FOR ORDER UNSEALING SEARCH WARRANT MATERIAL