# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | July 16, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Request for Preliminary Injunction

## I.   INTRODUCTION

On June 9, 2021, Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearsons, Michael Storc, and Travis May filed a first amended complaint, ("FAC") (ECF No. 33), against the United States of America, acting United States Attorney Tracy L. Wilkison, and assistant Director of the FBI Kristi Koons Johnson (collectively, "Defendants" or "the Government"). Plaintiffs allege claims for Return of Property pursuant to Federal Rule of Criminal Procedure Rule 41(g) and for violation of Plaintiffs' rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiffs' claims arise from the Government's seizure and search of Plaintiffs' personal property located in safe deposit boxes on the premises of non-party US Private Vaults. Plaintiffs seek to represent a class of "[a]ll renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure." (FAC ¶ 14).

On June 22, 2021, the Court issued a temporary restraining order ("TRO") which, among other things, enjoined the Government from forfeiting the property of Plaintiffs Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May. (*See* TRO, ECF No. 52). The Court also ordered the Government to show cause in writing as to why a preliminary injunction should not issue on the same terms described in the TRO. Having read and considered the Government's Response, (Response, ECF No. 55), and Plaintiffs' Reply thereto, (Reply, ECF No. 56), the Court determines that Plaintiffs Joseph Ruiz and Travis May are entitled to entry of a preliminary injunction, but Jeni Verdon-Pearsons and Michael Storc are not. Accordingly, for the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' request for a preliminary injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | July 16, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

## II. FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are drawn from Plaintiffs' FAC.

United States Private Vaults ("USPV") is a California corporation that operates a safe-deposit-box facility in Beverly Hills. USPV's Beverly Hills facility houses over 800 safe deposit boxes.

Jeni Verdon-Pearsons ("Verdon-Pearsons") and Michael Storc ("Storc") are a married couple who rented a safe deposit box from USPV in which they placed silver and about $2,000 in cash, as well as various personal documents.

Joseph Ruiz ("Ruiz") rented a safe deposit box from USPV in which he placed approximately $57,000 in cash—money that Ruiz relies on to pay his living and medical expenses.

Travis May ("May") rented a safe deposit box at USPV in which he placed gold and approximately $63,000 in cash.

On March 22, 2021, the FBI raided USPV and seized the contents of hundreds of safe deposit boxes, including those rented by Plaintiffs. After the FBI seizure on March 22, Plaintiffs all filed claims with the FBI to retrieve their seized property. The Government, however, has not returned Plaintiffs' property, but has instead indicated that it is seeking to forfeit their property.

Specifically, the Government has notified lawyers for USPV that it intends to forfeit the property of many USPV box-holders, including Plaintiffs'. Additionally, the Government sent individualized notices of its intent to forfeit property to some box-holders, including Verdon-Pearsons, Storc, and May. Plaintiffs do not allege that Ruiz has received a similar individualized notice.

On May 20, 2021, the FBI initiated an administrative forfeiture proceeding by issuing a "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings" and an attached list of assets seized from USPV's premises that the Government seeks to forfeit, (together, "the FBI Notice"). The FBI Notice states that the Government is seeking to forfeit the $57,000 in cash seized from Ruiz's safe deposit box, the gold and over $63,000 in cash seized from May's safe deposit box, and the silver seized from Verdon-Pearsons and Storc's safe deposit box.

On June 22, 2021, the Court found that the notices sent to Verdon-Pearsons, Storc, and May were deficient, and issued a TRO which provided that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | July 16, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

- Defendants are enjoined from civilly forfeiting property based on the inadequate forfeiture notices sent to Jeni Verdon-Pearsons on May 21, 2021, to Michael Storc on May 21, 2021, and to Travis May on May 20, 2021;

- Defendants are further enjoined from civilly forfeiting the property of Jeni Verdon-Pearsons, Michael Storc, Travis May, and Joseph Ruiz without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceedings.

(TRO at 7).

### III. JUDICIAL STANDARD

The purpose of a preliminary injunction is generally to preserve the status quo pending a judgment on the merits. *Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "When the government is a party, the last two factors (equities and public interest) merge." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668 (9th Cir. 2021) (citation omitted). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### IV. DISCUSSION

#### A. Plaintiffs' Request for a Preliminary Injunction

Having read and considered the Government's Response to the TRO, (ECF No. 55), the Court determines that the Government has failed to show cause as to why Plaintiffs May and Ruiz are not entitled to entry of a preliminary injunction on the same terms as the TRO.

However, the Court is convinced that Verdon-Pearsons and Storc are not entitled to entry of a preliminary injunction at this time. It is undisputed that on June 9, 2021, Verdon-Pearsons and Storc submitted a claim to the FBI which stopped the administrative forfeiture proceeding as to their property. (Response at 5); (Reply at 4). The function of a preliminary injunction is to preserve the status quo

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | July 16, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

pending a judgment on the merits. *Am. Broad. Companies, Inc.*, 747 F.2d at 514. Here, by submitting a claim to the FBI, Verdon-Pearsons and Storc halted the administrative forfeiture proceeding as to their property and triggered the Government's 90-day clock to either (1) file a judicial forfeiture proceeding, or (2) return the property to Verdon-Pearsons and Storc. *See* 18 U.S.C. § 983(a)(3)(A) & (B). Accordingly, the status quo with respect to Verdon-Pearsons and Storc's property will now be maintained until the Government returns the property or files a judicial forfeiture action and prosecutes that action to completion. Because Verdon-Pearsons and Storc make no showing that their property faces any immediate threat of forfeiture, the Court declines to preliminarily enjoin the Government from forfeiting Verdon-Pearsons and Storc's property at this juncture.

### B. Scope of the Preliminary Injunction

Plaintiffs urge the Court to preliminarily enjoin the Government "from civilly forfeiting property seized from safe deposit boxes at U.S. Private Vaults without first sending forfeiture notices that identify the specific factual and legal basis for the government's determination to commence civil forfeiture proceedings." (Pls.' Proposed Order to Show Cause and Temporary Restraining Order at 3–4, ECF No. 14-4). The Court declines to issue a preliminary injunction pertaining to the rights of USPV boxholders that did not move for a preliminary injunction. *See California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (holding that the scope of an injunctive "remedy must be no broader and no narrower than necessary to redress the injury shown by the [moving party].").

In the alternative, Plaintiffs request that the Court provisionally certify a class of:

> All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; (c) whose property is now the subject of a purported administrative forfeiture proceeding; and (d) whose property is still in the possession of the federal government.

(TRO Application at 19–20). The Court declines to do so because Plaintiffs have failed to satisfy the requirements of Rule 23, including Rule 23(a)(1)'s numerosity requirement. *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members."). Here, Plaintiffs make no showing as to the numerosity of the putative class.

May and Ruiz, however, have demonstrated that they are entitled to a preliminary injunction on the same terms and for the same reasons stated in the TRO issued on June 22, 2021, (ECF No. 55). The Court therefore **GRANTS** a preliminary injunction in favor of May and Ruiz as follows:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | July 16, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

- Defendants are enjoined from civilly forfeiting property based on the inadequate forfeiture notice sent to Travis May on May 20, 2021;

- Defendants are further enjoined from civilly forfeiting the property of Travis May and Joseph Ruiz without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceedings;

- As the Court is satisfied that no party will wrongfully suffer costs or damages due to the terms this preliminary injunction, it does not require Plaintiffs to post a bond in security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

- Plaintiffs shall serve a copy of this Order on all Defendants within one day of its issuance.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' request for a preliminary injunction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____