UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>US PRIVATE VAULTS INC.,<br>California Corporate Number<br>C3405297,<br><br>　　　　　Defendant. | Case No. 21-cr-00106-MCS<br><br>**ORDER DENYING MOTIONS FOR RETURN OF PROPERTY [12, 16, 20] AND MOTIONS FOR LEAVE TO PROCEED ANONYMOUSLY [11, 15, 19]** |

　　　US Private Vaults, Inc. ("USPV") rents safety deposit boxes in Beverly Hills, California to hundreds of customers. USPV does not maintain keys to its boxes or collect customers' typical personal identifying information. To access a box, a customer must pass through a biometric scanner and then use one of two identical keys provided to the customer when the box is first rented. Following a grand jury indictment, law enforcement seized all boxes at USPV.

　　　Before the Court are motions for return of property under Federal Rule of Criminal Procedure ("Rule") 41(g) and motions to proceed anonymously brought by

individuals proceeding under fictitious names. Tenant-1 and Tenant-2 claim to be owners of the seized contents of USPV safe deposit box No. 503. *See* Mot. by Tenant-1 and Tenant-2 for Return of Property ("Return Mot."), ECF No. 12; *see also* Mot. by Tenant-1 and Tenant-2 for Leave to Proceed Anonymously ("Anon. Mot."), ECF No. 11. Tenant-1 and Tenant-2 filed under seal an alleged inventory of box No. 503's contents and evidence that they possess that box's keys. *See* Tenant-1 and Tenant-2 Decl., ECF No. 12.

The Court held oral arguments and took the matter under submission. Motions brought by Tenant-3 and Tenant-4 (ECF Nos. 15-16, 19-20) are **DENIED *as moot*** pursuant to counsel's request to withdraw those motions. Tenant-1's and Tenant-2's Motion to Proceed Anonymously is **DENIED**. Tenant-1's and Tenant-2's Motion for Return of Property is **DENIED *without prejudice*** because Tenant-1 and Tenant-2 fail to establish standing to seek their requested relief under Rule 41(g).

To establish standing under Rule 41(g) in this instance, Tenant-1 and Tenant 2 must make a threshold showing that they "owned or possessed the seized property at the time of the seizure…" *United States v. Cella*, 568 F.2d 1266, 1280 (9th Cir. 1977) (citations omitted). Tenant-1 and Tenant-2 argue that they "can prove a possessory interest in the" seized property by "accurately providing their box number in conjunction with a description of its contents, the size of the box, and its location within the vault. Separately, Tenants can prove standing by presenting the two keys that open their box." *See* Return Mot. ¶¶ 42-43. According to Tenant-1 and Tenant-2, "[i]dentity is irrelevant to assessing standing here because it is inconclusive due to the lack of customer records at USPV." *Id.* At the June 6, 2021 hearing, the Court voiced its concern with respect to releasing property to anonymous claimants given the possibility of future competing claims and that anonymous claimants in this case or future cases could claim property on behalf of actual owners hesitant to publicly claim seized property. *See* ECF No. 32. The Court thus ordered the tenants "to provide authority whereby a court granted a motion filed by an anonymous non-party" under Rule 41(g).

*Id.* The tenants confirmed, as did the Court, that returning property to Tenant-1 and Tenant-2 under Rule 41(g) without requiring disclosure of their identities would be unprecedented. *See* Tenants' Supp. Br. 2, ECF No. 40. In light of this confirmation, Tenant-1 and Tenant-2 have signaled willingness to reveal their identities insofar as it facilitates return of their alleged property. *Id.* The Court appreciates this matter's unique obstacles with respect to establishing standing, but must decline the tenants' invitation to make new law by releasing property to anonymous non-parties under Rule 41(g).

The Court finds that Tenant-1 and Tenant-2 fail to establish standing to seek their requested relief under Rule 41(g) and are not entitled to proceed anonymously. Tenant-1 and Tenant-2 may renew their Rule 41(g) motion using their true identities.

**IT IS SO ORDERED.**

Dated: August 3, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE