1  LAW OFFICES OF BRIAN SILBER, P.A.
   Brian Silber (Pro Hac Vice)
2  916 South Andrews Avenue
   Fort Lauderdale, FL 33316
3  Telephone: (954) 462-3636
   Email: silberlaw@gmail.com
4

5  THE LENTZ LAW FIRM, P.C.
   Jacek W. Lentz (State Bar No. 213198)
6  9171 Wilshire Blvd., Suite 500
   Beverly Hills, CA 90210
7  Telephone: (213) 250 - 9200
   Facsimile: (888) 571 – 5591
8  Email: jwl@lentzlawfirm.com

9  Attorneys for
   All Movants Listed Below
10

11                    UNITED STATES DISTRICT COURT
12
                      CENTRAL DISTRICT OF CALIFORNIA
13

14
   UNITED STATES OF AMERICA,          Case No. 21-CR-00106-MCS
15
                        Plaintiff,    **NOTICE OF MOTION AND**
16                                     **MOTION FOR RETURN OF**
          v.                           **PROPERTY BY MOVANTS LISTED**
17                                     **BELOW**

18                                     **[Rule 41(g) Fed. Rules Crim. Proc.]**

19  U.S. PRIVATE VAULTS INC.,
    California Corporate Number C3405297,
20                                     **Date:  September 20, 2021**
                        Defendant.     **Time:  3 p.m.**
21                                     **Department: 7C**

22                                     **Hon. Mark C. Scarsi**

23

24  TO THE HONORABLE COURT AND THE OFFICE OF THE UNITED STATES

25  ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA:

26       PLEASE TAKE NOTICE that on the date and time indicated above, or as soon

27  as the matter may be heard, all Movants listed and identified below ("Movants") will,

28

and hereby do, respectfully move this Court through the undersigned counsel for an order for return of their property, to wit, contents of safe deposit boxes described in Movants' declarations included herein as Exhibit "A" (the "Subject Property") seized between March 22 – 26, 2021 in Beverly Hills, California from a facility known as U.S. Private Vaults, Inc. ("USPV").

This motion will be made pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and the 4TH, 5TH, and 14TH Amendments to the United States Constitution, other authority named below, and the equitable jurisdiction of the Court.

This motion will be based on this notice, the memorandum of points and authorities that will be submitted prior to the hearing, the complete files and records of this action, and the argument of counsel and evidence presented at the time of the hearing of this motion.

The Movants and their USPV boxes are as follows:

| | | |
|---|---|---|
| Alexander, Hania | - | Box No. 5212 |
| | | [jointly with Luba Alexander and Ethan Grosz] |
| Alexander, Luba | - | Box No. 5212 |
| | | [jointly with Hania Alexander and Ethan Grosz] |
| Arom, Marion | - | Box No. 4107 |
| Boyd, Terra | - | Box No. 7627 |
| Briquet, Fiona | - | Box No. 1302 |
| Casimir, Malia | - | Box No. 6 |
| Cerritos, Mario | - | Box No. 48 |
| Chavez, Salome | - | Box No. 2001 |
| Cohen, Ziv | - | Box No. 4901 |
| | | [jointly with Kimberly Duttle] |
| Cohen, David | - | Box No. 321 |

| | | | |
|---|---|---|---|
| 1 | Couch, Kareem | - | Box No. 702 |
| 2 | Dadon, Ariel | - | Box No. 3602 |
| 3 | Duttle, Kimberly | - | Box No. 4901 |
| 4 | | | [jointly with Ziv Cohen] |
| 5 | Fiore, Robert | - | Box No. 7720 |
| 6 | Fujimoto, Drake | - | Box No. 130 |
| 7 | Grigoryan, Tigran | - | Box No. 901 |
| 8 | | | [jointly with Anahit Petrosyan] |
| 9 | Goldgeier, Amit | - | Box No. 809 |
| 10 | Grosz, Ethan | - | Box No. 5212 |
| 11 | | | [jointly with Hania and Luba Alexander] |
| 12 | Jernigan, Cameron | - | Box No. 7619 |
| 13 | Kolbina, Iuliia | - | Box No. 2512 |
| 14 | Kraiem, Avi | - | Box No. 8005 |
| 15 | Lams, Jordan | - | Box Nos. 7802, 7913 |
| 16 | Mannan, Metu | - | Box No. 2004 |
| 17 | Marroquin, Emerald | - | Box. No. 3600 |
| 18 | Menaker, Stanley | - | Box No. 331 |
| 19 | Mokhtar, Ahmed | - | Box No. 8211 |
| 20 | Murillo-Mendez, M. | - | Box No. 3201 |
| 21 | Petrosyan, Anahit | - | Box No. 901 |
| 22 | | | [jointly with Tigran Grigoryan] |
| 23 | Rudak, Marek | - | Box No. 5409 |
| 24 | Saddique, Hassib | - | Box No. 1803 |
| 25 | Sauser, Kathryn | - | Box No. 2206 |
| 26 | Sassone, Charles | - | Box. No. 7920 |
| 27 | Town, Gaylord | - | Box No. 2100 |
| 28 | | | |

DATED:    August 16, 2021                    Respectfully submitted,

                                             LAW OFFICES OF BRIAN SILBER


                                                 /s/ Brian Silber

                                             By: _____
                                                 Brian Silber
                                                 Pro Hac Vice
                                                 Attorneys for
                                                 All Movants Listed Above


DATED:    August 16, 2021                    Respectfully submitted,

                                             THE LENTZ LAW FIRM, P.C.



                                             By: _____
                                                 Jacek W. Lentz
                                                 Attorneys for
                                                 All Movants Listed Above

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Despite the government's overstated claims about criminal activity at USPV, it has no probable cause to justify the continued deprivation of Movants' property. See Search Warrant Application attached herein as Exhibit "B." For instance, in all 120 pages of the government's search warrant application, there is no information that involves or concerns any of the Movants or their property. *Id.* No Movant is named and no article of the Subject Property is identified. *Id.* While the warrant application lodges specific criminal accusations against specific people at specific times, there is no mention of anything specific against any Movant or any article of the Subject Property. There was also no mention of any evidence that establishes a nexus between the Subject Property and any illegal act or omission that would give rise to forfeiture under a federal forfeiture statute. At best, these documents broadly describe circumstances that are *merely suspicious* insofar as Movants and their property is concerned, but they do not rise to the level of probable cause.

> The government has probable cause to institute a forfeiture action when it has 'reasonable grounds to believe that the property was related to an illegal drug transaction, **supported by less than prima facie proof but more than mere suspicion.**' *U.S. v. One Parcel of Real Prop.*, 904 F.2d at 490-91. Probable cause to believe that the property is involved in *some* illegal activity is <u>not enough</u>--the government must have probable cause to believe that the property is involved in the activity subject <u>to the specific forfeiture statute it invokes.</u>" *United States v. $191,910*, 16 F.3d at 1071. Probable cause may only be based upon information gathered <u>before</u> the complaint was filed. Id.
>
> *U.S. v. 493,850.00 in U.S. Currency* (9th Cir. 2008) 518 F.3d 1159, 1169.

Some Movants became USPV customers in response to the pandemic and the 2020 riots, both of which prompted a run on safety deposit boxes in the Los Angeles area. During this time, USPV acquired legitimate customers because it had boxes available for rent whereas banks often did not. Many people went to USPV for no reason other than box availability. Those who chose USPV were also impressed with its high-tech security features, biometric scanners, heat and motion sensors, 24/7 ADT video monitoring, and 24/7 armed-security response. Legitimate customers were also reassured by USPV's stated policy of running drug detection dogs through the vault every so often to look for illegal substances and remove criminal tenants. They also took USPV's membership in the Beverly Hills Chamber of Commerce as sign of legitimacy and respectability. Other customers went to USPV because it was the first result on a google maps search for "safety deposit boxes near me". Yet others chose USPV because it offered up to $500,000 in insurance whereas banks only offered $500 for safety deposit boxes. Most USPV customers appreciated more than one of these qualities when deciding to rent a box.

Despite the government's condemnation of USPV, no federal or state law prohibits the operation of an anonymous private safe deposit vault in the State of California or the Central District of California. USPV may have misused its lawful business for unlawful purposes, but that does not make the underlying business of renting private safe deposit boxes illegal in the controlling jurisdictions. USPV is not a bank nor is it a financial institution and it had no duty to follow any laws regulating banking or financial institutions. USPV is nothing more than a fancy version of the coin operated lockers found in bowling alleys, bus stations, ice skating rinks, and county jails across the country.

It is also not illegal to be a customer of a private vault, nor is it illegal to secure property there. It is also not illegal to be rich and possess a lot of money. It is not illegal to possess United States Currency, precious metals, or collectible coins no

matter the quantity.  Having a lot or having more than average is not a crime nor does it establish probable cause for forfeiture under federal law.

Despite the existence of a multitude of legitimate reasons for using USPV, the government fixates on the bad deeds committed by a limited number of people.  The circumstances at USPV simply do not rise to the level of probable cause to seize the Subject Property for forfeiture.  In the absence of probable cause, this Court should order the prompt return of Movants' property through the undersigned counsel, forthwith.

## II.

## RELEVANT FACTS

Movants are persons who are aggrieved by the unlawful continued deprivation of their property by the federal government. Their property, the "Subject Property", was seized by federal law enforcement, pursuant to an inventory search, on March 22, 2021, at 9182 W. Olympic Boulevard, Beverly Hills, California, in the Central District of California. See Declarations attached herein under Exhibit "A."  Even though law enforcement's search ended on March 26, 2021, the government refuses to return Movants' property because it baselessly claims the property is subject to forfeiture. The ongoing deprivation of the Subject Property is without probable cause and violates the 4th Amendment to the U.S. Constitution.  Movants are suffering irreparable harm every day the deprivation persists.[1]

---

[1] The deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 911( 9th Cir. 2014) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976)).

1       Despite <u>multiple requests</u> to return property, the government callously

2  disregards Movants' property rights by persisting in the unlawful seizure of the Subject

3  Property without probable cause.  In one example, the undersigned attorneys contacted

4  the government, including the FBI, to request return of specific pieces of antique

5  Indian jewelry that were seized from Box 2004, rented by Metu Mannan ("Mannan").

6  The jewelry is immediately identifiable as an antique with great cultural value by its

7  appearance.

8       This jewelry has great sentimental value to Mannan because it was handed down

9  by her grandmother in India to her mother and then to her.  This precious jewelry

10  crossed multiple continents and oceans to safely make it to America.  In October 2019,

11  after keeping the jewelry safe at home for decades, Mannan's mother gave Mannan the

12  jewelry as part of her inheritance just before dying from complications due to

13  Coronavirus and a brain tumor.  Mannan later secured the antique Indian jewelry and

14  precious metals she inherited from her mother in Box 2004.

15       The undersigned has advised the government of these circumstances and has

16  asked them to return Mannan's antique Indian jewelry multiple times – but without a

17  response.  Despite its actual knowledge of these circumstances the government

18  continues to callously ignore Mannan and continues to seize her antique Indian jewelry

19  despite having no lawful basis to do so.  Worst of all, it does so with the actual

20  knowledge that these items are of great sentimental and cultural importance to

21  Mannan.

22       The Subject Property, including Mannan's antique Indian jewelry, was seized

23  pursuant to a Grand Jury's indictment of USPV in the instant case.  [Dkt No. 1].  In its

24  indictment, the Grand Jury found probable cause for forfeiture of USPV's safety

25  deposit boxes (and other property not relevant to this motion) but **made no findings as**

26  **to the contents** of any of the boxes including the Subject Property. *Id.*   The Subject

27  Property represents the contents of specific boxes rented by Movants.  Based on the

28

1   Grand Jury's indictment, federal law enforcement applied for and obtained a warrant to

2   search and seize USPV's safety deposit boxes and other USPV property named in the

3   indictment.  See Exhibit "B," Search Warrant Application.  Consistent with the

4   indictment, the contents of the safety deposit boxes (including the Subject Property)

5   were **not** the target of the warrant.  On the contrary, the contents of each box

6   (including the Subject Property) were seized pursuant to an **inventory search** when

7   the warrant was executed.

8        To lawfully seize property for the purpose of forfeiture under federal law, the

9   government must have probable cause to believe that the property is involved in

10   activity that renders it subject forfeiture under a specific forfeiture statute.  *U.S. v.*

11   *493,850.00 in U.S. Currency*, 518 F.3d 1159, 1169 (9th Cir. 2008), quoting *U.S. v. One*

12   *Parcel of Real Prop.*, 904 F.2d at 490-91 and *United States v. $191,910*, 16 F.3d at

13   1071. See also *Melrose East Subdivision*, 357 F.3d 493, 504 (5th Cir. 2004). However,

14   no such probable cause exists for any of Movants' property.

15        There are no criminal proceedings pending against any Movant and no forfeiture

16   proceedings are pending against any of the Subject Property.[2]  The Subject property is

17   not contraband nor is it subject to forfeiture under any federal forfeiture statute.

18        The Subject Property is comprised of currency, jewelry, precious metals,

19   collectible coins, and other valuables.  The currency portion of the Subject Property

---

[2] In May 2021, the FBI initiated administrative forfeiture proceedings by sending notices of seizure to each Movant. However, these proceedings terminated when Movants filed claims for their property. *U.S. v. Barnes* (9th Cir. 2016) 647 F.App'x 820 citing *Malladi Drugs v. Tandy* (2009) 384 U.S.App.D.C. 232 [552 F.3d 885] (filing a claim terminates administrative forfeiture.) Judicial forfeiture proceedings are initiated upon the filing of a verified complaint for forfeiture. *United States v. 80,180.00 in United States Currency* (9th Cir. 2002) 303 F.3d 1182, 1185.), ("A judicial forfeiture proceeding is commenced when the government files a civil complaint."). See also *Rule 3, FRCP* ("A civil action is commenced by filing a complaint with the court."). As of the filing of the instant motion, no complaint has been filed. Therefore, judicial forfeiture proceedings have not yet commenced.

1  was deposited by the government into a bank account following the seizure and has

2  irretrievably reentered circulation.  The remaining property is being stored by the

3  government at a secure FBI facility.  The Subject Property is not being held for

4  evidence.  The government claims the property is subject to forfeiture even though

5  there is no probable cause for forfeiture.[3]  It should be emphasized that Movants are

6  unindicted, uninvolved, innocent third parties that have absolutely nothing to do with

7  the criminal conduct that allegedly transpired at USPV.

8

## III.

## STANDING

11

12  As shown in the declarations in Exhibit "A," each Movant is identified herein by

13  his/her name and each has a possessory and ownership interest in the Subject Property

14  which consists of the contents of their respective boxes.  Each Movant can unlock the

15  lock to their boxes with keys issued to them by USPV, which they possess.[4]

16  Additionally, Movants can accurately describe the contents of their boxes, they can

17  correctly identify the sizes of their boxes, and they can identify the correct location of

18  their boxes within the USPV vault.

19

20

---

21

22  [3] "A large amount of money standing alone, however, is insufficient to establish probable cause". *United States v. Currency* (9th Cir. 2002) 283 F.3d 977, 981-982, See also *U.S. v. 191,910 in U.S. Currency*, 16 F.3d 1051 at 1072.

23

24  [4] Possession of keys to a locked storage space gives one "dominion and control" over all objects secured inside the storage space and therefore possession of those objects. (*U.S. v. Medrano*, 5 F.3d 1214, 1218 (9th Cir. 1993), see also *U.S. v. Piwowar*, 492 F.3d 953 (8th Cir. 2007) ("Constructive possession of a firearm is established if the possessor had control over the place where the firearm was located, or control, ownership, or dominion over the firearm itself").

25

26

27

28

# IV.

## JURISDICTION AND BASIS FOR RELIEF

This Court has jurisdiction to rule on the merits of the instant motion from two sources. First, as the Court presiding over the instant criminal case whose seizure gave rise to the deprivation of Movant's property, this Court has the jurisdiction and the duty to return any property that the government has no legitimate basis to continue to seize.[5]  Second, Rule 41(g), FRCrP, empowers a court presiding over a criminal case to return property that was unlawfully seized or unlawfully deprived in the case before it.

When property is not being detained for evidentiary purposes (as is the case here), there is a **presumption** that the person(s) from whom the property was taken have a right to its return. *United States v. Martinson* (9th Cir. 1987) 809 F.2d 1364, 1369-1370. <u>To overcome that presumption and to defeat a motion for return of that property, the burden shifts to the government to demonstrate a legitimate basis for ongoing seizure by demonstrating that the property is either contraband or subject to forfeiture.</u> *Id.*  It makes no difference that the initial seizure was lawful. *Id.*

Accordingly, the question of whether or not this Court may order the return of Movants' property hinges on the government's ability to demonstrate a legitimate basis for ongoing seizure to this Court.  In the instant case, the government has already conceded that the property is not contraband.  Instead, the government relies on the baseless claim that Movants' property is subject to forfeiture.  However, <u>this bald</u>

---

[5] "A district court has both the **jurisdiction and the duty** to return the contested property 'once the government's need for it has ended.'" *Martinson* at 1370 quoting *Wilson*, 540 F.2d at 1103-04; *United States v. $20,294.00*, 495 F. Supp. at 151; *United States v. Totaro*, 468 F. Supp. 1045, 1048 (D. Md. 1979); see also *Palmer*, 565 F.2d at 1064 (relying on *Wilson* to assert jurisdiction over post-conviction motion to return property).

1  <u>assertion does not demonstrate anything</u> and therefore does not satisfy the

2  government's burden.  To demonstrate that the continued deprivation of Movant's

3  property is lawful because it is allegedly subject to forfeiture, the government must

4  demonstrate, **at a minimum**, the existence of probable cause for forfeiture of the

5  Subject Property under a specific federal forfeiture statute.[6]

6     The notices of seizure sent to Movants in May 2021 did not contain any factual

7  or legal justification for retention of the Subject Property.  See Samples Notices of

8  Seizure, Exhibit "C."  These notices failed to demonstrate the existence of probable

9  cause for forfeiture of the Subject Property and therefore cannot be relied upon to

10 satisfy the government's burden in this matter.  As of the filing of the instant motion,

11 and despite **multiple inquiries** by the undersigned counsel, the passage of nearly five

12 months in time, the participation in two hearings before this Court, and multiple other

13 legal actions by USPV tenants, the government has still not provided one iota of

14 information that demonstrates a legitimate basis for forfeiture or for the continued

15 deprivation of Movants' property.

16     Separately, only a nominal showing of Movants' interest is needed to shift the

17 burden to the government and compel their demonstration of legitimacy:

18

19     > Technically, Martinson was not the person from whom the
20     > guns were seized. However, we think that only a minimal
       > showing such as testimony from the owner of the truck, now
21     > will be required to shift the burden to the government.  See
       > *Mr. Lucky Messenger Service*, 587 F.2d at 18 (if movant
22     > proves seizure, lack of return, and lapse of time, government

23  _____

24  [6] To commence a forfeiture action, the Government must have sufficient evidence to
    constitute probable cause for forfeiture under a federal forfeiture statute. *United States*
25  *v. 493,850.00 in United States Currency*, 518 F.3d 1159, 1169 (9th Cir. 2008), see also
    *Melrose East Subdivision*, 357 F.3d 493, 504 (5th Cir. 2004).
26

27

28

must then go forward with an attempt to justify its conduct). **Martinson may not even have to take the stand.** See *Ferris v. United States*, 501 F. Supp. 98, 100-01 (D. Nev. 1980). The key point is that because the government no longer has an evidentiary need for the guns, Martinson no longer bears the burden of demonstrating that he is entitled to lawful possession.

*Martinson*, Footnote 4.

## IV.

## ADDITIONAL AUTHORITY

Movants incorporate by reference, to the extent that they are relevant to the issues presented by the instant motion, Tenant 1 and 2's Motion for Return of Property [Dkt. No. 12], Tenant 1 and 2's Reply in Support of Motion for Return of Property [Dkt. No. 29], Tenant 1 and 2's Memorandum in Support of Motion for Return of Property [Dkt. No. 42], Tenant 1 and 2's Opposition and Objection in Limine [Dkt. No. 47], and the Honorable R. Gary Klausner's orders of July 16, 2021 and July 23, 2021 in case numbers 21-cv-04405 and 21-cv-03019. See Exhibit D, Orders by Judge Klausner.

## V.

## REQUESTED RELIEF

The instant motion challenges the government to demonstrate to this Court that it has a legitimate basis for the continued deprivation of Movants' property. At this point in time, nearly five months have passed since the Subject Property was seized and the government should not be permitted to delay this demonstration any further.

When the government initiated administrative forfeiture proceedings in May 2021, it presumably took that action (one would hope) because it possessed evidence establishing probable cause for forfeiture of the property in each notice. If the government supposedly found probable cause pursuant to that evaluation such that it initiated administrative forfeiture proceedings, it should be very easy to describe that information in a brief affidavit. In fact, such an affidavit may already exist in the form of a police report.

Given the late hour and ongoing irreparable harm Movants continue to suffer every day, this Court is respectfully requested to order the government to either return Movants' property or provide a sworn affidavit to the to the Court and Movants' counsel that attests to the probable cause it relies upon to justify the continued deprivation of the Subject Property for forfeiture. The Court is asked to order the government to act within **seven (7) days** of the issuance of the Court's order should the Court agree to grant relief.

In the event that the government provides affidavits instead of returning the Subject Property, the Court would then be requested to give Movants an opportunity to respond. If Movants find the government's affidavit to be insufficient, they will desire an opportunity to be heard and to respond.

During the seven (7) days wherein the government makes arrangements to either return Movants' property or prepare affidavits, the Court is asked to order the FBI to meet with the undersigned attorneys at the FBI's offices in Los Angeles so that counsel may present Movants' keys and unlock the locks that correspond to Movants' boxes.

If the government was able to weld open 600-1,000 safety deposit boxes and seize $86 million in cash and $10 million in precious metals in less than five days, there is no reason why it cannot produce the requested affidavits and attend a brief meeting to unlock locks within seven days. No less than four federal law enforcement agencies are investigating this case including numerous local agencies. Between the

1  hundreds of law enforcement officers and support staff who have worked on this
2  matter, two can be spared to pick up the locks from evidence and meet with counsel
3  and one prosecutor can draft the affidavits – especially where the information
4  requested was supposedly (hopefully) available when the government initiated
5  administrative forfeiture proceedings in May 2021.  There is no reasonable basis for
6  any further delay and the Court should not allow it.
7      The undersigned attorneys remain ready to cooperate with the government to
8  achieve the quickest resolution possible.  We are available to work around their
9  schedules and take whatever reasonable steps are necessary to expedite this process.
10      WHEREFORE, Movants and the undersigned attorneys respectfully motion this
11  Court to order the government to return the Subject Property or provide sworn
12  affidavits attesting to the probable cause relied upon by the government to deprive
13  Movants of the Subject Property, as described above.

15  DATED:    August 16, 2021              Respectfully submitted,
16                                         LAW OFFICES OF BRIAN SILBER

18                                         /s/ Brian Silber
19                                     By: _____
20                                         Brian Silber
                                           Attorneys for
21                                         All Movants Listed Above

1

2    DATED:   August 16, 2021

3                                                    Respectfully submitted,

4                                                    THE LENTZ LAW FIRM, P.C.

5

6    By:

7          Jacek W. Lentz
           Attorneys for
8          All Movants Listed Above

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3      I, Malgorzata A. Graves, declare as follows:

4      I am over the age of eighteen years, and not a party to the within case; my business
address is The Lentz Law Firm, P.C., 9171 Wilshire Blvd, Suite 500, Beverly Hills, California
5  90210.  On August 18, 2021, I served the within:

6                    **MOTION FOR RETURN OF PROPERTY**

7  in the United States District Court, Central District of California, Court Case No. 21-CR-00106-
MCS, by sending a true copy thereof, as indicated and addressed as follows:

8

9      Mr. **Andrew Brown**                          U.S. Private Vaults
        Assistant US Attorney                        c/o Mr. **Michael Singer**
10     Office of US Attorney                         Singer & Larsen, P.C.
        Major Frauds Section                         1291 Galleria Drive, Suite 230
11     312 North Spring Street , 11th Floor          Henderson, NV 89014
        Los Angeles, CA 90012-4700

12

13     Mr. **Benjamin N. Gluck**
        BIRD, MARELLA, BOXER, WOLPERT,
14     NESSIM, DROOKS, LINCENBERG &
        RHOW, P.C.
15     1875 Century Park East,
        23rd Floor
16     Los Angeles, CA 90067-2561

17   ☒   **(BY MAIL)** By placing such document in an envelope, with postage thereon
            fully prepaid for <u>Priority Mail</u>, for collection and mailing at 79 Forest Lake Dr.,
18         Asheville, NC 28803.  I am readily familiar with the process of collection and
            processing of correspondence, said practice being that in the ordinary course of
19         business, correspondence is deposited in the United States Postal Service the
            same day as it is placed for collection.

20

21   ☐   **(BY PERSONAL SERVICE)** By causing such document to be delivered by
            hand with instructions that it be personally served.

22

23   ☐   **(BY FACSIMILE)** By placing such document for collection and transmission
            at the office of The Lentz Law Firm, P.C., Los Angeles, California, to the
            facsimile numbers listed above.  I am readily familiar with the practice of The
24         Lentz Law Firm, P.C., for collection and processing of facsimiles, said practice
            being that in the ordinary course of business, facsimiles are transmitted
25         immediately after being placed for processing.

26

27

28

THE LENTZ LAW FIRM, P.C.
9171 WILSHIRE BLVD, SUITE 500, BEVERLY HILLS, CA 90210
Telephone: 213/250-9200 · Facsimile: 888/571-5591

1    I declare under penalty of perjury under the laws of the United States that
2 the foregoing is true and correct and that this declaration was executed on August 18, 2021, at
Asheville, North Carolina.

3

4

5
                _____
6
                   Malgorzata A. Graves

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LENTZ LAW FIRM, P.C.
9171 WILSHIRE BLVD, SUITE 500, BEVERLY HILLS, CA 90210
Telephone: 213/250-9200 · Facsimile: 888/571-5591

# List of Exhibits

Exhibit A        -        Declarations

Exhibit B        -        Search Warrant

Exhibit C        -        Sample Notices of Seizure

Exhibit D        -        Orders by Hon. R. Gary Klausner