TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
          Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. PRIVATE VAULTS, INC., California Corporate Number C3405297, <br><br> Defendant. | Case No. 2:21-cr-00106-MCS <br><br> **PLAINTIFF UNITED STATES OF AMERICA'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON MOVANTS' MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) [DOCKET NO. 64] FROM SEPTEMBER 20, 2021 AT 3:00 P.M. TO NOVEMBER 15, 2021 AT 3:00 P.M. AND DECLARATION OF AUSA VICTOR A. RODGERS; [PROPOSED] ORDER GRANTING EX PARTE APPLICATION FILED AS AN ATTACHMENT UNDER SEPARATE COVER** |

# EX PARTE APPLICATION

Pursuant to Local Rule 7-19, Plaintiff United States of America ("the government") moves ex parte to continue the hearing on the Fed. R. Crim. P. 41(g) motion for return of property filed by 33 different movants (docket no. 64) from September 20, 2021 at 3:00 p.m. to November 15, 2021 at 3:00 p.m. The government seeks this relief because, under settled Ninth Circuit law, Rule 41(g) motions are treated as complaints, Fed. R. Civ. P. 12(a)(2) requires that the government be given 60 days to respond to Rule 41(g) motions/complaint, October 22, 2021 is the sixtieth day after the government received notice on August 23, 2021 that movants Rule 41(g) motion had been filed, and the government intends to file a motion to dismiss the Rule 41(g) complaint within the 60 day deadline because, among other things, the government would have either filed forfeiture complaints against particular movants' property or else released their property within the 90 day deadlines under 18 U.S.C. § 983(a)(3)(A) & (B) to file a forfeiture complaint against the property. Those deadlines to file a complaint for 30 out of the 33 movants expire prior to September 30, 2021.

On August 25, 2021, the government notified movants' counsel by email of the government's intention to file this ex parte application, and further notified plaintiff's counsel that any opposition to the ex parte application was due 24 hours after this ex parte application was filed. Rodgers Decl. ¶ 5. Movants' attorneys are Brian Silber, Esq., Law Offices of Brian Silber, 916 South Andrews Avenue, Fort Lauderdale, Florida 33316, Telephone: (954) 462-3636, email: silberlaw@gmail.com and Jacek W. Lentz, Esq., The Lentz Law Firm, P.C., 9171 Wilshire Blvd., Suite 500, Beverly Hills, CA 90210, Telephone (213) 250-9200, facsimile: (888) 571-5591, email jwl@lentzlawfirm.com. In response, movants' attorney advised that movants opposed the ex parte application. Rodgers Decl. ¶ 5.

This ex parte application is based upon the attached memorandum of points and authorities and declaration of Victor A. Rodgers; the proposed order granting the ex parte application (lodged under separate cover); all pleadings and papers on file in this

action; and such other and further matters as may be presented at any hearing on this <u>ex parte</u> application, and matters of which the Court may take notice.

Dated: August 25, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

     /S/
_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The motion by 33 separate movants for the return of property pursuant to Fed. R. Crim. P. 41(g) is based on an entirely flawed premise. Movants contend that, unless a search or seizure warrant affidavit sets forth probable cause to seize the property of a specific boxholder that the government obtained during the inventory search at U.S. Private Vaults, the search is unlawful per se and the items recovered must be returned. That is not the law. The Federal Bureau of Investigation (the "FBI"), in conformity with the search and seizure warrants' provisions and the FBI's standard inventory policy and practice conducted a proper inventory search, pursuant to the warrant protocols and consistent with the law. Therefore, the question of probable cause and mentions of movants in the warrant affidavit that movants seek to raise at this time is not the key issue in this case. See United States v. Gaston, 740 F. App'x 576, 577 (9th Cir. 2018) (finding that "routine practice of opening locked containers if they can be readily opened during an inventory search" qualified as standardized practice and therefore validated inventory search). But the resolution of that issue is not the point of this ex parte application.

    33 movants have filed a single consolidated motion and set the hearing on the motion (and the government's time to respond thereto) in clear violation of settled Ninth Circuit law. Cases in the Ninth Circuit hold that Rule 41(g) motions must be treated as complaints, the government must be given 60 days by statute (Fed. R. Civ. P. 12(a)(2)) to respond to a Rule 41(g) motion/complaints with either an answer or a motion to dismiss the Rule 41(g) motion/complaint and the Federal Rules of Civil Procedure govern all aspects of Rule 41(g) motion proceedings. But movants have set the hearing (and the government's response thereto) long before the 60 day period has expired. Accordingly, the government respectfully requests that the hearing date on the motion be continued to November 15, 2021 at 3:00 p.m., and continue the government's date to

respond to the motion to October 22, 2021 (which is 60 days after it was sent to the government by ECF email on August 23, 2021), and would therefore comply with the Ninth Circuit's dictates.

In addition, movants have failed to advise of one critical fact, which the government would elaborate upon in any motion to dismiss it would file in 60 days. Virtually all of movants' claims will be moot and resolved in the next 30-60 days, without movants unsupported request that the government oppose their request before the deadlines set by the Ninth Circuit. Movants filed claims in the administrative forfeiture proceedings for their property. By law, those proceedings are therefore suspended, the FBI has referred those claims for the filing of judicial forfeiture actions, and the government must file judicial actions within 90 days of the claim submission or else release the movants' property. 18 U.S.C. § 983(a)(3)(A) & (B). The deadlines for the government to file the complaint as to <u>30 out of 33</u> of the movants expire <u>in September</u>. Rodgers Decl. ¶ 3. Under these circumstances, prudence requires that the Ninth Circuit's dictates to apply the Federal Rules of Civil Procedure be enforced, and the government is given sixty days to respond, so that the Court is not required to litigate matters that are moot (because no complaint has been filed and the property has been returned) or potentially issue conflicting rulings in two forums (the Rule 41(g) proceeding and any forfeiture case that is filed against the movants' property). These are additional facts that, as a practical matter, show that this <u>ex parte</u> application be granted.

Further, equitable jurisdiction, upon which movants' rely to establish subject matter jurisdiction, does not exist when administrative forfeiture proceedings are filed (see <u>United States v. Elias</u>, 921 F.2d 870, 873 (9th Cir. 1990)), nor does it exist during the 90 day period to hear movants' motion in any event (see <u>United States v. 2nd Amendment Guns, LLC</u>, 917 F. Supp. 2d 1120 (D. Or. 2012)), but that is an issue properly briefed in 60 days in a motion to dismiss. .

For these reasons, as more fully set forth below, the government respectfully requests that this <u>ex parte</u> application be granted.

## II.
## STATEMENT OF FACTS

On August 19, 2021, movants manually filed their motion for return of property (docket no. 64), but the government did not receive the motion until August 23, 2021 when it was sent via electronic ECF notification to the government. Rodgers Decl. ¶ 2. No summons was served on the motion (which as discussed below must be treated as a complaint and thereby requires the issuance of a summons), and the government's time to respond to a complaint is 60 days from the date a complaint is served.[1] Assuming the movants' motion was properly served (and it was not), the government's response to the motion/complaint, with either an answer [see Fed. R. Civ. P. 12(a)(1)(A)] or a motion to dismiss [see Fed. R. Civ. P. 12(b)], would be due October 22, 2021, or 60 days after the August 23, 2021 "service" date. However, movants have set the hearing on their Rule 41(g) motion for September 20, 2021, thus requiring the government to respond long before October 22, 2021.

## III.
## ARGUMENT

**A. Ninth Circuit Case Law Requires Movants' Rule 41(g) Motion Be Treated As A Complaint And The Government Be Given 60 Days To Respond Thereto, In Order To Enable The Government To File Its Motion To Dismiss The Action.**

Rule 41(g) motions are only appropriate where the return of property is sought and no criminal or civil action seeking forfeiture of the property is pending. United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under Rule 41(g)'s predecessor Rule 41(e)). Because such a movant has no other available forum in which

---

[1] Fed. R. Civ. P. 12(a)(2) ("Time to serve a responsive pleading. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney"); Fed. R. Civ. P. 12(b) (party must serve motion for lack of subject matter jurisdiction or failure to state a claim for relief by a responsive pleading, like an answer).

3

to address the movant's grievance, the motion is treated as an equitable civil action. Martinson, 809 F.2d at 1367.

Ninth Circuit caselaw holds that district courts are required to treat a Rule 41(g) motion as a civil complaint. United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); Ritchie, 342 F.3d at 907 (nothing in Ninth Circuit case law "indicates that a district court may treat a Rule 41[(g)] motion as something less than a civil complaint when there is no pending criminal proceeding").[2] Once district courts treat the motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure. **These rules apply to each stage of the proceedings, the same way they would in the civil context**." Ibrahim, 522 F.3d at 1008 (citation omitted; underlined emphasis in original and emphasis in bold added).

In Ritchie, the Ninth Circuit treated a Rule 41 motion as a complaint and the government's opposition to the motion as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted, which was converted to a Fed. R. Civ. P. 56 summary judgment motion because the government relied upon evidence beyond the complaint. Id. at 906-909. See also Ibrahim, 522 F.3d at 1007 (discussing Ritchie). The Ninth Circuit noted in Ibrahim that the district court should have treated the government's opposition as a motion to dismiss, converted it to a summary judgment motion if the matter could not be decided on the pleadings, and if the court could not grant the government's summary judgment motion, then "the court should go forward

---

[2] District courts within this Circuit consistently follow this rule. See, e.g., In re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743, *2 (C.D. Cal. May 30, 2013) ("[a]ll pertinent authority indicates that a Rule 41(g) motion must be treated as a civil complaint. Accordingly, the Federal Rules of Civil Procedure apply")(emphasis in original); Cromwell v. United States, 2013 WL 323261, *2 (N.D. Cal. Jan. 28, 2013) ("the Ninth Circuit has made clear that, where there is no pending criminal proceeding, a Rule 41(g) motion must be considered a civil complaint and the Federal Rules of Civil Procedure are applicable"); Naranjo v. United States, 2014 WL 12591477, *2 (C.D. Cal. Jan. 3, 2014) ("[w]hen there are no criminal proceedings pending against the movant, a Rule 41(g) motion is treated as a civil complaint") (citation omitted).

4

with additional proceedings consistent with the Federal Rules of Civil Procedure." Id. at 1008. The Court then noted that the district court "erred because it improperly converted Ibrahim's motion for return of property into a motion for summary judgment, and then decided the issue in an ad hoc proceeding, under a preponderance of the evidence standard." Id.

The Ninth Circuit explained that the district court, however, was required to determine the matter under summary judgment standards and not the ad hoc preponderance of the evidence standard the district court had employed. Accordingly, the Ninth Circuit "reverse[d] the district court's summary judgment, and remand[ed] for further proceedings consistent with the Federal Rules of Civil Procedure." Id.

The Ninth Circuit applied the same analysis in Kardoh v. United States, 572 F.3d 697 (9th Cir. 2009), where the court concluded that the government's opposition to a Rule 41(g) motion "was the equivalent of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as to which the court should determine whether 'the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.' " Kardoh, 572 F.3d at 702 (citing Ibrahim, 522 F.3d at 1008 [citing Fed. R. Civ. P. 56(c)]).

Federal district courts within the Ninth Circuit have consistently followed these principles, and rule that a Rule 41(g) motion must be treated as a complaint, a summons must be issued and served, and the government must be given 60 days to respond to the motion. In sum, the case must proceed exactly like a civil case, from beginning to end.[3]

---

[3] See Fed. R. Civ. P. 4(i) and 12(a)(2) (government has 60 days to respond to served complaint); Cromwell, 2013 WL 323261 at *2 ("the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with [Fed. R. Civ. P.] 4(i)(1) and 12(a)(2)"); Tucker v. United States, 2014 WL 7506803 (C.D. Cal. Dec. 15, 2014) ("this Court is obligated to ensure that the government is served in accordance with [Fed. R. Civ. P.] 4(i) before proceeding to the merits of Plaintiffs' [Rule 41(g)] motion" [id. at *1] and continuing hearing on Rule 41(g) motion and ordering government "to file any further opposition to Plaintiff's motion within 60 days of service" [id. at *2]); In re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743 at *2 (noting that Rule 41(g) motion required government to respond "well short of the 60 days the Government has to respond to complaints. . . . The Government

(footnote cont'd on next page)

In the related case <u>Coe v. United States of America</u>, Case No. 2:21-CV-03019-RGK-MAR, docket no. 30, the Court (the Honorable R. Gary Klausner), continued the hearing on plaintiff's Coe's motion for return of property by approximately 50 days, which was the date the government noted in its <u>ex parte</u> papers was 60 days from Coe's filing of Coe's Rule 41(g) motion.  Rodgers Decl. ¶ 3 and Ex. A.  The same rule should apply here.

Movants' Rule 41(g) motion cannot be adjudicated on an "ad hoc" basis as they suggest, as the Ninth Circuit explicitly condemned such an approach in <u>Ibrahim</u>, and instructed district courts to "apply the Federal Rules of Civil Procedure . . . to each stage of the proceedings, the same way they would in the civil context."  <u>Ibrahim</u>, 522 F.3d at 1008.  That means the government must be given 60 days to respond, with an answer or a motion to dismiss, to Movants' Rule 41(g) motion/complaint.

### B. Movants Request Relief On Matters That Will Soon Be Moot Because Movants Have Filed Claims In The Administrative Forfeiture Proceeding Requiring That Their Matters Be Resolved Within About A Month And In Any Event Equitable Jurisdiction, A Prerequisite To Hear Rule 41(g) Motions, Clearly Does Not Lie.

Movants' Rule 41(g) motion seeks relief that will either soon be moot or cause litigation in two forums and potentially result in inconsistent rulings for any movant against whose property the government files a judicial forfeiture action.  Because movants have filed claims with the FBI contesting the administrative forfeiture of their property - - a fact that movants fail to mention - - the 90 day deadline set forth in 18 U.S.C. § 983(a)(3)(A) & (B) for the government to either file a judicial forfeiture action or release the property expires in September for 30 out of 33 of the movants.  Rodgers Decl. ¶ 3.  Each of the 33 movant cases are different: they face separate complaint-filing deadlines, assets seized, probable cause determinations, inventory searches on their

---

shall have 60 days to respond following proper service in the form of whatever answer or motion it deems appropriate") (footnote omitted).

1  specific boxes and will shortly have judicial forfeiture complaints filed as to their
2  property (meaning litigation in two forums assuming the Rule 41(g) proceedings go
3  forward) or will have their property returned because the property has been released
4  (meaning their Rule 41(g) motion is moot).

5  Movants ignore this issue. Instead, they cite the Snitko decision to support their
6  contention they will suffer irreparable injury if the government fails to provide additional
7  probable cause details concerning their property, but Snitko decision shows <u>exactly the
8  opposite is true</u>, as the decision makes clear that persons, like movants, who filed
9  administrative claims suffered <u>no</u> irreparable injury because the government could not
10 conclude a forfeiture of property without filing a judicial forfeiture action as to those
11 parties as the filing of an administrative claim prevents the seizing agency from
12 concluding an administrative forfeiture. Docket No. 64-4 at page 20-21. Thus, movants
13 have suffered no irreparable injury, although they claim otherwise. Further, while
14 movants complain about the delay (which they falsely argue violates Due Process) in
15 having a "hearing" on the merits of the forfeiture issue, the argument fails as a matter of
16 law because the U.S. Supreme Court and the Ninth Circuit have held that delays
17 significantly longer than the five months here (between the March 22, 2021 seizure and
18 August 23, 2021 filing of their motion) do <u>not</u> constitute a due process violation as to the
19 time between a seizure and having a hearing on the merits on the forfeiture issue.[4]
20 Further, movants suggest that because no probable cause is reflected in the search and
21 seizure warrant affidavits regarding their property that automatically means the

---

[4] See United States v. $8,850.00 in U.S. Currency, 461 U.S. 555, 565 (1983) (18 month delay between the seizure of property and commencement of administrative forfeiture proceedings did not violate due process); United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable Assets, 513 F.3d 991, 998, 1001 (9th Cir. 2008) (five year delay between seizure of property and filing of judicial civil forfeiture complaint did not violate due process); United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 426 (6th Cir. 2003) (three year delay between seizure of property and filing of complaint did not violate due process); cf. United States v. $1,111,120.00 in U.S. Currency, 2014 WL 619436 (S.D. Ohio Feb. 18, 2014) (stay of civil forfeiture action for three years while criminal investigation was ongoing did not violate due process).

inventory search was unlawful and the taking of movants' property is thus unlawful, but that is clearly not the law.  See United States v. Gaston, 740 F. App'x 576, 577 (9th Cir. 2018) (finding that "routine practice of opening locked containers if they can be readily opened during an inventory search" qualified as standardized practice and therefore validated inventory search).  And in any event, all of movants issues can be litigated, if at all, in any judicial forfeiture case that is filed against movants' property.

   Finally, movants' assertions that equitable jurisdiction lies because there is no current forum to hear their arguments is unsupported by any case they cite, and the relevant case law holds otherwise, as the mere initiation of administrative forfeiture proceedings, standing alone, shows equitable jurisdiction does not lie. United States v. Elias, 921 F.2d 870, 873 (9th Cir. 1990) (administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and "an adequate remedy at law").  The fact that no forfeiture complaint has yet been filed changes nothing, because the 90 day period has not yet expired. Equitable jurisdiction does not exist during that 90 day period before the government files a forfeiture complaint because the government has, under 18 U.S.C. § 983(a)(3)(A) & (B), 90 days to decide whether to file a judicial forfeiture action or release the property.

   As the court noted in United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012), in denying a Rule 41(g) motion because administrative forfeiture proceedings had been commenced, it made no difference that claimant had submitted a claim and the government had not yet filed a judicial forfeiture action, because Congress has given the government 90 days under 18 U.S.C. § 983(a)(3)(A) & (B) to decide how to proceed: by filing a judicial complaint or releasing the property.  Id. at 1122.  Further, if a claimant asserts he has an immediate need for property, the claimant still has an adequate remedy at law because the claimant may seek immediate return of the property

by filing a hardship petition pursuant to 18 U.S.C. § 983(f). 2nd Amendment Guns, LLC, 917 F. Supp. 2d at 1122.[5]

Movants make various statements in their brief regarding particular boxholders and their assertion that the property the government has not yet returned (and for which the 90 day filing deadline expires in September) is "clean." The government does not wish to set forth in public filings, unless it is required to do so, the information it has at this time to show that particular boxholders unchallenged statements are not accurate. Instead, should the government decide to file a forfeiture complaint, that information will be set forth in the complaint. Conversely, should the government decline to go forward with a forfeiture action, then it should not be compelled to set forth in a public document now the information it has to establish probable cause to refute any statement a particular boxholder makes. The entire purpose of the 90 day statutory deadline is for the government to evaluate the evidence before making the decision to file or to instead return the property.

Accordingly, there are additional practical reasons that the hearing on movants' Rule 41(g) motion should be continued, in addition to the fact that this result is required by Ninth Circuit law.

## IV.
## CONCLUSION

For the foregoing reasons, plaintiff United States of America respectfully requests that this ex parte application be granted, continuing the hearing on movants' Rule 41(g)

///
///
///

---

[5] Movants citation to U.S. v. Barnes, 647 Fed. Appx. 820 (9th Cir. 2016) and Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy, 552 F.3d 885 (D.C. Cir. 2009) is a non-starter. Neither case deals with whether equitable jurisdiction lies, but instead with whether someone intended to submit a claim or a petition for remission in response to a forfeiture notice like the FBI's notice. That is irrelevant to the instant case, and the government does not dispute that submission of a valid claim stops administrative forfeiture proceedings, as Barnes and Malladi Drugs state or suggest in dicta.


motion to November 15, 2021, so that the government is given the 60 days to respond to the motion by October 22, 2021, as required by the Ninth Circuit's directives.

Dated: August 25, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA