LAW OFFICES OF BRIAN SILBER, P.A.
Brian Silber (Pro Hac Vice)
916 South Andrews Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 462-3636
Email: silberlaw@gmail.com

THE LENTZ LAW FIRM, P.C.
Jacek W. Lentz (State Bar No. 213198)
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Telephone: (213) 250 - 9200
Facsimile: (888) 571 – 5591
Email: jwl@lentzlawfirm.com

Attorneys for Movants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>U.S. PRIVATE VAULTS INC.,<br>California Corporate Number C3405297,<br><br>Defendant. | Case No. 21-CR-00106-MCS<br><br>**MOVANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON MOVANTS' MOTION TO RETURN PROPERTY** |

        Movants oppose the government's *ex parte* application to continue hearing date, and thus the government's continued depravation of Movants' property as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE GOVERNMENT MISSTATES MOVANTS' BASIS FOR RELIEF

Movants' property was seized pursuant to an <u>inventory search</u> initiated on March 22, 2021 and completed on March 26, 2021. Today is August 26, 2021 and none of Movants' property has been returned.  For the last five months, the government ignored its duty to *promptly* return the Subject Property so that it could investigate the property for forfeiture.  While the government is free to investigate whatever it wants, it must have probable cause for forfeiture under a federal forfeiture statute to justify continued detention of the property for this purpose.

Forfeiture investigations are not an exception to probable cause or warrant requirements. To adopt the government's position, one must necessarily agree that the government is free to seize property, without probable cause or any legal justification, and a property owner has no means to seek redress of that deprivation for at least six months.

Upon information and belief, the warrant that gave rise to the inventory search that resulted in the seizure of the Movants property specifically ordered that the contents of the boxes shall not be subject to any criminal search or seizure.  See Search Warrant, Page I(1)(k), Exhibit "A."  Despite this limitation, the government detained the Subject Property to conduct a forfeiture investigation.  Because civil forfeiture is a *quasi-criminal* proceeding predicated on criminal conduct, the government's forfeiture investigation necessarily included a criminal search and seizure of Movants' property. For instance, upon learning Movants' identities, there is no question that government investigators ran criminal background checks on each Movant.  The fact that civil forfeiture is litigated pursuant to the civil rules of procedure does not change the fact

that the government searched and continues to seize the contents of Movants' boxes to further a criminal investigation contrary to the warrant's limitations.

While the government is certainly free to investigate, it is not free to detain absent probable cause, whether they are detaining a human being or private property. To detain private property for forfeiture, there must be probable cause for forfeiture of that property under a specific federal forfeiture statute. As third parties aggrieved by the seizure before this Court, it is proper for them to seek relief herein.

Despite this, the government conflates issues to argue a lawful basis for continued detention of the Subject Property.  For instance, the ninety (90) day **limitation** period proscribed in *18 USC 983* is not an entitlement to detain property without a warrant and without probable cause, pending the outcome of their forfeiture investigation.  The government believes it has the power to seize private property, unchecked, even when there is a Court presiding over the open criminal case that gave rise to the seizure at issue.

Movants have the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.  The government's continued deprivation of Movants' property is an unreasonable seizure because there is no probable cause for forfeiture and the property is not contraband.  In cases where the government claims there may be such probable cause, such probable cause was developed after the fact using information that was unlawfully coerced out of Movants under threat of losing their property to administrative forfeiture, such as their identities and personal information including home addresses.  Such evidence, including Movants' identities, is subject to the Exclusionary Rule.

1

**II.**

2

## MOVANTS' RULE 41(G) MOTION SHOULD NOT BE TREATED AS A CIVIL

3

## COMPLAINT BECAUSE A CRIMINAL CASE IS PENDING IN THE

4

## INSTANT CASE [NOT JUST AGAINST THE MOVANTS]

5

6      The government argues that it is entitled to service with a summons and then

7 sixty (60) days to file its response because it claims a Rule 41(g) motion should be

8 treated as a civil complaint.  However, the government's position is incorrect because a

9 Rule 41(g) motion should <u>only</u> be treated as a civil complaint when a criminal case is

10 **not** pending and when such an action is filed as a new action with the court. U.S. v.

11 Ritchie, 342 F.3d 903 (9th Cir. 2003) (Unindicted girlfriend of defendant filed 41(e) in

12 defendant's criminal case. Motion denied on grounds unrelated to jurisdiction but was

13 remanded on appeal to the 9th Circuit.)

14      However, insofar as Movants and their property is concerned, a criminal case **is**

15 pending – *the instant one*. These circumstances are uncommon because the criminal

16 case is against USPV. No criminal case is pending against Movants. The instant case is

17 not only pending, but it is also the seminal case that gave rise to the seizure of

18 Movants' property.  The rules that call for the treatment of Rule 41(g) motions as

19 complaints exist because an aggrieved party would have no case to seek relief in when

20 a criminal case is *not* pending unless they filed a new, independent action with the

21 court.  When a criminal case is pending, the court presiding over that case has the

22 jurisdiction to use its equitable powers to craft whatever procedure it deems

23 appropriate when acting in equity. It may also use its inherent jurisdiction to manage

24 its docket.

25      Per Rule 3 of FRCP, a civil action commences upon the filing of a complaint

26 with the court.  Per Rule 1 of FRCP, the Federal Rules of Civil Procedure "govern the

27 procedure in <u>all civil actions</u> and proceedings in the United States district courts,"

28

1   Therefore, when a Rule 41(g) motion is filed as a new, independent action it can only

2   be received by the court as a civil action.  There is no other definitive way to receive

3   the action.  Therefore, it is controlled by the civil rules of procedure.

4   When a party files for Rule 41(g) relief as a new independent action, Due

5   Process requires a higher level of service than what is demanded when the case

6   initiating plaintiff is served with a motion in a pending case.  Such plaintiffs are

7   already on notice to be on the lookout for newly filed motions and already consented to

8   receive electronic service via CM/ECF (unlike a party that has no reason to know it has

9   been named as a defendant in a new civil action).

10   As the presiding court over the criminal case that gave rise to the seizure of

11   Movants' property, this Court has the jurisdiction and the duty to order the return of

12   Movants' property should the government fail to demonstrate a legitimate reason for

13   its continued seizure.  Since this is a criminal case and since the pending Rule 41(g)

14   was filed in it (as opposed to being filed as a new action with the courts), the Federal

15   Rules of Criminal Procedure control. Movants motion is not a civil forfeiture action, it

16   is a motion for return of property. Therefore, the government is not entitled to a sixty

17   (60) day notice or a summons, as they were in the cases that were assigned to the Hon.

18   R. Gary Klausner.

19

20   ### III.

21   ### THE GOVERNMENT IS INCORRECT – THIS COURT *DOES* HAVE

22   ### EQUITABLE JURISDICTION

23

24   First, the government made it a point to claim that the undersigned failed to

25   advise this Court that Movants had filed claims in response to the government's

26   administrative forfeiture notices.  This claim is not true and the appropriate pleading

27   was made in Footnote 2 of Movants' Motion for Return of Property.  That said, as the

28

instant pleading is filed, five (5) months have elapsed since the inventory search ended, there is no administrative or judicial forfeiture proceeding presently pending.

The government relies on United States v. Elias, 921 F.2d 870, 873 (9th Cir. 1990) and a district court opinion, United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012). In Elias, a criminal defendant filed a Rule 41(g) in the District Court after his criminal case was dismissed and the government had destroyed his property. The motion was denied because Elias had a remedy at law from the administrative forfeiture proceedings that were initiated subsequent to the filing of his motion.

However, what makes the instant case different is the lack of probable cause to justify deprivation of Movants' property. In Elias, law enforcement seized $14,830 in U.S. Currency, a portable cell phone, and "some drug ledgers" following a search incident to his lawful arrest for possession with intent to distribute 1000 pounds of marijuana. Those facts create probable cause for forfeiture of the currency under federal law. The Elias court began its analysis without any consideration of a lack of probable cause. The government is free to pursue its forfeiture investigation, but it needs probable cause to detain Movants' property while it does so. The unique position of this Court gives it the jurisdiction and duty to inquire into the continued deprivation of property belonging to unindicted third parties is legitimate. In its discretion, the Court could even order the government to make its verified proffer *in camera* and thereupon determine if it is appropriate to release to Movants for their response.

## IV.

## THE GOVERNMENT'S PROMISE TO TAKE ACTION AT AN UNSPECIFIED FUTURE DATE DOES NOT RENDER MOVANTS' CLAIM MOOT OR MERITLESS

The government argues that Movants' should not have their grievance heard because at an unknown date in the future, not to exceed September 30, 2021, the government claims it will either return the Subject Property or file forfeiture proceedings against it.  Since filing their motion, the government has only offered to return four boxes.  However, the government's promise to take action at an unspecified future date does not render Movant's claim moot or meritless.  When the government returns property, the undersigned will motion this Court to dismiss claims as to the returned property for being moot – as the undersigned did at the hearing on July 28, 2021, regarding Tenant-3's and Tenant-4's motions.

## V.

## MOVANTS INCORPORATE BY REFERENCE THEIR REPLY TO GOVERNMENT'S OPPOSITION TO TENANT-1 AND TENANT-2's MOTION FOR RETURN OF PROPERTY [DOCKET NO. 29]

Movants hereby incorporate by reference their arguments, points, and authorities in the Reply to the Government's Opposition to Tenant-1 and Tenant-2's Motion for Return of Property.  [Docket No. 29].  Further, Movants incorporate by reference all of the undersigned counsel's filings in this entire case, including without limitation all filings made on behalf of Tenants 1 – 4.

DATED:    August 26, 2021                    Respectfully submitted,

                                             LAW OFFICES OF BRIAN SILBER


                                                 /s/ Brian Silber

                                             By: _____
                                                 Brian Silber
                                                 Attorneys for Movants


DATED:    August 26, 2021                    Respectfully submitted,

                                             THE LENTZ LAW FIRM, P.C.


                                                 /s/ Jacek W. Lentz

                                             By: _____
                                                 Jacek W. Lentz
                                                 Attorneys for Movants