1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (Cal. Bar No. 172009)
4  VICTOR A. RODGERS (Cal. Bar No. 101281)
   MAXWELL COLL (Cal. Bar No. 312651)
5  Assistant United States Attorneys
   Major Frauds/Asset Forfeiture/
6  General Crimes Sections
        1100/1400/1200 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-0102/2569/1785
        Facsimile: (213) 894-6269/0142/0141
9       E-mail: Andrew.Brown@usdoj.gov
                Victor.Rodgers@usdoj.gov
10               Maxwell.Coll@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

12             UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15 UNITED STATES OF AMERICA,         Case No. 2:21-cr-00106-MCS

16              Plaintiff,           **PLAINTIFF UNITED STATES OF
                                     AMERICA'S NOTICE OF MOTION
17              v.                   AND MOTION TO DISMISS THE
                                     MOTION FOR RETURN OF
18 U.S. PRIVATE VAULTS, INC.,        PROPERTY FILED BY MOVANTS
   California Corporate Number C3405297,  [DOCKET NO. 64], WHICH IS
19                                   TREATED AS A COMPLAINT, FOR
              Defendant.            LACK OF SUBJECT MATTER
20                                   JURISDICTION AND FAILURE TO
                                     STATE A CLAIM UPON WHICH
21                                   RELIEF CAN BE GRANTED AND
                                     DECLARATION OF LYNNE
22                                   ZELLHART; [PROPOSED] ORDER
                                     GRANTING MOTION FILED AS AN
23                                   ATTACHMENT UNDER SEPARATE
                                     COVER**

24                                   Date:      November 15, 2021
25                                   Time:      3:00 p.m.
                                     Courtroom: Department 7C, the Honorable
26                                              Marc C. Scarsi

27

28

1

### NOTICE OF MOTION

2      PLEASE TAKE NOTICE that on November 15, 2021 at 3:00 p.m., or as soon

3   thereafter as the matter may be heard, in the courtroom of the Honorable Marc C. Scarsi,

4   Courtroom 7C, 350 West 1st Street, 7th Floor, Los Angeles, California 90012, plaintiff

5   United States of America will and hereby does move, pursuant to Fed. R. Civ. P.

6   12(b)(1) and 12(b)(6) to dismiss the motion for return of property filed by 34 different

7   movants (docket no. 64) for lack of subject matter jurisdiction and for failure to state a

8   claim upon which relief can be granted.

9      This motion is based upon the attached memorandum of points and authorities and

10  declaration of Lynne Zellhart; the proposed order granting the motion (lodged under

11  separate cover); all pleadings and papers on file in this action; and such other and further

12  matters as may be presented at any hearing on this motion, and matters of which the

13  Court may take notice.

14  Dated: November 5, 2021                    Respectfully submitted,

15                                             TRACY L. WILKISON
                                               Acting United States Attorney
16
                                               SCOTT M. GARRINGER
17                                             Assistant United States Attorney
                                               Chief, Criminal Division
18

19                                                    /S/
                                               ANDREW BROWN
20                                             VICTOR A. RODGERS
                                               MAXWELL COLL
21                                             Assistant United States Attorney

22                                             Attorneys for Plaintiff
                                               UNITED STATES OF AMERICA
23

24

25

26

27

28

1

1

## **<u>TABLE OF CONTENTS</u>**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      INTRODUCTION ......................................................................................... 1

II.     ARGUMENT ................................................................................................. 3

     A.    The Standards For Motions To Dismiss Under Fed. R. Civ. P.  12 For Lack Of Subject Matter  Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted ............................................................ 4

     B.    Movants Cannot Satisfy Article III's Case Or Controversy Requirement Because This Matter Is Moot As All Property Has Been Or Is In The Process Of Being Returned Or The Government Has Filed A Civil Forfeiture Lawsuit Against The Property And Therefore Subject Matter Jurisdiction, Which Would Be Based Upon Equitable Jurisdiction, Does Not Lie ........................................................................ 5

     C.    Movants Rule 41(g) Motion Seeks To Invoke The Equitable (Meaning Subject Matter) Jurisdiction Of This Court, But Equitable Jurisdiction Does Not Lie As To Any Property For Which The Government Has Filed A Judicial Forfeiture Action Because The Judicial Forfeiture Action Provides Movants With An Adequate Remedy At Law ............................................................................................ 7

     D.    Even If Movants Could Prove Subject Matter Jurisdiction Existed Over Any Property For Which The Government Has Filed A Judicial Complaint, Which Movants Cannot, The Procedures They Propose (Namely An Early Probable Cause Analysis) Is Contrary To Settled Ninth Circuit Law ...................................................................................... 9

III.    CONCLUSION .......................................................................................... 12

DECLARATION OF SA LYNNE ZELLHART ............................................................ 13

1

# **TABLE OF AUTHORITIES**

2

**Federal Cases**

3

Aguirre v. S.S. Sohio Intrepid,
   801 F.2d 1185 (9th Cir. 1986) ........................................................................6

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .......................................................................................4

Bender v. Williamsport Area School Dist.,
   475 U.S. 534 (1986) .......................................................................................3

Billingsley v. C.I.R.,
   868 F.2d 1081 (9th Cir. 1989) ........................................................................3

Caltex Plastics, Inc. v. Lockheed Martin Corp.,
   824 F.3d 1156 (9th Cir. 2016) ........................................................................4

Cromwell v. United States,
   2013 WL 323261 (N.D. Cal. Jan. 28, 2013) .................................................10

DaimlerChrysler Corp. v. Cuno,
   547 U.S. 332 (2006) .......................................................................................3

Headwaters Inv. v. Bureau of Land Management,
   893 F.2d 1012 (9th Cir. 1989)........................................................................6

In Re Return of Seized Prop. (Jordan),
   625 F. Supp. 2d 949 (C.D. Cal. 2009)............................................................8

In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise,
   LLC,
   2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) ................................................8

In re Seizure of $958,921 Worth of LED Televisions,
   2013 WL 3490743 (C.D. Cal. May 30, 2013)................................................10

Kardoh v. United States,
   572 F.3d 697 (9th Cir. 2009) ........................................................................11

ii

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>Lujan v. Defenders of Wildlife</u>,
  504 U.S. 555 (1992) ............................................................................... 6

<u>Massey v. Ojaniit</u>,
  759 F.3d 343 (4th Cir. 2014) ............................................................... 4

<u>Naranjo v. United States</u>,
  2014 WL 12591477 (C.D. Cal. Jan. 3, 2014) ................................... 10

<u>Railway Mail Ass'n v. Corsi</u>,
  326 U.S. 88 (1945) ............................................................................... 6

<u>Ramsden v. United States</u>,
  2 F.3d 322 (9th Cir. 1993) ................................................................... 8

<u>Roberts v. Corrothers</u>,
  812 F.2d 1173 (9th Cir. 1987) ............................................................ 4

<u>Safe Air for Everyone v. Meyer</u>,
  373 F.3d 1035 (9th Cir. 2004) ........................................................ 3, 4

<u>Seismic Reservoir 2020, Inc. v. Paulsson</u>,
  785 F.3d 330 (9th Cir. 2015) ............................................................. 4

<u>Thornhill Pub. v. General Tel. and Electronics Corp.</u>,
  594 F.2d 730 (9th Cir. 1979) ............................................................. 3

<u>United States v. 2nd Amendment Guns, LLC</u>,
  917 F. Supp. 2d 1120 (D. Or. 2012) ................................................. 9

<u>United States v. $8,850</u>,
  461 U.S. 555 (1983) ............................................................................ 7

<u>United States v. Elias</u>,
  921 F.2d 870 (9th Cir. 1990) ............................................................. 8

<u>United States v. Ibrahim</u>,
  522 F.3d 1003 (9th Cir. 2008) ................................................. 7, 10, 11

# <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>United States v. Martinson</u>,
   809 F.2d 1364 (9th Cir. 1987)...................................................................7

<u>United States v. One 1987 Jeep Wrangler</u>,
   972 F.2d 472 (2d Cir. 1992)......................................................................8

<u>United States v. Ritchie</u>,
   342 F.3d 903 (9th Cir. 2003)...............................................................7, 10

<u>United States v. U.S. Currency, $83,170.78</u>,
   851 F.2d 1231 (9th Cir. 1988)..................................................................8

<u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>,
   592 F.3d 954 (9th Cir. 2010)....................................................................4

<u>Warren v. Fox Family Worldwide, Inc.</u>,
   328 F.3d 1136 (9th Cir. 2003)..................................................................4

<u>White v. Lee</u>,
   227 F.3d 1214 (9th Cir. 2000)..................................................................3

**Federal Statutes**

18 U.S.C. § 983(a)(3)(A) ...............................................................................2

18 U.S.C. § 983(a)(3)(B) ...............................................................................2

**Federal Rules**

Fed. R. Civ. P. 4(i)(1).....................................................................................1

Fed. R. Civ. P. 12..........................................................................................3

Fed. R. Civ. P. 12(a)(2)..................................................................................1

Fed. R. Civ. P. 12(b) .....................................................................................1

Fed. R. Civ. P. 12(b)(1)...........................................................................1, 3

## <u>TABLE OF AUTHORITIES CONTINUED</u>

Fed. R. Civ. P. 12(b)(6) ................................................................................4, 10

Fed. R. Civ. P. 12(h)(3) .......................................................................................3

Fed. R. Civ. P. 56 ..............................................................................................10

Fed. R. Civ. P. 56(c) ..........................................................................................11

Fed. R. Crim. P. 41 ............................................................................................10

Fed. R. Crim. P. 41(g) ...............................................................................passim

Fed. R. Crim. P. 41(e) .....................................................................................7, 9

v

1                        **MEMORANDUM OF POINTS AND AUTHORITIES**

2                                        **I.**

3                                **INTRODUCTION**

4        On August 19, 2021, movants manually filed their motion for return of property

5 pursuant to Fed. R. Crim. P. 41(g) ("Rule 41(g)") on behalf of 34 separate movants,

6 which the government received August 23, 2021 when it was sent via electronic ECF

7 notification to the government, and set the hearing on the motion for September 20,

8 2021.  Docket No. 64.  On August 25, 2021, the government filed an <u>ex parte</u> application

9 to continue the hearing from September 20, 2021 to November 15, 2021.  Docket Nos.

10 66 and 67.  In the <u>ex parte</u> application, the government noted that movants had not

11 properly served their Rule 41(g) motion on the government [docket no. 66 at 3:3-12],

12 Ninth Circuit caselaw required the motion be treated as a complaint and served with a

13 summons like a complaint and pursuant to Fed. R. Civ. P. 4(i)(1) [docket no. 66 at 5:18-

14 28 and 6:27-28], the government was entitled under Fed. R. Civ. P. 12(a)(2) to 60 days

15 after the Rule 41(g) motion/complaint was served to file a responsive pleading thereto

16 (such as the instant Fed. R. Civ. P. 12(b) motion to dismiss for lack of subject matter

17 jurisdiction and failure to state a claim upon which relief can be granted)[1] [docket no. 66

18 at 3:3-12] and the 60 day deadline (even assuming movants' had properly served the

19 Rule 41(g) motion/complaint on August 23, 2021) would not expire until October 22,

20 2021 and therefore movants request for a September 20, 2021 hearing before the

21 responsive pleading deadline had passed was improper [docket no. 66 at 1:19-2:3].

22        Most significantly, and as the government's August 25, 2021 <u>ex parte</u> application

23 also advised, virtually all of movants' claims would be moot and resolved within 30 to

24 60 days (<u>i.e.</u>, between September 30 and October 31, 2021), because each movant had

25

26        [1]Fed. R. Civ. P. 12(a)(2) ("Time to serve a responsive pleading.  The United
States, a United States agency, or a United States officer or employee sued only in an

27 official capacity must serve an answer to a complaint, counterclaim, or crossclaim within
60 days after service on the United States attorney"); Fed. R. Civ. P. 12(b) (party must

28 serve motion for lack of subject matter jurisdiction or failure to state a claim for relief by
a responsive pleading, like an answer).

filed claims in the Federal Bureau of Investigation (the "FBI") administrative forfeiture proceedings to contest the administrative forfeiture of their property, and those filings, by statute, required that the government file a judicial forfeiture action against the movants' property within 90 days of the claim filings or else release the movants' property. See 18 U.S.C. § 983(a)(3)(A) & (B) and docket no. 66 at 2:4-14. Further, the government noted that except for 3 of the movants and their respective boxes, the deadlines for filing complaints against the remaining movants' property would expire in September. Docket No. 66 at 2:12-14. Accordingly, as the government previously noted in its ex parte application, prudence required that the Ninth Circuit's dictates be strictly followed here - - namely that the movants' motion be treated as a complaint and that the government be given 60 days to respond thereto - - so that the Court need not litigate matters that are moot (because no complaint had been filed and the property had been returned or was scheduled for return) or potentially issue conflicting rulings in two different forums (movants Rule 41(g) proceeding and in any forfeiture lawsuit the government filed against a particular movant's property). Docket No. 66 at 2:14-20.

By order filed August 27, 2021, the Court granted the government's ex parte application, and continued the hearing on movants' motion from September 20, 2021 to November 15, 2021. Docket No. 69. As the government predicted, between the former (September 20, 2021) and new hearing (November 15, 2021) dates, this matter has become moot - - the government has either filed a judicial civil forfeiture action (here, as to movant Marek Rudak) or else has returned or is in the process of returning all the other movants' properties without filing a judicial forfeiture action. Zellhart Decl. ¶¶ 2 and 3. In addition, because the government wished to avoid filing the instant motion before the deadline expired to file a judicial forfeiture action against the last remaining movants (i.e., movants Hania Alexander, Lubia Alexander and Ethan Grosz, each of whom claim the same property, namely box number 5212 and for which the claim deadline expired October 31, 2021) and for which the government will be returning the property, on October 22, 2021, the government filed a stipulation to continue the

2

deadline for filing this motion to dismiss from October 22, 2021 to November 5, 2021, which stipulation the Court granted on October 25, 2021.  Docket Nos. 70 and 72.

Accordingly, movants' motion for return of property as to all the movants should be dismissed as moot, or for any of the other reasons set forth below.   The government respectfully requests that this motion to dismiss be granted.

## II.

## ARGUMENT

**A.   The Standards For Motions To Dismiss Under Fed. R. Civ. P.  12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.**

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)(citation omitted).  As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record." Id. at 546 (internal quotes and citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Conversely, in a factual attack "[n]o presumptive truthfulness attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation

omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

Courts should grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted when a complaint fails to allege a cognizable legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes and citation omitted). Also, a complaint must set forth "enough facts to state a claim for relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). On the motion, courts accept as true the well-pleaded material factual allegations of a complaint but need not accept as true conclusory allegations, unwarranted factual deductions, unreasonable inferences or legal characterizations. Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, courts may consider documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a summary judgment motion. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

1
2
3
4
5
6

**B.      Movants Cannot Satisfy Article III's Case Or Controversy Requirement Because This Matter Is Moot As All Property Has Been Or Is In The Process Of Being Returned Or The Government Has Filed A Civil Forfeiture Lawsuit Against The Property And Therefore Subject Matter Jurisdiction, Which Would Be Based Upon Equitable Jurisdiction, Does Not Lie.**

7
8
9
10
11
12
13
14
15
16
17
18
19
20

As mentioned above, the matters raised by movants in their Rule 41(g) motion are moot.  With respect to all of the movants, the Federal Bureau of Investigation (the "FBI") has either returned or is in the process of returning their property, or a judicial civil forfeiture action has been filed against their property.  Zellhart Decl. ¶ 2.  As to those boxes the FBI is in the process of returning, there are only a few (namely four) movant boxes, as follows.  Id. at ¶ 3.  First, three of the four movant boxes have appointments scheduled to pick up their property, and they are movant Gaylord Town [box 2100], who is apparently out-of-town and requested an appointment at the end of November (even though appointments were available sooner), and movants Mario Cerritos [box 48] and Hania and Lubia Alexander and Ethan Grosz [collectively, for box 5212]), both of whom have scheduled appointments to pick up their property next week. Id.  Second, the FBI has contacted the movant for the fourth box, which is for Kareem Couch [box 702], and has suggested dates for the movant to retrieve the property within the box.  Id.

21
22
23
24
25
26

However, from time-to-time,[2] the return of property is delayed because of actions of the boxholder.  Id. at ¶ 4.  For example, boxholders will cancel their appointment to pick up their property or they or their attorneys will simply not show up at all.  This is what happened with movant Iuliia Kolbina (box 2512) whose attorney failed to show up for their October 4, 2021 appointment to pick up their property, resulting in a delay in

27
28

_____

[2] For example, on June 9, 2021 a party identified only as "Tenant 3" made an appointment to retrieve Tenant 3's box contents for July 12, 2021, but then cancelled the July 12, 2021 appointment requiring that the appointment be rescheduled.  Docket No. 45 at 1:14-21 and docket no. 46 at 1:2-7.

5

1    returning the property.  Id.  Once the box contents are retrieved, the currency seized from
2    the box, which was deposited into a bank account, is wired to the boxholder, together
3    with the interest earned thereon, when the boxholder provides wire transfer information
4    to the FBI.  Id. at ¶ 5.

5        The government cannot control whether a movant picks up their items at their
6    scheduled times, and the movants failure to do so does not change the fact that their
7    matter is moot.  Further, movants cannot dispute that items have been returned to them.
8    However, while movants previously stated "[w]hen the government returns property, the
9    undersigned will motion this Court to dismiss claims as to the returned property for
10   being moot" [docket no. 68, movants' opposition to the government's ex parte
11   application at 7:11-13]), movants have not yet filed any such motion to dismiss as to
12   those movants whose property has been returned, thus requiring an analysis of all
13   movants when there is no reason the government or the Court should have to do so.

14       In order to have standing to sue, Article III requires that a plaintiff "suffer[] an
15   injury in fact – an invasion of a legally protected interest which is (a) concrete and
16   particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  Lujan v.
17   Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotes and citations omitted).
18   The "case or controversy" requirement in Article III mandates that issues be "definite
19   and concrete, not hypothetical or abstract," before federal courts may exercise
20   jurisdiction over them.  Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945).

21       Article III of the Constitution limits the jurisdiction of federal courts to actual
22   cases and controversies, and an action is rendered moot when the issues are no longer
23   live or the party lacks a legally cognizable interest in the outcome.  Headwaters Inv. v.
24   Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1989).  Courts lack
25   jurisdiction over claims for which no effective relief can be granted.  Aguirre v. S.S.
26   Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir. 1986).  "Where the question sought to be
27   adjudicated has been mooted by developments subsequent to the filing of the complaint,
28   no justiciable controversy is presented."  Id.  (citation omitted).

1    Here, the property that is the subject matter of movants Rule 41(g) motion has

2    been or is in the process of being returned or a forfeiture lawsuit has been filed.

3    Accordingly, Article III standing and subject matter jurisdiction is lacking and, as a

4    result, this action should be dismissed.

5    **C.    Movants Rule 41(g) Motion Seeks To Invoke The Equitable (Meaning**

6    **Subject Matter) Jurisdiction Of This Court, But Equitable Jurisdiction**

7    **Does Not Lie As To Any Property For Which The Government Has**

8    **Filed A Judicial Forfeiture Action Because The Judicial Forfeiture**

9    **Action Provides Movants With An Adequate Remedy At Law.**

10   The government has filed a judicial civil forfeiture action as to the property seized

11   from movant Marek Rudak, Case No. 2:21-cv-07505.  As to that matter, equitable (and

12   therefore subject matter) jurisdiction does not lie to hear movant's Rule 41(g)

13   motion/complaint.

14   Movants Rule 41(g) motion, which is treated as a complaint)[3] seeks to invoke the

15   Court's equitable jurisdiction.  Fed. R. Crim. P. 41(g) motions/complaints are only

16   appropriate where the return of property is sought and no criminal or civil forfeiture

17   action has been filed.  See United States v. $8,850, 461 U.S. 555, 569-70 (1983)

18   (recognizing such motions under former Fed. R. Crim. P. 41(e)).  Because such a movant

19   has no other available forum to address the grievance, Fed. R. Crim. P. 41(g) motions are

20   treated as equitable civil actions.  United States v. Martinson, 809 F.2d 1364, 1367 (9th

21   Cir. 1987).

22

23

24   ───────────────
     [3] Ninth Circuit cases instruct district courts to treat Rule 41(g) motions as civil
25   complaints governed by the Federal Rules of Civil Procedure.  United States v. Ibrahim,
     522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings
26   pending at the time of filing, the District Court properly treated the motion as a civil
     complaint governed by the Federal Rules of Civil Procedure") (citation omitted); United
27   States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003).  Once district courts treat the
     motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil
28   Procedure.  These rules apply to each stage of the proceedings, the same way they would
     in the civil context."  Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in
     original).

The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint.  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).  It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable.  United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

The commencement of the judicial forfeiture proceedings as to movant Rudak's property provides an adequate remedy at law and shows that equitable jurisdiction does not lie to hear a movant's Rule 41(g) claim.  See, e.g., U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant"); United States v. Elias, 921 F.2d 870, 873 (9th Cir. 1990) ("both [the administrative and judicial forfeiture] procedures give the claimant an adequate remedy at law"); In Re Return of Seized Prop. (Jordan), 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) (in granting the government's motion to dismiss a Fed. R. Crim. P. 41(g) motion for return with prejudice, the court noted "the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed") (citation omitted); In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) (in granting government's motion to dismiss for lack of subject matter jurisdiction, the district court noted "if a related civil forfeiture proceeding is filed - - either before or after the Rule 41(g) motion was brought - - the court no longer has jurisdiction to entertain the Rule 41(g) motion.  A civil forfeiture proceeding gives the claimant an adequate remedy at law, precluding exercise of the district court's equitable powers") (internal quotes and citations omitted); United States v. One 1987 Jeep

1    <u>Wrangler</u>, 972 F.2d 472, 479 (2d Cir. 1992) ("the claimant is afforded the opportunity to

2    test the legality of the seizure in the forfeiture proceeding.  Consequently, once the

3    administrative process has begun, the district court loses subject matter jurisdiction to

4    adjudicate the matter in a peripheral setting such as a Rule 41(e) motion") (citations

5    omitted); <u>United States v. 2nd Amendment Guns, LLC</u>, 917 F. Supp. 2d 1120 (D. Or.

6    2012) (once government commences administrative forfeiture proceeding, claimant has

7    an adequate remedy at law to raise claimant's Fourth Amendment unlawful search

8    arguments).

9          Therefore, movants' Rule 41(g) motion/complaint should be dismissed for lack of

10   subject matter jurisdiction.  The commencement of judicial forfeiture proceedings

11   provides an adequate remedy at law and shows that equitable jurisdiction does not lie.

12   Any arguments a movant wishes to raise, such as whether probable cause exists to forfeit

13   the property, can be raised in the judicial forfeiture proceeding that seeks to forfeit the

14   property.  Furthermore, allowing a movant who is subject to a judicial forfeiture action

15   to proceed in two different forums (<u>i.e.</u>, the instant Rule 41(g) proceeding and the

16   judicial forfeiture action) is not only unsupported by any caselaw (as opposed to the

17   numerous Ninth Circuit cases holding equitable jurisdiction does not exist once a

18   forfeiture action is filed), is also entirely inappropriate because it creates the danger of

19   inconsistent and conflicting rulings.

20   **D.    Even If Movants Could Prove Subject Matter Jurisdiction Existed**

21   **Over Any Property For Which The Government Has Filed A Judicial**

22   **Complaint, Which Movants Cannot, The Procedures They Propose**

23   **(Namely An Early Probable Cause Analysis) Is Contrary To Settled**

24   **Ninth Circuit Law.**

25         As to any movant for which the government has filed a judicial forfeiture action,

26   movants may be arguing (<u>see</u> motion, docket no. 64 at 13:20-15:13) that they should be

27   entitled to an ad hoc proceeding whereby the Court would have to ignore all the Federal

28   Rules of Civil Procedure.  However, assuming movants are making this request (and also

9

1  assuming for the moment that movants could establish that equitable jurisdiction lies,

2  which movants cannot establish here), movants' arguments are flatly contradictory to

3  settled Ninth Circuit authority.

4      Ninth Circuit caselaw holds that district courts are required to treat a Rule 41(g)

5  motion as a civil complaint.  United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir.

6  2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the

7  district court properly treated the motion as a civil complaint governed by the Federal

8  Rules of Civil Procedure") (citation omitted); Ritchie, 342 F.3d at 907 (nothing in Ninth

9  Circuit case law "indicates that a district court may treat a Rule 41[(g)] motion as

10  something less than a civil complaint when there is no pending criminal proceeding").[4]

11  Once district courts treat the motion "as a civil complaint, . . . it [is] required to apply the

12  Federal Rules of Civil Procedure.  **These rules apply to each stage of the proceedings,**

13  **the same way they would in the civil context**."  Ibrahim, 522 F.3d at 1008 (citation

14  omitted; underlined emphasis in original and emphasis in bold added).

15      In Ritchie, the Ninth Circuit treated a Rule 41 motion as a complaint and the

16  government's opposition to the motion as a Fed. R. Civ. P. 12(b)(6) motion to dismiss

17  for failure to state a claim for which relief can be granted, which was converted to a Fed.

18  R. Civ. P. 56 summary judgment motion because the government relied upon evidence

19  beyond the complaint.  Id. at 906-909.  See also Ibrahim, 522 F.3d at 1007 (discussing

20  Ritchie).  The Ninth Circuit noted in Ibrahim that the district court should have treated

21  the government's opposition as a motion to dismiss, converted it to a summary judgment

22  motion if the matter could not be decided on the pleadings, and if the court could not

23

24      [4] District courts within this Circuit consistently follow this rule.  See, e.g., In re

25  Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743, *2 (C.D. Cal. May
   30, 2013) ("[a]ll pertinent authority indicates that a Rule 41(g) motion must be treated as

26  a civil complaint.  Accordingly, the Federal Rules of Civil Procedure apply")(emphasis
   in original); Cromwell v. United States, 2013 WL 323261, *2 (N.D. Cal. Jan. 28, 2013)

27  ("the Ninth Circuit has made clear that, where there is no pending criminal proceeding, a
   Rule 41(g) motion must be considered a civil complaint and the Federal Rules of Civil
   Procedure are applicable"); Naranjo v. United States, 2014 WL 12591477, *2 (C.D. Cal.

28  Jan. 3, 2014) ("[w]hen there are no criminal proceedings pending against the movant, a
   Rule 41(g) motion is treated as a civil complaint") (citation omitted).

grant the government's summary judgment motion, then "the court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure." Id. at 1008. The Court then noted that the district court "erred because it improperly converted Ibrahim's motion for return of property into a motion for summary judgment, and then decided the issue in an ad hoc proceeding, under a preponderance of the evidence standard." Id.

The Ninth Circuit explained that the district court, however, was required to determine the matter under summary judgment standards and not the ad hoc preponderance of the evidence standard the district court had employed.  Accordingly, the Ninth Circuit "reverse[d] the district court's summary judgment, and remand[ed] for further proceedings consistent with the Federal Rules of Civil Procedure." Id.

The Ninth Circuit applied the same analysis in Kardoh v. United States, 572 F.3d 697 (9th Cir. 2009), where the court concluded that the government's opposition to a Rule 41(g) motion "was the equivalent of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as to which the court should determine whether 'the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.' " Kardoh, 572 F.3d at 702 (citing Ibrahim, 522 F.3d at 1008 [citing Fed. R. Civ. P. 56(c)]).

Even assuming movants could establish that this matter is not moot or that equitable subject matter jurisdiction lies, movants' Rule 41(g) motion/complaint should still be denied.  Movants' Rule 41(g) motion/complaint cannot be adjudicated on an "ad hoc" basis as they suggest in their request for litigation as to whether probable cause exists, as the Ninth Circuit explicitly condemned such an approach in Ibrahim, and instructed district courts to "apply the Federal Rules of Civil Procedure . . . to each stage of the proceedings, the same way they would in the civil context." Ibrahim, 522 F.3d at 1008.  For this reason as well, the government's motion to dismiss should be granted and movants Rule 41(g) motion should be dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION

For the foregoing reasons, plaintiff United States of America respectfully requests that its motion to dismiss be granted and movants motion for return of property be dismissed.

Dated: November 5, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA