TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102
    Facsimile: (213) 894-6269
    E-mail:    andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00106-MCS |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT U.S. PRIVATE VAULTS, INC. |
|         v. | |
| U.S. PRIVATE VAULTS, INC., California Corporate Number C3405297, | |
|     Defendant. | |

1.    This constitutes the plea agreement between U.S. PRIVATE VAULTS, INC. ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a)    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the

1  indictment, which charges defendant with Conspiracy to Launder
2  Money, in violation of 18 U.S.C. § 1956(h).

3        b)    Not contest facts agreed to in this agreement.

4        c)    Abide by all agreements regarding sentencing
5  contained in this agreement.

6        d)    Appear for all court appearances, surrender as
7  ordered for service of sentence, obey all conditions of any bond,
8  and obey any other ongoing court order in this matter.

9        e)    Not commit any crime; however, offenses that would be
10 excluded for sentencing purposes under United States Sentencing
11 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
12 not within the scope of this agreement.

13       f)    Be truthful at all times with Probation and Pretrial
14 Services and the Court.

15       g)    Pay the applicable special assessment at or before
16 the time of sentencing unless defendant lacks the ability to pay and
17 prior to sentencing submits a completed financial statement on a
18 form to be provided by the USAO.

19       h)    Not bring a post-conviction collateral attack on the
20 conviction or sentence except a post-conviction collateral attack
21 based on a claim of ineffective assistance of counsel.

22       i)    Not move to withdraw defendant's guilty plea

23       j)    Cease to do business and dissolve as a corporation
24 after winding down its operations.

25    3.    Defendant further agrees to:

26       a)    Immediately and irrevocably forfeit the following
27 items (collectively referred to herein as the "Forfeitable
28 Property"), which Forfeitable Property defendant agrees (1)

1  constitutes or is derived from proceeds traceable to or was involved
2  in violations of 18 U.S.C. § 1956; and (2) shall, at the sole
3  election of the United States of America, be criminally forfeited or
4  civilly forfeited, administratively or judicially, pursuant to 18
5  U.S.C. § 981, 18 U.S.C. § 982, 28 U.S.C. § 2461 or otherwise: the
6  business equipment seized during March 2021 from defendant
7  consisting of: (i) Asus Zen pad Model PO23; (ii) Dell Inspiration;
8  (iii) Dell Vostro P/N 40.3GA01.021; (iv) two money counters; (v) two
9  Iris ID icam 700s; (vi) two Schlange Biometric hand key CRs; and
10 (vii) nests of safe deposit boxes, including shelving, boxes,
11 hardware, bond tins, and keys.

12          b)   Deliver to the undersigned Assistant United States
13 attorney, within fourteen (14) calendar days of the written request
14 by the USAO (through an Assistant United States Attorney) therefor,
15 stipulations and requests to enter consent judgments of forfeiture
16 in a form acceptable to the USAO, executed by defendant, and
17 defendant's attorney, which stipulations and requests to enter
18 consent judgments of forfeiture (together with the [proposed]
19 consent judgments) shall provide for the immediate and irrevocable
20 forfeiture of the Forfeitable Property and which documents defendant
21 agrees the United States of America can immediately file or lodge
22 with the Court.

23          c)   Deliver to the undersigned Assistant United States
24 attorney, within fourteen (14) calendar days of the written request
25 by the USAO (through an Assistant United States Attorney) therefor,
26 stipulations and requests to enter consent judgments of forfeiture
27 in a form acceptable to the USAO, executed by defendant, and
28 defendant's attorney, which stipulations and requests to enter

1    consent judgments of forfeiture (together with the [proposed]
2    consent judgments) shall provide for the immediate and irrevocable
3    forfeiture of the Forfeitable Property and which documents defendant
4    agrees the United States of America can immediately file or lodge
5    with the Court.

6           d)    Hereby withdraw any claim or petition for remission
7    defendant submitted to any federal agency in the administrative
8    forfeiture proceedings commenced by that agency with respect to (1)
9    the Forfeitable Property; or (2) any and all property seized by the
10    government at any time between March 22, 2021 and March 26, 2021
11    from the safety deposit boxes at U.S. Private Vaults in Beverly
12    Hills, California that are the subject of any federal agency
13    (including, the FBI's) administrative forfeiture proceedings (the
14    "Administrative Forfeitable Property"). This withdrawal includes,
15    but is not limited to, the claim defendant dated June 9, 2021 and
16    submitted to the FBI with respect to the in excess of 350 items of
17    property listed in the FBI's May 20, 2021 notice letter to defendant
18    advising defendant of the commencement of administrative forfeiture
19    proceedings relative to those items. Defendant further waives
20    defendant's rights, if any, to any further notice relative to the
21    administrative forfeiture proceedings and understands, acknowledges
22    and agrees that defendant's interests in the Forfeitable Property
23    and the Administrative Forfeitable Property shall be
24    administratively forfeited to the United States of America without
25    any further notice.

26           e)    Refrain from contesting or seeking remission with
27    respect to the Forfeitable Property or the Administrative
28    Forfeitable Property (by filing a claim, statement of interest,

1 petition for an ancillary proceeding, petition for remission or
2 otherwise) in any administrative or judicial proceeding, or
3 assisting any other person or entity in falsely contesting the
4 forfeiture of the Forfeitable Property or the Administrative
5 Forfeitable Property in any administrative or judicial proceeding.

6    f) Take all steps necessary to pass to the United States
7 of America clear title to the Forfeitable Property and the
8 Administrative Forfeitable Property, including, without limitation,
9 the execution of consent judgments of forfeiture, consent directives
10 and the completion of any other legal documents required for the
11 transfer of title to the Forfeitable Property and the Administrative
12 Forfeitable Property to the United States of America.

13    g) The Court's entry of an order of forfeiture at or
14 before sentencing with respect to the Forfeitable Property and to
15 the forfeiture of the Forfeitable Property.  Defendant knowingly and
16 voluntarily waives (i) the requirements of Federal Rules of Criminal
17 Procedure 32.2 and 43(a) regarding notice of the forfeiture in the
18 charging instrument, announcement of the forfeiture at sentencing
19 and incorporation of the forfeiture in the judgment; (ii) all
20 constitutional and statutory challenges in any manner (including by
21 direct appeal, habeas corpus or any other means) to any forfeiture
22 carried out in accordance with this agreement on any grounds; and
23 (iii) all constitutional, legal and equitable defenses to the
24 forfeiture of the Forfeitable Property in any proceeding on any
25 grounds including, without limitation, that the forfeiture
26 constitutes an excessive fine or punishment.  Defendant also
27 acknowledges and understands that the forfeiture of the Forfeitable
28 Property is part of the sentence that may be imposed in this case

1  and waives any failure by the Court to advise defendant of this,
2  pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is
3  accepted.

4         h)    Forfeiture of the Forfeitable Property not being
5  counted toward satisfaction of any (i) special assessment, fine,
6  restitution, or any other penalty the Court may impose; or
7  (ii) taxes, penalties, or interest owed to the Internal Revenue
8  Service.

9         i)    Truthfully disclose to law enforcement officials, at
10 a date and time to be set by the USAO, the location of, ownership
11 interest in, and all other information known to defendant about, all
12 monies, properties, and/or other assets of any kind, in addition to
13 the Forfeitable Property, derived from or acquired as a result of,
14 or used to facilitate the commission of, defendant's illegal
15 activities, and to forfeit all right, title, and interest in and to
16 such items.  This does not require any individual officer, employee
17 or other individual to waive his or her Fifth Amendment right to
18 remain silent, however.

19        j)    Fill out and deliver to the USAO a completed
20 financial statement listing defendant's assets on a form provided by
21 the USAO.

22                    THE USAO'S OBLIGATIONS
23    4.   The USAO agrees to:
24        a)    Not contest facts agreed to in this agreement.
25        b)    At the time of sentencing, move to dismiss the
26 remaining counts of the indictment.  Defendant understands, however,
27 that at the time of sentencing the Court may consider any dismissed
28 charges in determining the sentence.

c) Not prosecute any director of defendant for any act or offense described in the indictment.

### CORPORATE AUTHORIZATION

5. Defendant represents that it is authorized to enter into this agreement through its corporate representative and attorney, as set forth in the attached corporate resolution.

### ORGANIZATIONAL CHANGES AND APPLICABILITY

6. This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the Probation and Pretrial Services with reasonably prompt notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

### NATURE OF THE OFFENSE

7. Defendant understands that for defendant to be guilty of conspiracy to launder money, in violation of Title 18, United States Code, Section 1956(h), the following must be true: First, during the time period alleged in the indictment there was an agreement between two or more persons to launder money; Second, defendant became a member of the conspiracy knowing of its object and

7

intending to help accomplish it.  The elements of promotional money laundering, in turn, are as follows:  First, defendant conducted a financial transaction involving property that represented the proceeds of the distribution of controlled substances; Second, defendant knew that the property represented the proceeds of the distribution of controlled substances; and Third, defendant acted with the intent to promote the carrying on of the distribution of controlled substances.  A financial transaction is a transaction involving the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

### PENALTIES

8.    Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 18, United States Code, Sections 1956(h), is: a five-year period of probation; a fine of $500,000, or twice the gross amount laundered, whichever is greatest; and a mandatory special assessment of $400.

### SUSPENSION AND REVOCATION

9.    Defendant understands that if defendant holds any regulatory licenses or permits, the conviction in this case may result in the suspension or revocation of those licenses and permits.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

### FACTUAL BASIS

10.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and

1  agree that this statement of facts is sufficient to support a plea
2  of guilty to the charges described in this agreement and to
3  establish the Sentencing Guidelines factors set forth below but is
4  not meant to be a complete recitation of all facts relevant to the
5  underlying criminal conduct or all facts known to either party that
6  relate to that conduct.

Beginning in 2019, and continuing through March, 2021, there
was an agreement between two or more persons to launder money.
Defendant became a member of that conspiracy knowing of its
object and intending to help accomplish it.  In furtherance of
the conspiracy, defendant, acting through a new director,
recruited as its customers drug traffickers and other
criminals.  These criminal customers paid defendant over
$550,000 in cash and bitcoin in exchange for the anonymous use
of safety deposit boxes to store the proceeds of their
offenses, most often in stacks of $100 bills.  These payments
to defendant of cash and bitcoin were made with the proceeds of
the distribution of controlled substances and other crimes,
which defendant knew.  Defendant deposited these cash payments
with Chase Bank and First Bank, financial institutions that are
engaged in interstate commerce. Defendant then used these
proceeds of the distribution of controlled substances deposited
at those banks to pay its costs of maintaining its anonymous
safety deposit boxes, thereby promoting the distribution of
controlled substances and other crimes by its customers.

## SENTENCING FACTORS

20  11.  Defendant understands that in determining defendant's
21  sentence the Court is required to calculate the applicable
22  Sentencing Guidelines range and to consider that range, possible
23  departures under the Sentencing Guidelines, and the other sentencing
24  factors set forth in 18 U.S.C. § 3553(a).  Defendant understands
25  that the Sentencing Guidelines are advisory only, that defendant
26  cannot have any expectation of receiving a sentence within the
27  calculated Sentencing Guidelines range, and that after considering
28  the Sentencing Guidelines and the other § 3553(a) factors, the Court

1  will be free to exercise its discretion to impose any sentence it
2  finds appropriate up to the maximum set by statute for the crime of
3  conviction.

4      12.   Defendant and the USAO agree to the following applicable
5  Sentencing Guidelines factors:

6      Base Offense Level:      22  U.S.S.G. § 2S1.1(a)(2)
7      Section 1956 Conviction:  +2  U.S.S.G. § 2S1.1(b)(2)(B)
8  Defendant and the USAO reserve the right to argue that additional
9  specific offense characteristics, adjustments, and departures under
10 the Sentencing Guidelines are appropriate.

11     13.   Defendant understands that there is no agreement as to
12 defendant's criminal history score or category.

13     14.   Defendant and the USAO reserve the right to argue for a
14 sentence outside the sentencing range established by the Sentencing
15 Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
16 (a)(2), (a)(3), (a)(6), and (a)(7).

17                  WAIVER OF CONSTITUTIONAL RIGHTS

18     15.   Defendant understands that by pleading guilty, defendant
19 gives up the following rights:

20          a)   The right to persist in a plea of not guilty.

21          b)   The right to a speedy and public trial by jury.

22          c)   The right to be represented by counsel – and if
23 necessary have the court appoint counsel – at trial.   Defendant
24 understands, however, that, defendant retains the right to be
25 represented by counsel – and if necessary have the court appoint
26 counsel – at every other stage of the proceeding.

27

28

                              10

d)    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)    The right to confront and cross-examine witnesses against defendant.

f)    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)    Any and all rights to pursue any affirmative defenses, Fourth Amendment claims, and other pretrial motions that have been filed or could be filed.

## LIMITED WAIVER OF DISCOVERY

16.  In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to review any additional discovery.

## WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant gives up the right to appeal any portion of the sentence provided the Court imposes a fine of no more than $5,000,000, a sentence of probation no longer than five years, and an order of restitution of no more than $10,000,000.

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence,

1  including any order of restitution, except a post-conviction
2  collateral attack based on a claim of ineffective assistance of
3  counsel, a claim of newly discovered evidence, or an explicitly
4  retroactive change in the applicable Sentencing Guidelines,
5  sentencing statutes, or statutes of conviction.

6      20.   The USAO gives up its right to appeal any portion of the
7  sentence.

8                  RESULT OF WITHDRAWAL OF GUILTY PLEA

9      21.   Defendant agrees that if, after entering a guilty plea
10  pursuant to this agreement, defendant seeks to withdraw and succeeds
11  in withdrawing defendant's guilty plea on any basis other than a
12  claim and finding that entry into this plea agreement was
13  involuntary, then (a) the USAO will be relieved of all of its
14  obligations under this agreement; and (b) should the USAO choose to
15  pursue any charge that was either dismissed or not filed as a result
16  of this agreement, then (i) any applicable statute of limitations
17  will be tolled between the date of defendant's signing of this
18  agreement and the filing commencing any such action; and
19  (ii) defendant waives and gives up all defenses based on the statute
20  of limitations, any claim of pre-indictment delay, or any speedy
21  trial claim with respect to any such action, except to the extent
22  that such defenses existed as of the date of defendant's signing
23  this agreement.

24                  EFFECTIVE DATE OF AGREEMENT

25      22.   This agreement is effective upon signature and execution
26  of all required certifications by defendant, defendant's counsel,
27  and an Assistant United States Attorney.

28

1    BREACH OF AGREEMENT

2        23.   Defendant agrees that if defendant, at any time after the

3    effective date of this agreement, knowingly violates or fails to

4    perform any of defendant's obligations under this agreement ("a

5    breach"), the USAO may declare this agreement breached.  All of

6    defendant's obligations are material, a single breach of this

7    agreement is sufficient for the USAO to declare a breach, and

8    defendant shall not be deemed to have cured a breach without the

9    express agreement of the USAO in writing.  If the USAO declares this

10   agreement breached, and the Court finds such a breach to have

11   occurred, then: (a) if defendant has previously entered a guilty

12   plea pursuant to this agreement, defendant will not be able to

13   withdraw the guilty pleas, (b) the USAO will be relieved of all its

14   obligations under this agreement, and (c) defendant will still be

15   bound by defendant's obligations under this agreement.

16       24.   Following the Court's finding of a knowing breach of this

17   agreement by defendant, should the USAO choose to pursue any charge

18   that was either dismissed or not filed as a result of this

19   agreement, then:

20            a)   Defendant agrees that any applicable statute of

21   limitations is tolled between the date of defendant's signing of

22   this agreement and the filing commencing any such action.

23            b)   Defendant waives and gives up all defenses based on

24   the statute of limitations, any claim of pre-indictment delay, or

25   any speedy trial claim with respect to any such action, except to

26   the extent that such defenses existed as of the date of defendant's

27   signing this agreement.

28

                                 13

1          c)   Defendant agrees that: (i) any statements made by
2  defendant, under oath, at the guilty plea hearing (if such a hearing
3  occurred prior to the breach); (ii) the agreed to factual basis
4  statement in this agreement; and (iii) any evidence derived from
5  such statements, shall be admissible against defendant in any such
6  action against defendant, and defendant waives and gives up any
7  claim under the United States Constitution, any statute, Rule 410 of
8  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
9  Criminal Procedure, or any other federal rule, that the statements
10  or any evidence derived from the statements should be suppressed or
11  are inadmissible.

12               COURT AND PROBATION OFFICE NOT PARTIES

13     25.  Defendant understands that the Court and Probation and
14  Pretrial Services are not parties to this agreement and need not
15  accept any of the USAO's sentencing recommendations or the parties'
16  agreements to facts or sentencing factors.

17     26.  Defendant understands that both defendant and the USAO are
18  free to: (a) supplement the facts by supplying relevant information
19  to Probation and Pretrial Services and the Court, (b) correct any
20  and all factual misstatements relating to the Court's Sentencing
21  Guidelines calculations and determination of sentence, and (c) argue
22  on appeal and collateral review that the Court's Sentencing
23  Guidelines calculations and the sentence it chooses to impose are
24  not error, although each party agrees to maintain its view that the
25  calculations in the plea agreement are consistent with the facts of
26  this case.  While this paragraph permits both the USAO and defendant
27  to submit full and complete factual information to Probation and
28  Pretrial Services and the Court, even if that factual information

1    may be viewed as inconsistent with the facts agreed to in this

2    agreement, this paragraph does not affect defendant's and the USAO's

3    obligations not to contest the facts agreed to in this agreement.

4        27.   Defendant understands that even if the Court ignores any

5    sentencing recommendation, finds facts or reaches conclusions

6    different from those agreed to, and/or imposes any sentence up to

7    the maximum established by statute, defendant cannot, for that

8    reason, withdraw defendant's guilty pleas, and defendant will remain

9    bound to fulfill all defendant's obligations under this agreement.

10    Defendant understands that no one -- not the prosecutor, defendant's

11    attorney, or the Court -- can make a binding prediction or promise

12    regarding the sentence defendant will receive, except that it will

13    be within the statutory maximum.

14                      NO ADDITIONAL AGREEMENTS

15        28.   Defendant understands that, except as set forth herein,

16    there are no promises, understandings, or agreements between the

17    USAO and defendant or defendant's attorney, and that no additional

18    promise, understanding, or agreement may be entered into unless in a

19    writing signed by all parties or on the record in court.

20          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

21        29.   The parties agree that this agreement will be considered

22    part of the record of defendant's guilty plea hearing as if the

23    entire agreement had been read into the record of the proceeding.

24    AGREED AND ACCEPTED

25    UNITED STATES ATTORNEY'S OFFICE
       FOR THE CENTRAL DISTRICT OF CALIFORNIA

26

27    ///

28

1  TRACY L. WILKISON
   Acting United States Attorney
2

3  *Andrew Brown*                          November 2, 2021
   ANDREW BROWN                            Date
4  Assistant United States Attorney

5  *Michael H Singer*                      *11-10-2021*
6  MICHAEL SINGER                          Date
   Attorney for Defendant
7  U.S. PRIVATE VAULTS, INC.

8           CERTIFICATION OF DEFENDANT AND DEFENDANT'S ATTORNEY

9       I have been authorized by defendant U.S. PRIVATE VAULTS, INC.

10 ("defendant") to enter into this agreement on behalf of defendant,

11 and to enter a guilty plea on behalf of defendant pursuant to

12 Federal Criminal Rule 43(b)(1).  I have read this agreement in its

13 entirety, and I have carefully and thoroughly discussed every part

14 of it with defendant's board of directors.  I understand the terms

15 of this agreement, and I voluntarily agree to those terms on behalf

16 of defendant.  To my knowledge: no promises, inducements, or

17 representations of any kind have been made to my client other than

18 those contained in this agreement; no one has threatened or forced

19 my client in any way to enter into this agreement; my client's

20 decision to enter into this agreement is an informed and voluntary

21 one; and the factual basis set forth in this agreement is sufficient

22 to support my client's entry of a guilty plea pursuant to this

23 agreement.

24

25 *Michael H Singer*                      *11-10-2021*
   MICHAEL SINGER                          Date
26 Attorney for Defendant
   U.S. PRIVATE VAULTS, INC.
27

28

                              16