# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - ARRAIGNMENT

Case Number: <u>2:21-CR-00106</u>        Recorder: <u>CS 03/09/2022</u>        Date: <u>03/09/2022</u>

Present: The Honorable <u>Patricia Donahue</u>, U.S. Magistrate Judge

Court Clerk: <u>Isabel Martinez</u>                Assistant U.S. Attorney: <u>AUSA</u>

| United States of America v. | Attorney Present for Defendant(s) | Language | Interpreter |
|---|---|---|---|
| U.S. PRIVATE VAULTS, INC., California Corporate Number C3405297 | MICHALE SINGER RETAINED by VTC | | |

**PROCEEDINGS: ARRAIGNMENT OF DEFENDANT(S) AND ASSIGNMENT OF CASE .**

Deft is arraigned and states true name is the name on the charging document.


Defendant corporation U.S. Private Vaults, Inc., California Corporate Number C3405297 represented by Michael Singer.

Defendant is given a copy of the Indictment and acknowledges having been read or having received a copy of the Indictment and waives the reading thereof.


Defendant pleads not guilty to all counts in the Indictment.

This case is assigned to the calendar of District Judge Mark C. Scarsi.
It is ordered that the following date(s) and time(s) are set:
     Jury Trial 5/3/2022 at 8:30 AM
Status Conference 03/21/2022 at 3:00 PM
Defendant and counsel are ordered to appear before said judge at the time and date indicated.




First Appearance/Appointment of Counsel: <u>00 : 00</u>
PIA: <u>00 : 05</u>
Initials of Deputy Clerk: <u>IM by TRB</u>

Copy to IntScheduler

## Post Indictment Arraignment Calendar

Date: 03/09/2022

| Magistrate Judge: Patricia Donahue | Location: Western Division - Roybal, 880 - 8TH Floor | Court Clerk: Isabel Martinez | Recorder: CS 03/09/2022 |
|---|---|---|---|

| Item Number: | Case Number: | Case Name: | Time: (00:00 AM/PM) |
|---|---|---|---|
| 1 | 2:21-CR-00106 | U.S.A. v. U.S. PRIVATE VAUKTS, INC., California Corporate Number C3405297 | 1:00 PM |

**Charges:**
INDICTMENT

18 U.S.C. 1956(h): CONSPIRACY TO LAUNDER MONEY. 21 U.S.C. 846: CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES. 18 U.S.C. 371: CONSPIRACY TO STRUCTURE TRANSACTIONS. 18 U.S.C. 982(a)(1), 21 U.S.C. 853 AND 881(a)(6), 28 U.S.C. 2461(c) AND 31 U.S.C. 5317(c): CRIMINAL FORFEITURE.

☒ Deft is arraigned and states true name is the name on the charging document.
☐ Defendant is arraigned and states true name is _____.
☐ Defendant is arraigned and the Court does not question defendant as to true name.

**Case Information:**

☑ Plea Agreement Filed

*CS 03/09/2022*

**Speedy Trial Act Dates:**

| FATD: 04/08/2022 | MCD: | TMAX: 05/18/2022 | TMAX - 2 WEEKS: 05/03/2022 |
|---|---|---|---|

| Plaintiff: | Counsel: |
|---|---|
| U.S.A. | AUSA *Amanda Elbogen by VTC* |

| Defendant | Def. Status | Counsel | Counsel Status | Language | Interpreter |
|---|---|---|---|---|---|
| U.S. PRIVATE VAULTS, INC., California Corporate Number C3405297 | SUMMONS | MICHALE SINGER | RETAINED *Present by VTC* | | |

Judge Assigned: Mark C. Scarsi
Jury Trial: 5/3/2022 at 8:30 AM
Status Conference: 03/21/2022 at 3:00 PM
Pre-trial Conf: _____
Motion Hearing: _____
Plea & Trial Setting: _____
Trial Setting Conf: _____

Take Not Guilty Plea: Yes
Issue Discovery/Order: No
Obtain Trial estimate: No
Counsel are directed to contact the Judge's CRD:
_____
Guilty Plea and Setting of all other proceedings:
_____
Change of Plea and Setting of all other proceedings:

**Other Info:**
The parties are referred to Judge Scarsi's Procedures and Schedules to obtain a copy of the judge's criminal standing order located on the Court's website at www.cacd.uscourts.govJudge Scarsi is located in Courtroom 7C - 7th Floor in the 350 W. 1st Street, Los Angeles, California 90012 Courthouse.



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | | |
|---|---|---|
| | Plaintiff, | Western Division |
| vs. | | Case Number: 2:21-CR-00106-MCS    Indictment |
| | | Initial App. Date: 03/09/2022    Summons |
| U.S. PRIVATE VAULTS, INC., California Corporate Number C3405297 | | Initial App. Time: 1:00 PM |
| | Defendant. | Date Filed: 03/09/2021 |
| | | Violation: 18:1956(h); 21:846; 18:371 |
| | | CourtSmart/ Reporter: |

3-921

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: **Patricia Donahue** | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

| PRESENT: | Martinez, Isabel | *Amanda Ebgen* | None |
|---|---|---|---|
| | *Deputy Clerk* | *Assistant U.S. Attorney* | *Interpreter/Language* |

☐ INITIAL APPEARANCE NOT HELD - CONTINUED

☑ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and
☑ preliminary hearing OR ☐ removal hearing / Rule 20.

☑ Defendant states true name ☑ is as charged ☐ is _____

☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.

☐ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered **SEALED**.

☑ Attorney: **Michael Singer**, Retained ☐ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)
☐ Special appearance by: _____

☐ Government's request for detention is: ☐ GRANTED ☐ DENIED ☐ WITHDRAWN ☐ CONTINUED

☐ Contested detention hearing is held. ☐ Defendant is ordered: ☐ Permanently Detained ☐ Temporarily Detained (see separate order).

☐ BAIL FIXED AT $ _____ **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)**

☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED

☐ Preliminary Hearing waived. ☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties

☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.

☐ PO/PSA WARRANT ☐ Counsel are directed to contact the clerk for
District Judge _____ for the setting of further proceedings.

☐ Preliminary Hearing set for _____ at 4:30 PM

☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana

☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED

☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED

☐ Defendant executed Waiver of Rights. ☐ Process received.

☐ Court ORDERS defendant Held to Answer to _____ District of _____
   ☐ Bond to transfer, if bail is posted. Defendant to report on or before _____
   ☐ Warrant of removal and final commitment to issue. Date issued: _____ By CRD: _____
   ☐ Warrant of removal and final commitment are ordered stayed until _____

☐ Case continued to (Date) _____ (Time) _____ AM / PM
   Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
   Proceedings will be held in the ☐ Duty Courtroom _____ ☐ Judge's Courtroom _____

☐ Defendant committed to the custody of the U.S. Marshal ☑ Summons: Defendant ordered to report to USM for processing.

☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.

☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.

☐ RELEASE ORDER NO: _____

☑ Other: *PIA held; see separate PIA minutes.*

☐ PSA ☐ USPO ☐ FINANCIAL       ☐ CR-10 ☐ CR-29       ☐ READY
                                                      Deputy Clerk Initials _____

15

| M-5 (10/13) | CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE | Page 1 of 1 |
|---|---|---|

FILED

Name and address:
Michael H. Singer, NV State Bar #1589
8475 S. Eastern Avenue
Las Vegas, NV 89123
email: msinger@mhsingerlaw.com
phone: (702) 454-2111
Attorney for U.S. Private Vaults, Inc., Cal. Corp. #C3405297

2022 MAR -8 AM 11: 28

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | CASE NUMBER: |
| | PLAINTIFF(S) | 2:21-cr-00106-MCS |
| v. | | |
| U.S. PRIVATE VAULTS, INC., CAL. CORP. #3405297 | | NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL |
| | DEFENDANT(S) | |

## INSTRUCTIONS

*Appearance of Counsel:*

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel:*

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

**_Note:_** *In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

## SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it currently appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Michael H. Singer                                    CA Bar Number: NV 1589

Firm or agency: Law Office ofn Michael H. Singer

Address: 8475 S. Eastern Avenue, Las Vegas, NV 89123

Telephone Number: (702) 454-2111          Fax Number:

Email: msinger@mhsingerolaw.com

Counsel of record for the following party or parties: Defendany, U.S. Private Vaults, Inc., California Corporate Number 3405297

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket. The date of the attorney's first appearance in this case: _____ .

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. Other members of this attorney's firm or agency have previously appeared in the case.

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above. No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice.*

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____. The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☐ USAO   ☐ FPDO   ☐ CJA Appointment   ☐ Pro Bono   ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

*Notices of Electronic Filing will be terminated. Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket. Date of the order relieving this attorney: _____.

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
   *(Note: if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. Date party was dismissed: _____.

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated. Date the mandate was filed: _____.

## SECTION IV - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: __3-3-22__

Signature: *Michael H. Singer*

Name: *Michael H. Singer*

**ORIGINAL**

NAME & ADDRESS

Michael H. Singer (NV State Bar #1589)
8475 S. Eastern Ave., Laas Vegas, NV 89123
Attorney for Defendant U.S. Private Vaults, Inc.

2022 MAR -8  AM 11: 28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| v.                 PLAINTIFF, | 2:21-cr-00106-MCS |
| U.S. PRIVATE VAULTS, Cal Corp #C3405297 | CONSENT TO VIDEO/TELEPHONIC CONFERENCE |
| USMS Reg. #: | AND/OR WAIVER OF DEFENDANT'S PRESENCE |
| DEFENDANT(S). | ☒ AND PROPOSED FINDINGS/ORDER |

*Check each that applies:*

☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE          ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, __Michael H. Singer__ , understand that the U.S. Constitution, the Federal Rules of Criminal

Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)   ☒ Initial Appearance (Fed. R. Crim. P. 5)
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)                                ☐ Arraignment (Fed. R. Crim. P. 10)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)             ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))             ☐ Appearances under Fed. R. Crim. P. 40
☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

              ☐ Felony Pleas (Fed. R. Crim. P. 11)      ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, __Michael H. Singer__ , understand that the U.S. Constitution, the Federal Rules of Criminal

Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)   ☐ Probation and Supervised Release Revocation
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)                                Proceedings (Fed. R. Crim. P. 32.1)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)             ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))             ☐ Appearances under Fed. R. Crim. P. 40

| March 7, 2022 | U.S. Private Vaults  by Michael H Singer |
|---|---|
| Date | Defendant  ☒ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable] |

*In Custody?*        *For in-custody defendants,*
☐ Yes  ☐ No      *list institution where housed:* _____

CR-029 (08/20)    CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE          P. 1 OF 2

I have translated this consent/waiver to the Defendant in the ___*English*___ language.

**3-7-22**
_____
Date

_____
Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with
Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein. Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s). I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

**3-7-22**
_____
Date

_____
Counsel for Defendant

---

**3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice." Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

**4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)      ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____
Date

_____
United States District Judge

---

Case 2:21-cr-00106-MCS   Document 1-2   Filed 03/09/21   Page 1 of 2   Page ID #:17

ResetForm

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CASE SUMMARY

FILED
CLERK, U.S. DISTRICT COURT
03/09/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: __DM__ DEPUTY

| | |
|---|---|
| Case Number  2:21-cr-00106-MCS | Defendant Number  1 |
| U.S.A. v.  U.S. Private Vaults, Inc. | Year of Birth  NA |
| ☑ Indictment   ☐ Information | Investigative agency (FBI, DEA, etc.)  FBI |

**NOTE: All items MUST be completed. If you do not know the answer or a question is not applicable to your case, enter "N/A."**

## OFFENSE/VENUE

a. Offense charged as a:

☐ Class A Misdemeanor   ☐ Minor Offense   ☐ Petty Offense

☐ Class B Misdemeanor   ☐ Class C Misdemeanor   ☑ Felony

b. Date of Offense   2019 - March 9, 2021

c. County in which first offense occurred

Los Angeles

d. The crimes charged are alleged to have been committed in (CHECK **ALL** THAT APPLY):

☑ Los Angeles     ☐ Ventura
☐ Orange          ☐ Santa Barbara
☐ Riverside       ☐ San Luis Obispo
☐ San Bernardino  ☐ Other

Citation of Offense   18 USC Sections 371 and 1956,

21 USC 846

e. Division in which the MAJORITY of events, acts, or omissions giving rise to the crime or crimes charged occurred:

☑ Western (Los Angeles, San Luis Obispo, Santa Barbara, Ventura)

☐ Eastern (Riverside and San Bernardino)   ☐ Southern (Orange)

## RELATED CASE

Has an indictment or information involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?

☑ No     ☐ Yes

If "Yes," Case Number:

Pursuant to General Order 21-01, criminal cases may be related if a previously filed indictment or information and the present case:

a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or

b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

Related case(s), if any (**MUST MATCH NOTICE OF RELATED CASE**):

## PREVIOUSLY FILED COMPLAINT/CVB CITATION

A complaint/CVB citation was previously filed on:  NA

Case Number:

Assigned Judge:

Charging:

The complaint/CVB citation:

☐ is still pending

☐ was dismissed on:

## PREVIOUS COUNSEL

Was defendant previously represented?   ☑ No   ☐ Yes

IF YES, provide Name:

Phone Number:

## COMPLEX CASE

Are there 8 or more defendants in the Indictment/Information?

☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?

☐ Yes*   ☑ No

*AN ORIGINAL AND 1 COPY (UNLESS ELECTRONICALLY FILED) OF THE NOTICE OF COMPLEX CASE MUST BE FILED AT THE TIME THE INDICTMENT IS FILED IF EITHER "YES" BOX IS CHECKED.

## SUPERSEDING INDICTMENT/INFORMATION

**IS THIS A NEW DEFENDANT?**   ☐ Yes   ☐ No

This is the _____ superseding charge (i.e., 1st, 2nd).

The superseding case was previously filed on:

Case Number

The superseded case:

☐ is still pending before Judge/Magistrate Judge

☐ was previously dismissed on

Are there 8 or more defendants in the superseding case?

☐ Yes*   ☐ No

Will more than 12 days be required to present government's evidence in the case-in-chief?

☐ Yes*   ☐ No

Was a Notice of Complex Case filed on the Indictment or Information?

☐ Yes   ☐ No

*AN ORIGINAL AND 1 COPY OF THE NOTICE OF COMPLEX CASE MUST BE FILED AT THE TIME THE SUPERSEDING INDICTMENT IS FILED IF EITHER "YES" BOX IS CHECKED.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CASE SUMMARY

**INTERPRETER**

Is an interpreter required?   ☐ YES   ☑ NO

IF YES, list language and/or dialect:

_____

**OTHER**

☐ Male            ☐ Female

☐ U.S. Citizen    ☐ Alien

Alias Name(s)   NA -- corporate defendant

_____

This defendant is charged in:

☑ All counts

☐ Only counts: _____

☐ This defendant is designated as "High Risk" per
18 USC § 3146(a)(2) by the U.S. Attorney.

☐ This defendant is designated as "Special Case" per
18 USC § 3166(b)(7).

Is defendant a juvenile?   ☐ Yes   ☑ No

IF YES, should matter be sealed?   ☐ Yes   ☐ No

The area(s) of substantive law that will be involved in this case
include(s):

☐ financial institution fraud     ☐ public corruption

☐ government fraud                ☐ tax offenses

☐ environmental issues            ☐ mail/wire fraud

☑ narcotics offenses              ☐ immigration offenses

☐ violent crimes/firearms         ☐ corporate fraud

☑ Other   money laundering

_____

**CUSTODY STATUS**

**Defendant is not in custody:**

a. Date and time of arrest on complaint:  NA -- summons

b. Posted bond at complaint level on: _____

in the amount of $ _____

c. PSA supervision?   ☐ Yes   ☐ No

d. Is on bail or release from another district:

_____

**Defendant is in custody:**

a. Place of incarceration:   ☐ State   ☐ Federal

b. Name of Institution: _____

c. If Federal, U.S. Marshals Service Registration Number:

_____

d. ☐ Solely on this charge. Date and time of arrest:

_____

e. On another conviction:   ☐ Yes   ☐ No

IF YES :   ☐ State   ☐ Federal   ☐ Writ of Issue

f. Awaiting trial on other charges:   ☐ Yes   ☐ No

IF YES :   ☐ State   ☐ Federal   AND

Name of Court: _____

Date transferred to federal custody: _____

This person/proceeding is transferred from another district
pursuant to F.R.Cr.P. _____ 20 _____ 21 _____ 40

**EXCLUDABLE TIME**

Determinations as to excludable time prior to filing indictment/information.  EXPLAIN: _____

_____

Date    03/05/2021

*Andrew Brown*
Signature of Assistant U.S. Attorney
Andrew Brown, x0102, 11th Floor
Print Name

03/09/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                   January 2020 Grand Jury

11  UNITED STATES OF AMERICA,          CR 2:21-cr-00106-MCS

12             Plaintiff,              I N D I C T M E N T

13             v.                      [18 U.S.C. § 1956(h): Conspiracy
                                       to Launder Money; 21 U.S.C. § 846:
14  U.S. PRIVATE VAULTS, INC.,         Conspiracy to Distribute
       California Corporate            Controlled Substances; 18 U.S.C.
15     Number C3405297,                371: Conspiracy to Structure
                                       Transactions; 18 U.S.C.
16             Defendant.              § 982(a)(1), 21 U.S.C. §§ 853 and
                                       881(a)(6), 28 U.S.C. § 2461(c) and
17                                     31 U.S.C. § 5317(c): Criminal
                                       Forfeiture]
18

19        The Grand Jury charges:

20                          COUNT ONE

21                      [18 U.S.C. § 1956(h)]

22  A.    INTRODUCTORY ALLEGATIONS

23        1.    At times relevant to this Indictment:

24             a.    Defendant U.S. PRIVATE VAULTS, INC. ("USPV"), a Nevada

25  Corporation registered with the California Secretary of State, was in

26  the business of renting safety deposit boxes to individuals who

27  wished to do so anonymously.

28             b.    Co-conspirator USPV Officer was an officer of USPV and

1    one of its owners.  USPV Officer dealt in marijuana, in violation of

2    the laws of California, as well as cocaine.

3          c.    Co-conspirator USPV Manager was the manager of USPV.

4    USPV Manager helped USPV Officer arrange drug deals within USPV, and

5    helped USPV customers avoid detection by law enforcement, including

6    by advising them to structure their cash purchases to avoid reporting

7    requirements.

8          d.    Co-conspirator Gold Business was a dealer in precious

9    metals and jewelry, and shared the same space as USPV, as well as

10   some employees.  Gold Business helped USPV customers convert their

11   cash into gold, and structured their cash transactions to avoid

12   federal reporting requirements.

13         e.    Co-conspirator USPV Representative One was a

14   representative of USPV, and an owner of co-conspirator Gold Business.

15   USPV Representative One instructed USPV customers how to structure

16   transactions to avoid federal reporting requirements.

17         f.    Co-conspirator USPV Representative Two was a

18   representative of USPV, and an owner of co-conspirator Gold Business.

19   USPV Representative Two instructed USPV customers how to structure

20   transactions to avoid federal reporting requirements.

21   B.    THE OBJECTS OF THE CONSPIRACY

22         2.    Beginning in or before 2019, and continuing through the

23   date of this Indictment, in Los Angeles County, within the Central

24   District of California, and elsewhere, defendant USPV conspired with

25   others known and unknown to the Grand Jury to launder money, in

26   violation of Title 18, United States Code, Section 1956, namely:

27         a.    to knowingly conduct and attempt to conduct financial

28   transactions involving the proceeds of a specified unlawful activity,

1  that is, the distribution of controlled substances, with the intent

2  to promote the carrying on of that specified unlawful activity, in

3  violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

4          b.    to knowingly conduct and attempt to conduct financial

5  transactions involving the proceeds of specified unlawful activity,

6  that is, the distribution of controlled substances, knowing that the

7  transactions were designed in whole or in part to conceal and

8  disguise the nature, location, source, ownership, and control of the

9  proceeds of specified unlawful activity, in violation of Title 18,

10 United States Code, Section 1956(a)(1)(B)(i); and

11         c.    to knowingly conduct and attempt to conduct financial

12 transactions involving the proceeds of specified unlawful activity,

13 that is, the distribution of controlled substances, knowing that the

14 transactions were designed in whole or in part to avoid a transaction

15 reporting requirement under Federal law, in violation of Title 18,

16 United States Code, Section 1956(a)(1)(B)(ii).

17 C.   MANNER AND MEANS OF THE CONSPIRACY

18         3.    The objects of the conspiracy were carried out and were to

19 be carried out, in substance, as follows:

20         a.    Defendant USPV would adopt business practices that

21 attracted customers in possession of proceeds from criminal offenses,

22 including drug trafficking, and not law-abiding persons.  Such

23 practices included: (1) touting the anonymity of the safety deposit

24 rentals that defendant USPV would provide, including by advertising

25 "we don't even want to know your name"; (2) boasting that, unlike

26 banks, its anonymous safety deposit box rentals did not require

27 customer information that "can be easily accessed by government

28 agencies (such as the IRS)"; (3) making arrangements for the payment

3

Case 2:21-cr-00106-MCS Document 1 Filed 03/09/21 Page 4 of 16 Page ID #:4

1   of the rental fees in cash and other ways that would be untraceable;

2   (4) issuing safety deposit box keys that were unmarked and unnumbered

3   so that law enforcement could not determine that the keys unlocked

4   safety deposit boxes at USPV; and (5) charging safety deposit box

5   rental rates several times higher than those at banks.

6           b.   USPV Officer would capitalize defendant USPV with the

7   proceeds of his illegal drug trafficking.

8           c.   USPV Officer would invite other drug traffickers who

9   knew and trusted him because of his illegal drug trafficking to store

10  the proceeds of their drug trafficking at defendant USPV.

11          d.   Employees of defendant USPV would conduct counter

12  surveillance of the neighborhood and warn customers when they

13  observed law enforcement.

14          e.   Agents of defendant USPV would instruct customers to

15  structure transactions to avoid currency transaction reports

16  including by purchasing gold and other precious metals through Gold

17  Business, which would structure transactions and not file required

18  currency reports.

19          f.   If agents of defendant USPV learned that law

20  enforcement was interested in searching or seizing the contents of a

21  particular customer's safety deposit box, they would attempt to warn

22  the customer, delay law enforcement, or even remove all but a nominal

23  amount of cash from the box for the customer, to prevent law

24  enforcement from discovering and seizing the bulk of the cash.

25          g.   Defendant USPV would deposit the cash proceeds it

26  received from its customers for safety deposit box rentals, which

27  included proceeds from the distribution of controlled substances,

28  into its bank account, and then use those proceeds to maintain USPV's

1   anonymous storage facilities for its criminal customers.

2          h.    USPV Officer and USPV Manager would negotiate drug

3   deals illegal under California law within the secured space of USPV,

4   and USPV Officer would store the cash proceeds from drug deals within

5   a safety deposit box at USPV.

6          i.    USPV Manager would accept cash purportedly from

7   illegal drug sales, and structure transfers of it to Gold Business in

8   amounts not greater than $10,000 at a time in exchange for wire

9   transfers that purported to be for the sale of precious metals.

COUNT TWO

[21 U.S.C. § 846]

4.   The Grand Jury realleges paragraph 1 of this Indictment here.

A.   OBJECTS OF THE CONSPIRACY

5.   Beginning in or before 2019, and continuing through the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendant U.S. PRIVATE VAULTS, INC. conspired with others known and unknown to the Grand Jury to distribute controlled substances, including marijuana, a Schedule I controlled substance, and cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(1)(D).

B.   MANNER AND MEANS OF THE CONSPIRACY

6.   The objects of the conspiracy were carried out, and to be carried out, as described in paragraph 3 of this Indictment, which the Grand Jury realleges here.

C.   OVERT ACTS

7.   In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendant USPV, acting through its officers and managers, committed various overt acts within the Central District of California, including but not limited to the following:

Overt Act No. 1:  On June 28, 2019, USPV Manager distributed within USPV's business location six different butane hash oil vape cartridges containing THC to someone he believed to be a drug trafficker, but who was, in fact, a confidential informant working with law enforcement ("Confidential Informant 3"), as samples of what

6

defendant USPV could provide in bulk.

Overt Act No. 2:  On July 26, 2019, USPV Officer met Confidential Informant 3 within USPV to sell him 1,000 vape cartridges containing THC.  USPV Officer delivered the cartridges in the parking lot of USPV, and received in exchange $8,000 in cash within USPV's business location.

Overt Act No. 3:  On or about December 11, 2019, during discussions for the sale of cocaine, USPV Officer instructed the buyer, Confidential Informant 3, to use a wireless communication application called "Signal," which is encrypted to communicate with him regarding the transaction.

Overt Act No. 4:  On or about December 16, 2019, USPV Officer instructed Confidential Informant 3 to come to USPV to complete the exchange.

Overt Act No. 5:  On or about December 16, 2019, USPV Manager called Confidential Informant 3 and explained that co-conspirator USPV Officer was not being careful enough, and could bring unwanted law enforcement attention to defendant USPV by conducting this drug deal onsite.

Overt Act No. 6:  On or about December 18, 2019, USPV Officer sold an ounce of cocaine to Confidential Informant 3 through intermediaries.

COUNT THREE

[18 U.S.C. § 371]

8.   The Grand Jury realleges paragraph 1 of this Indictment here.

A.   OBJECTS OF THE CONSPIRACY

9.   Beginning in or before 2019, and continuing through the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendant U.S. PRIVATE VAULTS, INC. conspired with others known and unknown to the Grand Jury to knowingly and for the purpose of evading the reporting requirements of Section 5331 of Title 31, United States Code, and the regulations promulgated thereunder: (1) cause and attempt to cause a nonfinancial trade or business to fail to file a report required under Section 5331 of Title 31, and any regulation prescribed under any such Section, in violation of Title 31, United States Code, Section 5324(b)(1); and (2) structure, assist in structuring, and attempt to structure and assist in structuring, transactions with one or more nonfinancial trades or businesses, in violation of Title 31, United States Code, Section 5324(b)(3).

B.   MANNER AND MEANS OF THE CONSPIRACY

10.   The objects of the conspiracy were carried out, and to be carried out, as described in paragraph 3 of this Indictment, which the Grand Jury realleges here.

C.   OVERT ACTS

11.   In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendant USPV, acting through its officers and managers, committed various overt acts within the Central District of California, including but

8

not limited to the following:

Overt Act No. 1:  On December 4, 2019, Gold Business sold jewelry for $11,900 in cash to a customer of USPV who was also a confidential informant working with law enforcement ("Confidential Informant 1"), and did not file the required IRS Form 8300.

Overt Act No. 2:  On January 13, 2020, USPV Representative One told a customer of USPV who was also a confidential informant working with law enforcement ("Confidential Informant 4"), and who expressed an interest in buying $20,000 worth of precious metals in cash, to purchase only $10,000 at a time to avoid paperwork.

Overt Act No. 3:  On January 28, 2020, USPV Representative Two told a DEA agent who was posing as a USPV customer and said he wanted to purchase $18,000 in gold, "I recommend you stay under $10,000 in cash and then you could just do some one day, and a few days later you could do the other," and explained, "If you buy less than $10,000 then there's no form."

Overt Act No. 4:  On January 29, 2020, USPV Manager instructed Confidential Informant 3, who wanted to buy gold to pay a "skante" debt "down south," meaning a debt in Mexico for methamphetamine, to keep his purchases under $10,000 each:  "That way you don't have to give no social security, no ID. All that shit goes to the IRS."  USPV Manager introduced Confidential Informant 3 to co-conspirator USPV Representative One to purchase the gold.

Overt Act No. 5:  On January 29, 2020, USPV Representative One explained to Confidential Informant 3 and his friend, who was actually an undercover police officer ("Undercover Officer"), that it was better to space out his cash purchases and keep each one under

1  $10,000: "Don't come in every day. . . . what they look for is a
2  pattern of someone who with intention is trying to get around . . ."
3      Overt Act No. 6:  On January 29, 2020, when Undercover Officer
4  explained that he needed more than $10,000 worth of gold quickly,
5  USPV Manager suggested that he split the purchase between himself and
6  Confidential Informant 3, so that each purchase would be under
7  $10,000 individually.  USPV Representative One agreed to the ruse "as
8  long as you hand me the money" separately and fill out receipts for
9  two separate transactions.  USPV Representative One also agreed that
10 Undercover Officer could pick up the total gold purchase alone the
11 following day.
12     Overt Act No. 7:  On January 29, 2020, USPV Representative One
13 accepted first $9,900 in cash from Undercover Officer and then
14 another $5,000 which Undercover Officer handed to Confidential
15 Informant 3, who then handed it to USPV Representative One.
16     Overt Act No. 8:  On January 30, 2020, USPV Representative One
17 delivered nine ounces of gold bullion to Undercover Officer.
18     Overt Act No. 9:  On November 17, 2020, USPV Manager accepted
19 $25,000 in cash from Confidential Informant 3, who said it was from
20 the sale of "skante" (methamphetamine), and structured the transfer
21 of it to Gold Business in exchange for wire transfers of $10,000 and
22 $12,000, purportedly from the sale of gold, to launder the cash.
23
24
25
26
27
28

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982(a)(1)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant U.S. PRIVATE VAULTS, INC. that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of defendant USPV's conviction under Count One of this Indictment.

2.   Defendant USPV shall forfeit to the United States the following property:

      a.   All right, title, and interest in any and all property, real or personal, involved in or traceable to any transaction set forth in Count One of this Indictment, including, without limitation the property set forth in paragraph 3 below; and

      b.   A sum of money equal to the total value of the property described in subparagraph a above.

3.   The Grand Jury finds probable cause to believe that the following property, located at U.S. PRIVATE VAULTS, INC., 9182 WEST OLYMPIC BLVD., BEVERLY HILLS, CA 90212, is subject to forfeiture on the grounds set forth in paragraph 2 above:

      a.   The business computers;

      b.   The money counters;

      c.   The nests of safety deposit boxes and keys;

      d.   The digital and video surveillance and security equipment; and

      e.   The biometric scanners.

4.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b),

11

Case 2:21-cr-00106-MCS Document 1 Filed 03/09/21 Page 12 of 16 Page ID #:12

defendant USPV shall forfeit substitute property, up to the value of the property described in paragraph 2 above if, as the result of any act or omission of defendant USPV, the property described in paragraph 2 above or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 881(a)(6), 28 U.S.C. § 2461(c)

and 21 U.S.C. § 853]

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to defendant U.S. PRIVATE VAULTS, INC. that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 881(a)(6), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853, in the event of defendant USPV's conviction under Count Two of this Indictment.

2. Defendant USPV shall forfeit to the United States the following property:

a. All right, title, and interest in any and all property, real or personal:

i. constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense set forth in Count Two of this Indictment, including, without limitation, the property set forth in paragraph 3 below; or

ii. used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense set forth in Count Two of this Indictment, including, without limitation, the property set forth in paragraph 3 below; and

b. A sum of money equal to the total value of the property described in subparagraph a above.

///

3.    The Grand Jury finds probable cause to believe that the following property, located at U.S. PRIVATE VAULTS, INC., 9182 WEST OLYMPIC BLVD., BEVERLY HILLS, CA 90212, is subject to forfeiture on one or more of the grounds set forth in paragraph 2 above:

    a.    The business computers;

    b.    The money counters;

    c.    The nests of safety deposit boxes and keys;

    d.    The digital and video surveillance and security equipment; and

    e.    The biometric scanners.

4.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant USPV shall forfeit substitute property, up to the value of the property described in paragraph 2 above if, as the result of any act or omission of defendant USPV, the property described in paragraph 2 above or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[31 U.S.C. § 5317(c) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to defendant U.S. PRIVATE VAULTS, INC. that the United States will seek forfeiture as part of any sentence in accordance with Title 31, United States Code, Section 5317(c), and Title 28, United States Code, Section 2461(c), in the event of defendant USPV's conviction under Count Three of this Indictment.

2.   Defendant USPV shall forfeit to the United States the following property:

     a.   All right, title, and interest in any and all property, real or personal, involved in or traceable to the offense set forth in Count Three of this Indictment, including, without limitation, the property set forth in paragraph 3 below; and

     b.   A sum of money equal to the total value of the property described in subparagraph a above.

3.   The Grand Jury finds probable cause to believe that the following property, located at U.S. PRIVATE VAULTS, INC., 9182 WEST OLYMPIC BLVD., BEVERLY HILLS, CA 90212, is subject to forfeiture on the grounds set forth in paragraph 2 above:

          a.   The business computers;

          b.   The money counters;

          c.   The nests of safety deposit boxes and keys;

          d.   The digital and video surveillance and security equipment; and

          e.   The biometric scanners

4.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section

15

Case 2:21-cr-00106-MCS Document 1 Filed 03/09/21 Page 16 of 16 Page ID #:16

5317(c)(1)(B), and Title 28, United States Code, Section 2461(c),
defendant USPV shall forfeit substitute property, up to the value of
the property described in paragraph 2 above if, as the result of any
act or omission of defendant USPV, the property described in
paragraph 2 above or any portion thereof (a) cannot be located upon
the exercise of due diligence; (b) has been transferred, sold to, or
deposited with a third party; (c) has been placed beyond the
jurisdiction of the court; (d) has been substantially diminished in
value; or (e) has been commingled with other property that cannot be
divided without difficulty.

                            A TRUE BILL

                            _____/S/_____
                            Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ANDREW BROWN
Assistant United States Attorney
Major Frauds Section

1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (Cal. Bar No. 172009)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0102
7       Facsimile: (213) 894-6269
        E-mail:   andrew.brown@usdoj.gov
8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9

10                   UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. 2:21-cr-00106-MCS

13           Plaintiff,                PLEA AGREEMENT FOR DEFENDANT U.S.
                                       PRIVATE VAULTS, INC.
14              v.

15  U.S. PRIVATE VAULTS, INC.,
       California Corporate
16     Number C3405297,

17           Defendant.

18

19       1.   This constitutes the plea agreement between U.S. PRIVATE

20  VAULTS, INC. ("defendant"), and the United States Attorney's Office

21  for the Central District of California (the "USAO") in the above-

22  captioned case.  This agreement is limited to the USAO and cannot

23  bind any other federal, state, local, or foreign prosecuting,

24  enforcement, administrative, or regulatory authorities.

25                    DEFENDANT'S OBLIGATIONS

26       2.   Defendant agrees to:

27       a)   At the earliest opportunity requested by the USAO and

28  provided by the Court, appear and plead guilty to Count One of the

                                  1

1  indictment, which charges defendant with Conspiracy to Launder

2  Money, in violation of 18 U.S.C. § 1956(h).

3          b)   Not contest facts agreed to in this agreement.

4          c)   Abide by all agreements regarding sentencing

5  contained in this agreement.

6          d)   Appear for all court appearances, surrender as

7  ordered for service of sentence, obey all conditions of any bond,

8  and obey any other ongoing court order in this matter.

9          e)   Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

12  not within the scope of this agreement.

13          f)   Be truthful at all times with Probation and Pretrial

14  Services and the Court.

15          g)   Pay the applicable special assessment at or before

16  the time of sentencing unless defendant lacks the ability to pay and

17  prior to sentencing submits a completed financial statement on a

18  form to be provided by the USAO.

19          h)   Not bring a post-conviction collateral attack on the

20  conviction or sentence except a post-conviction collateral attack

21  based on a claim of ineffective assistance of counsel.

22          i)   Not move to withdraw defendant's guilty plea

23          j)   Cease to do business and dissolve as a corporation

24  after winding down its operations.

25      3.   Defendant further agrees to:

26          a)   Immediately and irrevocably forfeit the following

27  items (collectively referred to herein as the "Forfeitable

28  Property"), which Forfeitable Property defendant agrees (1)

2

1   constitutes or is derived from proceeds traceable to or was involved
2   in violations of 18 U.S.C. § 1956; and (2) shall, at the sole
3   election of the United States of America, be criminally forfeited or
4   civilly forfeited, administratively or judicially, pursuant to 18
5   U.S.C. § 981, 18 U.S.C. § 982, 28 U.S.C. § 2461 or otherwise: the
6   business equipment seized during March 2021 from defendant
7   consisting of: (i) Asus Zen pad Model PO23; (ii) Dell Inspiration;
8   (iii) Dell Vostro P/N 40.3GA01.021; (iv) two money counters; (v) two
9   Iris ID icam 700s; (vi) two Schlange Biometric hand key CRs; and
10   (vii) nests of safe deposit boxes, including shelving, boxes,
11   hardware, bond tins, and keys.

12          b)   Deliver to the undersigned Assistant United States
13   attorney, within fourteen (14) calendar days of the written request
14   by the USAO (through an Assistant United States Attorney) therefor,
15   stipulations and requests to enter consent judgments of forfeiture
16   in a form acceptable to the USAO, executed by defendant, and
17   defendant's attorney, which stipulations and requests to enter
18   consent judgments of forfeiture (together with the [proposed]
19   consent judgments) shall provide for the immediate and irrevocable
20   forfeiture of the Forfeitable Property and which documents defendant
21   agrees the United States of America can immediately file or lodge
22   with the Court.

23          c)   Deliver to the undersigned Assistant United States
24   attorney, within fourteen (14) calendar days of the written request
25   by the USAO (through an Assistant United States Attorney) therefor,
26   stipulations and requests to enter consent judgments of forfeiture
27   in a form acceptable to the USAO, executed by defendant, and
28   defendant's attorney, which stipulations and requests to enter

3

1    consent judgments of forfeiture (together with the [proposed]

2    consent judgments) shall provide for the immediate and irrevocable

3    forfeiture of the Forfeitable Property and which documents defendant

4    agrees the United States of America can immediately file or lodge

5    with the Court.

6              d)    Hereby withdraw any claim or petition for remission

7    defendant submitted to any federal agency in the administrative

8    forfeiture proceedings commenced by that agency with respect to (1)

9    the Forfeitable Property; or (2) any and all property seized by the

10   government at any time between March 22, 2021 and March 26, 2021

11   from the safety deposit boxes at U.S. Private Vaults in Beverly

12   Hills, California that are the subject of any federal agency

13   (including, the FBI's) administrative forfeiture proceedings (the

14   "Administrative Forfeitable Property").  This withdrawal includes,

15   but is not limited to, the claim defendant dated June 9, 2021 and

16   submitted to the FBI with respect to the in excess of 350 items of

17   property listed in the FBI's May 20, 2021 notice letter to defendant

18   advising defendant of the commencement of administrative forfeiture

19   proceedings relative to those items.  Defendant further waives

20   defendant's rights, if any, to any further notice relative to the

21   administrative forfeiture proceedings and understands, acknowledges

22   and agrees that defendant's interests in the Forfeitable Property

23   and the Administrative Forfeitable Property shall be

24   administratively forfeited to the United States of America without

25   any further notice.

26             e)    Refrain from contesting or seeking remission with

27   respect to the Forfeitable Property or the Administrative

28   Forfeitable Property (by filing a claim, statement of interest,

1  petition for an ancillary proceeding, petition for remission or
2  otherwise) in any administrative or judicial proceeding, or
3  assisting any other person or entity in falsely contesting the
4  forfeiture of the Forfeitable Property or the Administrative
5  Forfeitable Property in any administrative or judicial proceeding.
6        f)    Take all steps necessary to pass to the United States
7  of America clear title to the Forfeitable Property and the
8  Administrative Forfeitable Property, including, without limitation,
9  the execution of consent judgments of forfeiture, consent directives
10 and the completion of any other legal documents required for the
11 transfer of title to the Forfeitable Property and the Administrative
12 Forfeitable Property to the United States of America.
13       g)    The Court's entry of an order of forfeiture at or
14 before sentencing with respect to the Forfeitable Property and to
15 the forfeiture of the Forfeitable Property.  Defendant knowingly and
16 voluntarily waives (i) the requirements of Federal Rules of Criminal
17 Procedure 32.2 and 43(a) regarding notice of the forfeiture in the
18 charging instrument, announcement of the forfeiture at sentencing
19 and incorporation of the forfeiture in the judgment; (ii) all
20 constitutional and statutory challenges in any manner (including by
21 direct appeal, habeas corpus or any other means) to any forfeiture
22 carried out in accordance with this agreement on any grounds; and
23 (iii) all constitutional, legal and equitable defenses to the
24 forfeiture of the Forfeitable Property in any proceeding on any
25 grounds including, without limitation, that the forfeiture
26 constitutes an excessive fine or punishment.  Defendant also
27 acknowledges and understands that the forfeiture of the Forfeitable
28 Property is part of the sentence that may be imposed in this case

5

1  and waives any failure by the Court to advise defendant of this,

2  pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is

3  accepted.

4        h)   Forfeiture of the Forfeitable Property not being

5  counted toward satisfaction of any (i) special assessment, fine,

6  restitution, or any other penalty the Court may impose; or

7  (ii) taxes, penalties, or interest owed to the Internal Revenue

8  Service.

9        i)   Truthfully disclose to law enforcement officials, at

10  a date and time to be set by the USAO, the location of, ownership

11  interest in, and all other information known to defendant about, all

12  monies, properties, and/or other assets of any kind, in addition to

13  the Forfeitable Property, derived from or acquired as a result of,

14  or used to facilitate the commission of, defendant's illegal

15  activities, and to forfeit all right, title, and interest in and to

16  such items.  This does not require any individual officer, employee

17  or other individual to waive his or her Fifth Amendment right to

18  remain silent, however.

19        j)   Fill out and deliver to the USAO a completed

20  financial statement listing defendant's assets on a form provided by

21  the USAO.

22  <u>THE USAO'S OBLIGATIONS</u>

23     4.   The USAO agrees to:

24        a)   Not contest facts agreed to in this agreement.

25        b)   At the time of sentencing, move to dismiss the

26  remaining counts of the indictment.  Defendant understands, however,

27  that at the time of sentencing the Court may consider any dismissed

28  charges in determining the sentence.

6

1          c)    Not prosecute any director of defendant for any act
2  or offense described in the indictment.

### CORPORATE AUTHORIZATION

4      5.    Defendant represents that it is authorized to enter into
5  this agreement through its corporate representative and attorney, as
6  set forth in the attached corporate resolution.

### ORGANIZATIONAL CHANGES AND APPLICABILITY

8      6.    This agreement shall bind defendant, its successor
9  entities (if any), parent companies, and any other person or entity
10 that assumes the liabilities contained herein ("successors-in-
11 interest").  Defendant, or its successors-in-interest, if
12 applicable, shall provide the USAO and the Probation and Pretrial
13 Services with reasonably prompt notice of any name change, business
14 reorganization, sale or purchase of assets, divestiture of assets,
15 or similar action impacting their ability to pay the fine or
16 affecting this agreement.  No change in name, change in corporate or
17 individual control, business reorganization, change in ownership,
18 merger, change of legal status, sale or purchase of assets, or
19 similar action shall alter defendant's responsibilities under this
20 agreement.  Defendant shall not engage in any action to seek to
21 avoid the obligations and conditions set forth in this agreement.

### NATURE OF THE OFFENSE

23     7.    Defendant understands that for defendant to be guilty of
24 conspiracy to launder money, in violation of Title 18, United States
25 Code, Section 1956(h), the following must be true:  First, during
26 the time period alleged in the indictment there was an agreement
27 between two or more persons to launder money; Second, defendant
28 became a member of the conspiracy knowing of its object and

1   intending to help accomplish it.   The elements of promotional money

2   laundering, in turn, are as follows:   First, defendant conducted a

3   financial transaction involving property that represented the

4   proceeds of the distribution of controlled substances; Second,

5   defendant knew that the property represented the proceeds of the

6   distribution of controlled substances; and Third, defendant acted

7   with the intent to promote the carrying on of the distribution of

8   controlled substances.   A financial transaction is a transaction

9   involving the use of a financial institution that is engaged in, or

10  the activities of which affect interstate or foreign commerce in any

11  way.

12                                  PENALTIES

13       8.   Defendant understands that the statutory maximum sentence

14  that the Court can impose for this violation of Title 18, United

15  States Code, Sections 1956(h), is: a five-year period of probation;

16  a fine of $500,000, or twice the gross amount laundered, whichever

17  is greatest; and a mandatory special assessment of $400.

18                         SUSPENSION AND REVOCATION

19       9.   Defendant understands that if defendant holds any

20  regulatory licenses or permits, the conviction in this case may

21  result in the suspension or revocation of those licenses and

22  permits.   Defendant understands that unanticipated collateral

23  consequences will not serve as grounds to withdraw defendant's

24  guilty plea.

25                               FACTUAL BASIS

26       10.  Defendant admits that defendant is, in fact, guilty of the

27  offense to which defendant is agreeing to plead guilty.   Defendant

28  and the USAO agree to the statement of facts provided below and

                                    8

1   agree that this statement of facts is sufficient to support a plea

2   of guilty to the charges described in this agreement and to

3   establish the Sentencing Guidelines factors set forth below but is

4   not meant to be a complete recitation of all facts relevant to the

5   underlying criminal conduct or all facts known to either party that

6   relate to that conduct.

7           Beginning in 2019, and continuing through March, 2021, there
        was an agreement between two or more persons to launder money.
8       Defendant became a member of that conspiracy knowing of its
        object and intending to help accomplish it.  In furtherance of
9       the conspiracy, defendant, acting through a new director,
        recruited as its customers drug traffickers and other
10      criminals.  These criminal customers paid defendant over
        $550,000 in cash and bitcoin in exchange for the anonymous use
11      of safety deposit boxes to store the proceeds of their
        offenses, most often in stacks of $100 bills.  These payments
12      to defendant of cash and bitcoin were made with the proceeds of
        the distribution of controlled substances and other crimes,
13      which defendant knew.  Defendant deposited these cash payments
        with Chase Bank and First Bank, financial institutions that are
14      engaged in interstate commerce. Defendant then used these
        proceeds of the distribution of controlled substances deposited
15      at those banks to pay its costs of maintaining its anonymous
        safety deposit boxes, thereby promoting the distribution of
16      controlled substances and other crimes by its customers.
17

18

19                          SENTENCING FACTORS

20          11.  Defendant understands that in determining defendant's

21   sentence the Court is required to calculate the applicable

22   Sentencing Guidelines range and to consider that range, possible

23   departures under the Sentencing Guidelines, and the other sentencing

24   factors set forth in 18 U.S.C. § 3553(a).  Defendant understands

25   that the Sentencing Guidelines are advisory only, that defendant

26   cannot have any expectation of receiving a sentence within the

27   calculated Sentencing Guidelines range, and that after considering

28   the Sentencing Guidelines and the other § 3553(a) factors, the Court

1  will be free to exercise its discretion to impose any sentence it
2  finds appropriate up to the maximum set by statute for the crime of
3  conviction.
4      12.  Defendant and the USAO agree to the following applicable
5  Sentencing Guidelines factors:
6      Base Offense Level:     22   U.S.S.G. § 2S1.1(a)(2)
7      Section 1956 Conviction:  +2   U.S.S.G. § 2S1.1(b)(2)(B)
8  Defendant and the USAO reserve the right to argue that additional
9  specific offense characteristics, adjustments, and departures under
10  the Sentencing Guidelines are appropriate.
11     13.  Defendant understands that there is no agreement as to
12  defendant's criminal history score or category.
13     14.  Defendant and the USAO reserve the right to argue for a
14  sentence outside the sentencing range established by the Sentencing
15  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
16  (a)(2), (a)(3), (a)(6), and (a)(7).
17                    WAIVER OF CONSTITUTIONAL RIGHTS
18     15.  Defendant understands that by pleading guilty, defendant
19  gives up the following rights:
20          a)   The right to persist in a plea of not guilty.
21          b)   The right to a speedy and public trial by jury.
22          c)   The right to be represented by counsel – and if
23  necessary have the court appoint counsel – at trial.  Defendant
24  understands, however, that, defendant retains the right to be
25  represented by counsel – and if necessary have the court appoint
26  counsel – at every other stage of the proceeding.
27
28

1          d)    The right to be presumed innocent and to have the
2 burden of proof placed on the government to prove defendant guilty
3 beyond a reasonable doubt.

4          e)    The right to confront and cross-examine witnesses
5 against defendant.

6          f)    The right to testify and to present evidence in
7 opposition to the charges, including the right to compel the
8 attendance of witnesses to testify.

9          g)    Any and all rights to pursue any affirmative
10 defenses, Fourth Amendment claims, and other pretrial motions that
11 have been filed or could be filed.

### LIMITED WAIVER OF DISCOVERY

13    16.   In exchange for the government's obligations under this
14 agreement, defendant gives up any right defendant may have had to
15 review any additional discovery.

### WAIVER OF APPEAL OF CONVICTION

17    17.   Defendant understands that, with the exception of an
18 appeal based on a claim that defendant's guilty plea was
19 involuntary, by pleading guilty defendant is waiving and giving up
20 any right to appeal defendant's conviction on the offense to which
21 defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23    18.   Defendant gives up the right to appeal any portion of the
24 sentence provided the Court imposes a fine of no more than
25 $5,000,000, a sentence of probation no longer than five years, and
26 an order of restitution of no more than $10,000,000.

27    19.   Defendant also gives up any right to bring a post-
28 conviction collateral attack on the conviction or sentence,

1  including any order of restitution, except a post-conviction
2  collateral attack based on a claim of ineffective assistance of
3  counsel, a claim of newly discovered evidence, or an explicitly
4  retroactive change in the applicable Sentencing Guidelines,
5  sentencing statutes, or statutes of conviction.

6      20.   The USAO gives up its right to appeal any portion of the
7  sentence.

8              RESULT OF WITHDRAWAL OF GUILTY PLEA

9      21.   Defendant agrees that if, after entering a guilty plea
10  pursuant to this agreement, defendant seeks to withdraw and succeeds
11  in withdrawing defendant's guilty plea on any basis other than a
12  claim and finding that entry into this plea agreement was
13  involuntary, then (a) the USAO will be relieved of all of its
14  obligations under this agreement; and (b) should the USAO choose to
15  pursue any charge that was either dismissed or not filed as a result
16  of this agreement, then (i) any applicable statute of limitations
17  will be tolled between the date of defendant's signing of this
18  agreement and the filing commencing any such action; and
19  (ii) defendant waives and gives up all defenses based on the statute
20  of limitations, any claim of pre-indictment delay, or any speedy
21  trial claim with respect to any such action, except to the extent
22  that such defenses existed as of the date of defendant's signing
23  this agreement.

24              EFFECTIVE DATE OF AGREEMENT

25      22.   This agreement is effective upon signature and execution
26  of all required certifications by defendant, defendant's counsel,
27  and an Assistant United States Attorney.

28

<u>BREACH OF AGREEMENT</u>

23.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a)  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1    c)    Defendant agrees that: (i) any statements made by
2  defendant, under oath, at the guilty plea hearing (if such a hearing
3  occurred prior to the breach); (ii) the agreed to factual basis
4  statement in this agreement; and (iii) any evidence derived from
5  such statements, shall be admissible against defendant in any such
6  action against defendant, and defendant waives and gives up any
7  claim under the United States Constitution, any statute, Rule 410 of
8  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
9  Criminal Procedure, or any other federal rule, that the statements
10  or any evidence derived from the statements should be suppressed or
11  are inadmissible.

12                COURT AND PROBATION OFFICE NOT PARTIES

13    25.  Defendant understands that the Court and Probation and
14  Pretrial Services are not parties to this agreement and need not
15  accept any of the USAO's sentencing recommendations or the parties'
16  agreements to facts or sentencing factors.

17    26.  Defendant understands that both defendant and the USAO are
18  free to: (a) supplement the facts by supplying relevant information
19  to Probation and Pretrial Services and the Court, (b) correct any
20  and all factual misstatements relating to the Court's Sentencing
21  Guidelines calculations and determination of sentence, and (c) argue
22  on appeal and collateral review that the Court's Sentencing
23  Guidelines calculations and the sentence it chooses to impose are
24  not error, although each party agrees to maintain its view that the
25  calculations in the plea agreement are consistent with the facts of
26  this case.  While this paragraph permits both the USAO and defendant
27  to submit full and complete factual information to Probation and
28  Pretrial Services and the Court, even if that factual information

                                14

1    may be viewed as inconsistent with the facts agreed to in this

2    agreement, this paragraph does not affect defendant's and the USAO's

3    obligations not to contest the facts agreed to in this agreement.

4        27.  Defendant understands that even if the Court ignores any

5    sentencing recommendation, finds facts or reaches conclusions

6    different from those agreed to, and/or imposes any sentence up to

7    the maximum established by statute, defendant cannot, for that

8    reason, withdraw defendant's guilty pleas, and defendant will remain

9    bound to fulfill all defendant's obligations under this agreement.

10   Defendant understands that no one -- not the prosecutor, defendant's

11   attorney, or the Court -- can make a binding prediction or promise

12   regarding the sentence defendant will receive, except that it will

13   be within the statutory maximum.

14   <u>NO ADDITIONAL AGREEMENTS</u>

15       28.  Defendant understands that, except as set forth herein,

16   there are no promises, understandings, or agreements between the

17   USAO and defendant or defendant's attorney, and that no additional

18   promise, understanding, or agreement may be entered into unless in a

19   writing signed by all parties or on the record in court.

20   <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

21       29.  The parties agree that this agreement will be considered

22   part of the record of defendant's guilty plea hearing as if the

23   entire agreement had been read into the record of the proceeding.

24   AGREED AND ACCEPTED

25   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
26

27   ///

28

ilphce

---

TRACY L. WILKISON
Acting United States Attorney

*Andrew Brown*                    November 2, 2021
ANDREW BROWN                      Date
Assistant United States Attorney

*Michael H Singer*                11-10-2021
MICHAEL SINGER                    Date
Attorney for Defendant
U.S. PRIVATE VAULTS, INC.

### CERTIFICATION OF DEFENDANT AND DEFENDANT'S ATTORNEY

I have been authorized by defendant U.S. PRIVATE VAULTS, INC. ("defendant") to enter into this agreement on behalf of defendant, and to enter a guilty plea on behalf of defendant pursuant to Federal Criminal Rule 43(b)(1). I have read this agreement in its entirety, and I have carefully and thoroughly discussed every part of it with defendant's board of directors. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of defendant. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

*Michael H Singer*                11-10-2021
MICHAEL SINGER                    Date
Attorney for Defendant
U.S. PRIVATE VAULTS, INC.

16