TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
1100/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102/2569/1785
     Facsimile: (213) 894-6269/0142
     E-mail: Andrew.Brown@usdoj.gov
             Victor.Rodgers@usdoj.gov
             Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>U.S. PRIVATE VAULTS,<br>INC.,<br>　California Corporate<br>　Number C3405297,<br><br>　　　　　Defendant. | Case No. 2:21-cr-00106-MCS<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S UNOPPOSED EX PARTE APPLICATION PURSUANT TO FED. R. CRIM. P. 32.2 FOR ENTRY OF A PRELIMINARY ORDER OF FORFEITURE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF VICTOR A. RODGERS; [PROPOSED] PRELIMINARY ORDER OF FORFEITURE LODGED UNDER SEPARATE COVER**<br><br>[NO HEARING REQUESTED] |

     Plaintiff United States of America respectfully applies ex parte and requests that the Court, pursuant to Fed. R. Crim. P. 32.2 and the plea agreement filed in this case, enter a preliminary order of forfeiture as to defendant U.S. Private Vaults, Inc., California Corporate Number C3405297

1  ("defendant").  Plaintiff moves for this relief so that

2  forfeiture as to defendant can be completed at defendant's

3  sentencing hearing.

4       The United States Attorney's Office e-mailed substantially

5  final drafts of the accompanying papers and the [proposed]

6  preliminary order of forfeiture to Michael H. Singer, Esq.,

7  counsel for defendant and requested that counsel advise whether

8  counsel had any opposition to this ex parte application.[1]

9  Rodgers Decl. ¶ 2  Mr. Singer advised that defendant did not

10 oppose this ex parte application. Id.

11      This ex parte application is based on the attached

12 Memorandum of Points and Authorities and Declaration of Victor

13 A. Rodgers; the [Proposed] Preliminary Order of Forfeiture

14 lodged concurrently herewith under separate cover; all pleadings

15 and papers on file in this action; and such other and further

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25

26

---

27      [1] Counsel for Defendant's address information is Michael H.
   Singer, Esq., 8475 S. Eastern Avenue, Las Vegas, Nevada 89123,
28 Email: msinger@mhsingerlaw.com, Telephone: (702) 454-2111.

2

1  matters as may be presented at any hearing on this application,

2  and matters of which the Court may take notice.

3                              Respectfully submitted,

4  Dated: May 9, 2022          TRACY L. WILKISON
                               United States Attorney
5                              SCOTT M. GARRINGER
                               Assistant United States Attorney
6                              Chief, Criminal Division

7
                                     /s/
8                              _____
                               ANDREW BROWN
9                              VICTOR A. RODGERS
                               MAXWELL COLL
10                             Assistant United States Attorneys

11                             Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff United States of America respectfully submits this ex parte application, pursuant to Fed. R. Crim. P. 32.2 and the plea agreement filed in this case and the guilty plea of defendant U.S. Private Vaults, Inc., California Corporate Number C3405297 ("defendant"). Plaintiff moves for this relief so that forfeiture as to defendant can be completed at defendant's sentencing hearing. Sentencing is currently scheduled for June 13, 2022.

**II.**

**STATEMENT OF FACTS**

On March 9, 2021, a three-count Indictment was filed against defendant, which charged defendant in count one with violation of 18 U.S.C. § 1956(h) (i.e., Conspiracy to Launder Money), in count two with violation of 21 U.S.C. § 846 (i.e., Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D)), and in count three with violation of 18 U.S.C. § 371 (Conspiracy to Structure Transactions in violation of 31 U.S.C. § 5324(b)(1) and (b)(3)). Docket No. 1. The Indictment also contains three forfeiture allegations (i.e., forfeiture allegation one, two and three) notifying defendant that the government would seek forfeiture of the Forfeitable Property (as that term is defined below) in the event defendant was convicted under count one (forfeiture allegation one), count two (forfeiture allegation two) or count three (forfeiture allegation three) in the Indictment. Id. In

1

1    addition, on March 2, 2022, a plea agreement was filed as to

2    defendant, in which defendant agreed to enter a plea of guilty

3    to count one of the Indictment.   Docket No. 85 (plea agreement)

4    ¶ 2a.  Also, on March 16, 2022, defendant entered a plea of

5    guilty to count one of the Indictment. Docket 102.   The

6    Indictment lists the following property located at U.S. Private

7    Vaults as subject to forfeiture: the business computers, the

8    money counters, the nests of safety deposit boxes and keys, the

9    digital and video surveillance and security equipment and the

10   biometric scanners.   Docket No. 1.   In addition, the plea

11   agreement lists the following property seized during March 2021

12   from defendant as subject to forfeiture, and such property is

13   hereinafter referred to collectively as the "Forfeitable

14   Property":

15          1.    Asus Zen pad Model PO23;

16          2.    Dell Inspiration;

17          3.    Dell Vostro P/N 40.3GA01.021;

18          4.    Two Money Counters;

19          5.    Two Iris ID icam 700s;

20          6.    Two Schlange Biometric hand key CRs; and

21          7.    Nests of safe deposit boxes, including shelving,

22   boxes, hardware, bond tins and keys.

23   Docket No. 85 (plea agreement) ¶ 3a.

24          Defendant agreed in the plea agreement that the Forfeitable

25   Property constitutes or is derived from proceeds traceable to or

26   was involved in violations of 18 U.S.C. § 1956 and shall, at the

27   election of the United States of America, be criminally or

28   civilly forfeited pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982,

                                  2

28 U.S.C. § 2461 or otherwise.  Docket No. 85 (plea agreement) ¶ 3a.  In addition, defendant agreed in the plea agreement to forfeit the Forfeitable Property (id. ¶ 3(a)), to the Court's entry of orders of forfeiture at or before sentencing with respect to the Forfeitable Property (id. ¶ 3(g)) and to take all steps necessary to pass clear title to the Forfeitable Property to the United States of America (id. ¶ 3(f)).  Also, defendant in the plea agreement waived (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) concerning notice of the forfeiture in the charging instrument and announcement of forfeiture at sentencing; (2) all constitutional and statutory challenges to the forfeiture; (3) all constitutional, legal and equitable defenses to the forfeiture of the Forfeitable Property; and (4) any failure by the Court to advise defendant that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case pursuant to Fed. R. Crim. P. 11(b)(1)(J).  Id. at ¶ 3(g).

The government now seeks entry of the lodged preliminary order of forfeiture as to the Forfeitable Property.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**ARGUMENT**

**A.   Entry Of A Preliminary Order Of Forfeiture.**

Federal Rule of Criminal Procedure 32.2(b)(1) and (2) provides in relevant part:

> (b)  Entering a Preliminary Order of Forfeiture.
>
>    (1)  Forfeiture Phase of the Trial.
>
>          (A)  Forfeiture Determinations.  As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendre is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. . . .
>          (B)  Evidence and Hearing.  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
>    (2)  Preliminary Order.
>
>          (A)  Contents of a Specific Order.  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property. . . .
>          (B)  Timing.  Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Pursuant to the plea agreement and defendant's guilty plea, defendant has entered a plea of guilty to a conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h) (i.e., count one), and has agreed in the plea agreement that the Forfeitable Property is subject to forfeiture because the Forfeitable Property constitutes or is derived from proceeds traceable to, and was involved in, violations of that statute. Docket No. 85 (plea agreement) ¶ 3a.  Accordingly, the nexus between the Forfeitable Property and the crime has been shown by a preponderance of the evidence, thus rendering the Forfeitable Property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).[2]  See, e.g., United States v. Gaskin, 364 F.3d 438, 461 (2d Cir. 2004) ("[b]ecause criminal forfeiture is viewed as part of the sentencing process, the government need prove facts supporting forfeiture only by a preponderance of the evidence") (citations omitted).

**B.**   **The Proposed Preliminary Order Of Forfeiture Recognizes That Third Party Rights, If Any, Will Be Determined After Issuance Of The Preliminary Order Of Forfeiture.**

The government has lodged, contemporaneously herewith, a proposed preliminary order of forfeiture.  Section I of the

---

[2] 18 U.S.C. § 982(a)(1) provides for criminal forfeiture, in imposing sentence on a person convicted of a violation of 18 U.S.C. § 1956 (money laundering), of any property involved in the laundering.  In addition, 18 U.S.C. § 981(a)(1)(C) provides for civil forfeiture of proceeds of the commission of, or a conspiracy to commit, a specified unlawful activity ("SUA") as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), which SUA definition includes violations of 18 U.S.C. § 1956, and 28 U.S.C. § 2461(c) provides for criminal forfeiture whenever civil forfeiture is allowed.

1  lodged proposed preliminary order of forfeiture is titled
2  "Forfeitable Property."  The lodged proposed preliminary order
3  of forfeiture in Section I.A. provides for the forfeiture of the
4  Forfeitable Property; and in Section I.B. for the forfeiture of
5  substitute assets, up to the value of the Forfeitable Property
6  set forth in Section I.A., if by any act or omission by
7  defendant the Section I.A. property cannot be found, or if any
8  of the other events set forth in Section I.B. of the proposed
9  preliminary order of forfeiture has occurred.

10        Section II of the lodged proposed preliminary order of
11  forfeiture (titled "Implementation") sets forth the government's
12  right to seize the Forfeitable Property if it has not previously
13  done so (see Section II.A.); the government's right to conduct
14  discovery for the purpose of identifying, locating or disposing
15  of property subject to forfeiture (see Section II.B.); the fact
16  that the preliminary order of forfeiture becomes final as to
17  defendant at sentencing and should be included in defendant's
18  judgment and commitment order (see Section II.D.); and the
19  court's retention of jurisdiction to enforce the terms of the
20  preliminary order of forfeiture (see Section II.E.).

21        In addition, section II.C. of the lodged proposed
22  preliminary order of forfeiture sets forth the procedure for
23  adjudicating third party rights, if any, relative to the
24  Forfeitable Property, once the Preliminary Order of Forfeiture
25  is entered.  Fed. R. Crim. P. 32.2(b)(2)(A), which is partially
26  quoted above, provides in relevant part:

27              (2) Preliminary Order.

28                  (A) Contents of a Specific Order.  If the
                court finds that property is subject to forfeiture, it

must promptly enter a preliminary order of forfeiture
. . . directing the forfeiture of specific property,
and directing the forfeiture of any substitute
property if the government has met the statutory
criteria.  The court must enter the order <u>without
regard to any third party's interest in the property.
Determining whether a third party has such an interest
must be deferred until any third party files a claim
in an ancillary proceeding under Rule 32.2(c)</u>.

(Emphasis added).

## C.  <u>Forfeiture Must Be Pronounced At Sentencing And Included In Defendant's Judgment and Commitment Order</u>.

At sentencing, "the preliminary forfeiture order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(4)(A). Because forfeiture is considered to be an element of sentencing and a defendant has the right to be present at sentencing (<u>see</u> <u>Libretti v. United States</u>, 516 U.S. 29, 38-39 (1995); Fed. R. Crim. P. 43(a)(3)), "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing."  Fed. R. Crim. P. 32.2(b)(4)(B ).  <u>Accord</u>, <u>United States v. Gaviria</u>, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of defendant's sentence must be announced in his presence pursuant to Rule 43(a)).  In addition, "[t]he court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36."  Fed. R. Crim. P. 32.2(b)(4)(B).

Defendant's sentencing is currently scheduled for June 13, 2022.  The government recommends that the following language be used for the Court's oral pronouncement of the forfeiture to defendant at sentencing:

The Court has found that the property identified in
the preliminary order of forfeiture is subject to

7

forfeiture for the violations for which defendant has
pled guilty.

In addition, the government recommends that the following language be used for inclusion in the defendant's judgment and commitment order:

The Court has found that the property identified in
the preliminary order of forfeiture is subject to
forfeiture for the violations for which defendant has
pled guilty.  The preliminary order of forfeiture is
incorporated by reference into this judgment and is
final as to defendant.

## IV.

## CONCLUSION

Accordingly, the government respectfully requests that the Court issue the preliminary order of forfeiture, pronounce the forfeiture at defendant's sentencing and include the forfeiture in defendant's judgment and commitment order.

Respectfully submitted,

Dated: May 9, 2022              TRACY L. WILKISON
                                United States Attorney
                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                      /s/
                                ANDREW BROWN
                                VICTOR A. RODGERS
                                MAXWELL COLL
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

8