1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>U.S. PRIVATE VAULTS, INC.,<br>  California Corporate<br>  Number C3405297,<br><br>       Defendant. | Case No. 2:21-cr-00106-MCS<br><br>**[PROPOSED] PRELIMINARY ORDER OF FORFEITURE** |

Upon consideration of the <u>ex parte</u> application of plaintiff United States of America pursuant to Fed. R. Crim. P. 32.2 for entry of a preliminary order of forfeiture and the guilty plea of defendant U.S. Private Vaults, Inc., California Corporate Number C3405297 ("defendant"), this Court ORDERS as follows:

**I.**

**FORFEITABLE PROPERTY**

The interests of defendant in the following property is hereby forfeited to the United States:

    A.    **Specifically Identified Property**:

1. Asus Zen pad Model PO23;
2. Dell Inspiration;
3. Dell Vostro P/N 40.3GA01.021;
4. Two Money Counters;
5. Two Iris ID icam 700s;
6. Two Schlange Biometric hand key CRs; and
7. Nests of safe deposit boxes, including shelving, boxes, hardware, bond tins and keys.

The above-referenced property is hereinafter collectively referred to as "Section I.A. Property."

    B.    **General Criminal Forfeiture Order**:

Defendant shall also forfeit substitute property, up to the value of the property set forth in Section I.A. above, if by any act or omission of defendant the Section I.A. property, or any portion thereof, cannot be located upon the exercise of due diligence. In addition, defendant shall forfeit substitute property, up to the value of the money or other property set forth in Section I.A. above, if such property has been transferred, sold or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. The substitute property referenced in this Section I.B. as items that may be substituted in the future for the property set forth in Section I.A. above is hereinafter referred to as "Substitute Section I.B. Property."

/ / /

## II.

## IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

A. Upon entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g) (21 U.S.C. § 853 is applicable to this action pursuant to 18 U.S.C. § 982(b)(1)), the United States Attorney General (or a designee) is authorized to seize (to the extent it has not already done so) the property identified in Section I above. To the extent the United States at any time identifies Substitute Section I.B. Property, the United States shall apply for a seizure warrant to seize such property in the manner set forth in 21 U.S.C. § 853(f), and shall move to amend this or any other then-existing order of forfeiture in this matter to include such property, pursuant to Fed. R. Crim. P. 32.2(e).

B. Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of property subject to forfeiture pursuant to Section I above, in accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(b)(3). Such discovery shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C. Upon entry of this Order (or any amended order of forfeiture to include Substitute Section I.B. Property), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting the property identified in Section

I above.  The following paragraphs shall apply to any third party ancillary proceedings conducted in this matter:

    1.  Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall forthwith publish for at least thirty (30) consecutive days on an official internet government forfeiture website or once in a newspaper of general circulation notice of this order (or any amended order of forfeiture to include Substitute Section I.B. Property), notice of the government's intent to dispose of such property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in Section I.A. Property (or Substitute Section I.B. Property identified pursuant to an amended order of forfeiture) must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in Section I.A. Property (or Substitute Section I.B. Property identified pursuant to an amended order of forfeiture).

    2.  Any person, other than the defendant, asserting a legal interest in Section I.A. Property (or Substitute Section I.B. Property identified pursuant to an amended order of forfeiture) may, within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier, petition the court for a hearing without a jury to

adjudicate the validity of such person's alleged interest in the Section I.A. Property (or Substitute Section I.B. Property identified pursuant to an amended order of forfeiture), and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

3. Any petition filed by a third party asserting an interest in Section I.A. Property (or Substitute Section I.B. Property identified pursuant to an amended order of forfeiture) shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Section I.A. Property (or Substitute Section I.B. Property identified pursuant to an amended order of forfeiture) following the Court's disposition of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

/ / /

D. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to defendant at the time of defendant's sentencing and shall be made part of defendant's sentence and included in defendant's judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

E. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: _____   _____
THE HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented By:

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

        /S/
_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA