TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00106-MCS |
| Plaintiff, | GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE REPORT, AND SENTENCING POSITION; EXHIBIT |
| v. | |
| U.S. PRIVATE VAULTS, INC., California Corporate Number C3405297, | Hearing: 6/13/22 at 3:00pm |
| Defendant. | |

**I.   OBJECTIONS TO THE PRESENTENCE REPORT**

The government concurs in the findings of the Presentence Report with the following exceptions:

¶ 29:  There is a typographical error:  U.S. Private Vaults was formed in 2012, not 2021.

¶ 30:  The statement that "USPV ran without issue for nearly ten years" is misleading.  To be sure, USPV was not prosecuted during that time, but it catered to criminals during that period and many of its customers had their USPV boxes searched then, yielding

1

evidence of crimes.  This is referred to briefly elsewhere in presentence report (PSR ¶ 18), and several of the investigations of boxholders are listed in the accompanying excerpt of the affidavit that supported the search and seizure warrants in this case.  (Exh. A, paragraph 20 of the affidavit).

¶ 65:  The PSR erroneously states that "The maximum fine is $500,000 per count. 18 U.S.C. § 3571(b)."  First, the subsection listed is incorrect as it refers to fines for individuals.  For organizations, such as USPV, the correct subsection is 3571(c)(1), which refers back to the fines listed for the statute of conviction. That statute, 18 U.S.C. § 1956(h), states that the maximum fine for this conspiracy charge is the same as for the substantive offense that was its object.  USPV admitted to conspiring to commit promotional money laundering (Plea Agreement ¶ 10), in violation of 18 U.S.C. 1956(a)(1)(A)(i) (Indictment, Count One, ¶ 2(a)), which provides that a defendant "shall be sentenced to a fine of not more than $500,000 or *twice the value of the property involved in the transaction, whichever is greater*."  18 U.S.C. § 1956(a)(1).  Here, USPV admitted that it had laundered in excess of $550,000 from its drug-trafficking clients.  (Plea Agreement ¶ 10).  Accordingly, twice the value of the property involved in the transaction must be at least $1.1 million, which is the maximum fine.

**II.   SENTENCING POSITION:  A FINE OF $1.1 MILLION AND TWO YEARS' PROBATION**

The government recommends a fine of $1.1 million, which is as close as the Court is authorized to come to the guideline fine range of $2,100,000 to $4,200,000 (PSR ¶ 61), as even the low-end of that range exceeds the statutory maximum discussed above.  The

2

presentence report mentions that in certain circumstances the Court is required or permitted to reduce the fine, but those circumstances are not present here.  First, the presentence report correctly notes that if a fine would prevent restitution to the victims, a reduction would be mandatory.  (PSR ¶ 62).  This is true, but not relevant because there are no identifiable victims and there is no restitution.  (PSR ¶ 64).  Second, the presentence report notes that the Court has discretion to reduce the fine under Section 8C3.3(b) if USPV is not likely to become able to pay the minimum guideline fine of $2.1 million.  (PSR ¶ 63).  At first blush, this seems applicable because USPV does not report assets sufficient to pay any fine.  But Section 8C3.3(b) has an important exception that prevents its application in this case.  It states that a fine reduction is available "[p]rovided, that the reduction under this subsection shall not be more than necessary to avoid substantially jeopardizing the continued viability of the organization."  That is, Section 8C3.3(b) permits the Court to reduce the fine in order to preserve USPV as a going concern.  Of course preserving a business as a going concern, and the jobs it provides, can benefit society, but that goal has no application here.  USPV is required by its plea agreement to dissolve as a corporation and wrap up its business affairs.  (Plea Agreement ¶ 2(j)).  Indeed, USPV reports that it already has:  "USPV has been non-operational since March 22, 2021 and USPV has been dissolved."  (PSR ¶ 33).  Accordingly, there is no organization whose "continued viability" can be preserved by a reduced fine, so the Court lacks discretion under Section 8C3.3(b) to reduce the fine.  (Because the guidelines are no longer mandatory

after Booker, the Court may, however, vary its sentence from guideline range).

The government also recommends a sentence of probation for two years. The guidelines require a sentence that includes probation when it is needed to ensure that a monetary penalty, such as a fine, is paid. USSG § 8D1.1. Here, it does not appear that USPV has the ability to pay a fine, but that is based largely on the self-reporting of USPV. Yet USPV did not provide Probation with its tax statements for any years after 2019 (PSR ¶ 41), so it is difficult for the Court to know whether it has a complete picture of USPV's financial situation, especially because USPV was often paid in cash and cryptocurrency. (Plea Agreement ¶ 10). Prudence suggests that a short period of probation be imposed to maximize the chances that USPV will satisfy whatever fine the Court imposes.

Dated: May 13, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Andrew Brown

ANDREW BROWN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA